UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>               v.<br><br>PUMA BIOTECHNOLOGY, INC., ALAN H. AUERBACH, and CHARLES R. EYLER,<br><br>                        Defendants. | Case No. 8:15-cv-00865 AG (JCGx)<br>Assigned to: Hon. Andrew J. Guilford<br>Ctrm: 10D<br><br>**STIPULATION AND PROTECTIVE ORDER** |

1          Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action respectfully
2    request that the Court issue this Protective Order to protect the confidentiality of nonpublic and
3    competitively-sensitive information that may need to be disclosed in connection with discovery
4    in this case, and to guard against the waiver of attorney-client privilege and work product
5    protection pursuant to Federal Rule of Evidence 502(d).  The parties by and through their
6    counsel hereby stipulate to the following terms governing the pre-trial phase of this action.

7    1.     **PURPOSE AND LIMITS OF THIS ORDER**

8          Discovery in this action is likely to involve confidential, proprietary, or private
9    information requiring special protection from public disclosure and from use for any purpose
10   other than this litigation.  Thus, the Court enters this Protective Order.  This Order does not
11   confer blanket protections on all disclosures or responses to discovery, and the protection it gives
12   from public disclosure and use extends only to the specific material entitled to confidential
13   treatment under the applicable legal principles.  This Order does not automatically authorize the
14   filing under seal of material designated under this Order.  Instead, the parties must comply with
15   L.R. 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of
16   material designated under this Order.

17   2.     **DESIGNATING PROTECTED MATERIAL**

18         **2.1    Confidential Information.**  A party or non-party may designate as
19   "CONFIDENTIAL" any confidential, proprietary and/or trade-secret technical, scientific,
20   business, or financial information that is not generally known and that the producing party would
21   normally maintain in confidence and not reveal to a third party or would cause third parties to
22   maintain in confidence.  Any information that is derived from CONFIDENTIAL information
23   also constitutes CONFIDENTIAL information to the extent the derived information embodies,
24   contains, or discloses any CONFIDENTIAL information.

25         **2.2    Highly Confidential-Attorneys' Eyes Only Information.**  A party or non-party
26   may designate as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information the
27   disclosure of which the producing party reasonably and in good faith believes could seriously
28   harm the competitive position of the producing party, such as, by way of illustrative example,

current business plans, highly sensitive financial information, confidential regulatory submissions, or highly proprietary technical know-how or trade secrets. Any information that is derived from HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information also constitutes HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information to the extent the derived information embodies, contains, or discloses any HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information.

**2.3     Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.4     Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony for which protection is being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to thirty days from the deposition or proceeding to make its designation.

     **2.4.1    Protected Health Information**.  Nothing in this Protective Order shall be read to require the production of confidential patient or medical information as defined by the Health Insurance Portability and Accountability Act. A Disclosing Party shall, as applicable, redact "protected health information" ("PHI") as defined in the Health Insurance Portability and Accountability Act ("HIPAA") provisions 45 C.F.R §§ 160.103 and 164.501, or, as defined in 21 C.F.R. § 20.63(f) or (e), which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual, and so note any such redactions on the responsible document or on an appropriate redaction log.  To the extent that redactions of PHI would create an undue burden or a party determines that production of PHI is relevant and necessary, the parties shall meet and confer on a proposed amendment to this Protective Order.  Any such amendment shall be submitted to the Court as a stipulated amendment or, if the parties are unable to reach an agreement, any party may move the Court to amend the Protective Order.

     **2.4.2**    A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

     **2.4.3**    Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can

ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the thirty-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the thirty-day period, the transcript shall be treated only as actually designated.

**2.5** **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. If at any time prior to the trial of this action, a producing person or party realizes that discovery material was inadvertently produced without designation, the person or party may designate by apprising all parties in writing, and any designated portions of the discovery material will thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY under the terms of this Order.

**3.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4.** **ACCESS TO DESIGNATED MATERIAL**

**4.1** **Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. Designated material, including PHI, shall be used solely for the purpose of this action, and not in any other litigation, and not for any business or other purpose whatsoever. Nothing in this Order shall be interpreted to prohibit or prevent the producing party from using or discussing its own CONFIDENTIAL OR HIGHLY

1 CONFIDENTIAL – ATTORNEYS' EYES ONLY material in any way it sees fit or to so use or
2 discuss that material for any reason. Any such use or discussion of designated material shall not
3 be deemed a waiver of the terms of the Order. If a party or any of its representatives, including
4 counsel, inadvertently discloses any designated material to persons who are not authorized to use
5 or possess such material or has actual knowledge that designated material is being used or
6 possessed by a person not authorized to use or possess that material, regardless of how the
7 material was disclosed or obtained by such person, the party shall provide immediate written
8 notice of the unauthorized use or possession to the designating party or non-party whose material
9 is being used or possessed.

**4.2** **Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    **4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

    **4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.4** The Court and its personnel;

    **4.2.5** Outside court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.6** During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the

deposing party requests that the witness sign the "Agreement to Be Bound" (attached as Exhibit A hereto); and (2) they will not be permitted to keep any CONFIDENTIAL information unless they sign the "Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designator or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal designated material may be separately bound by the court report and may not be disclosed to anyone except as permitted under this Protective Order;

  **4.2.7**   The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

  **4.2.8**   Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

 **4.3**   **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval**. Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

  **4.3.1**   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

  **4.3.2**   The Court and its personnel;

  **4.3.3**   During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Agreement to Be Bound" (attached as Exhibit A hereto); and (2) they will not be permitted to keep any HIGHLY-CONFIDENTIAL information, unless otherwise agreed by the designator or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal designated material may be separately bound

by the court report and may not be disclosed to anyone except as permitted under this Protective Order. Nothing herein shall waive the right of any party or non-party to move for a protective order prohibiting the disclosure of specified HIGHLY CONFIDENTIAL information to a witness;

  **4.3.4** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

  **4.3.5** The author or recipient of a document containing the material, a custodian or other person who otherwise possessed or knew the information, or, during subpoeaned testimony, any current or former officer or employee of Puma Biotechnology, Inc.

 **4.4** **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

  **4.4.1** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

  **4.4.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) identifies the expert's current employer(s), if any employer is a life sciences or pharmaceutical company, and

(3) identifies any compensation or funding the expert has received from any life sciences or pharmaceutical company in the past five years.

**4.4.3** A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.5** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

**5.** **AMENDMENT OF THE PROTECTIVE ORDER**

**5.1** Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future, or to object to or seek further limitations on discovery that it believes to be otherwise improper or seek further or different relief from the Court.

**6.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**6.1** **Subpoenas and Court Orders**. This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2** **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, that party must:

**6.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**6.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by

     the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    **6.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

  **6.3** **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**7.**  **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

  If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**8.**  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

  When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**9.**  **FILING UNDER SEAL**

  Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any

designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a *receiving party's* request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**10.    FINAL DISPOSITION**

Within sixty days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60- day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

Dated: November 29, 2016

LATHAM & WATKINS LLP

By: /s/ Colleen C. Smith

Michele D. Johnson
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
michele.johnson@lw.com

Colleen C. Smith
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel: (858) 523-5400
colleen.smith@lw.com

Sarah A. Greenfield (*pro hac vice*)
555 Eleventh Street NW, Suite 1000
Washington, DC 200004-1304
Tel: (202) 637-2200
sarah.greenfield@lw.com

*Attorneys for Defendants Puma Biotechnology, Inc., Alan H. Auerbach, and Charles R. Eyler*

Dated: November 29, 2016

ROBBINS GELLER RUDMAN & DOWD LLP

By: /s/ Tor Gronborg

Tor Gronborg
Trig R. Smith
J. Marco Janoski Gray
Susannah R. Conn
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-7423
Fax: (619) 231-1058
torg@rgrdlaw.com
trigs@rgrdlaw.com
mjanoski@rgrdlaw.com
sconn@rgrdlaw.com

*Lead Counsel for Plaintiff*

1  All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content
2  and have authorized the filing.
3  Dated: November 29, 2016                     LATHAM & WATKINS LLP
4
5                                               /s/ Colleen C. Smith
                                                  Colleen C. Smith

# ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED: December 06, 2016

_____
Honorable Jay C. Gandhi
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Hsingching HSU v. Puma Biotechnology, Inc., et al.*, Case No. 8:15-cv-00865 AG (JCGx).  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

    [printed name]

Signature: _____

    [signature]