# Robbins Geller Rudman & Dowd LLP

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Debashish Bakshi
dbakshi@rgrdlaw.com

April 19, 2018

The Honorable Shashi H. Kewalramani                                    <u>VIA ECF</u>
George E. Brown, Jr. Federal Building
3470 12th St., Courtroom 3/4
Riverside, CA 92501

> Re:   *Hsu v. Puma Biotechnology, Inc., et al.*,
>          No. 8:15-cv-00865-AG-SHK

Dear Judge Kewalramani:

Plaintiff submits this letter in opposition to Defendants' Sealed Declaration of Kristin N. Murphy in Support of Defendants' Application for Leave to File Defendants' Response to Plaintiff's Supplemental Reply (ECF No. 284 (Ex Parte)). Plaintiff's supplemental reply (ECF No. 274-2), reinforces the need for the deposition testimony from the FDA and supports Plaintiff's request for leave of court to file a *Touhy* letter with the agency. Due to the impending trial date of November 6, 2018, and the time necessary to schedule a deposition with the FDA, Plaintiff respectfully requests an expedited telephonic hearing at the Court's earliest convenience to resolve this matter.

Defendants' response letter (ECF No. 284-1) (the "Letter"), in no way meets the "good cause" standard required to overcome the presumption of public access to judicial proceedings as set forth in Local Rule 79-5.2.2(a) and applicable case law. First, none of the excerpted testimony of Troy Wilson in the Letter reveals any sensitive information that would put Puma at a competitive disadvantage by displaying Puma's approach to discussions with government regulators. *See* Letter at 1. Indeed, the quoted testimony leads to the opposite conclusion. *See id.* Second, the Letter makes no meaningful reference to Exhibits 5 and 8, and it does not even hint at the underlying discovery dispute before the Court. *See id.* For example, even assuming that those exhibits contain sensitive scientific data or business relationships (they do not), none of it is revealed in the Letter. *See id.*

"The 'good cause' standard requires a particularized showing that 'specific prejudice or harm will result' if the information is disclosed." *United States v. Celgene Corp.*, 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016). Defendants have failed to make any showing, let alone a particularized one, of either prejudice or harm if the Letter were to be a matter of public record. The Court should therefore deny Defendant's ex parte application and decline to enter Defendants' proposed order.

Respectfully submitted,

Debashish Bakshi

DB:
cc:     All Counsel of Record (via ECF)

1416745_1

655 West Broadway    Suite 1900    San Diego, CA 92101    Tel 619 231 1058    Fax 619 231 7423    www.rgrdlaw.com