12670 High Bluff Drive
San Diego, California 92130
Tel: +1.858.523.5400  Fax: +1.858.523.5450
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

April 23, 2018

**VIA E-FILING**

The Honorable Shashi H. Kewalramani
United States Magistrate Judge
George E. Brown, Jr. Federal Building
3470 12th Street
Riverside, CA 92501

Re:     *Hsu v. Puma Biotechnology, Inc.*, Case No. 8:15-cv-00865 AG (SHKx):
Defendants' Reply in Support of Application to Seal

Dear Judge Kewalramani:

Defendants Puma Biotechnology, Inc., Alan Auerbach, and Charles Eyler (collectively, "Defendants") submit this reply to Plaintiff's letter in opposition to the Sealed Declaration of Kristin N. Murphy in Support of Defendants' Application for Leave to File Defendants' Response to Plaintiff's Supplemental Reply Regarding Requested FDA Deposition Under Seal (Dkt. No. 286) ("Sealing Opposition"). For the reasons set forth below, this Court should grant Defendants' Application for Leave to File Defendants' Response to Plaintiff's Supplemental Reply Regarding Requested FDA Deposition Under Seal (Dkt. No. 283) ("Application").

Nothing in the Local Rules permits Plaintiff to file its Sealing Opposition. The procedure for challenging the confidential status of any documents or testimony is specified in a protective order entered by the Court on December 6, 2016. Dkt. No. 86 ("Protective Order"). Consistent with the requirements of Local Rule 37-1, the Protective Order requires Plaintiff to first meet and confer with Defendants before filing a motion challenging any confidentiality designations. *Id.* ¶ 3; L.R. 37-1. Plaintiff's Sealing Opposition would circumvent that process entirely. The Court should not permit Plaintiff's end-run around the procedures the parties have agreed to and the Court has directed for resolving disputes about confidentiality designations.

Most importantly, good cause exists to grant Defendants' Application. Defendants have proposed narrow redactions of only the portions of their briefing that relate to FDA meeting minutes that Judge Gandhi has already placed under seal. Dkt. Nos. 239, 248. These redactions include references to the FDA meeting minutes themselves as well as the deposition testimony of Puma director Troy Wilson. Dkt. Nos. 284 at 2-4, 284-1 at 1. Disclosure of these materials would reveal Puma's regulatory strategy, approach to discussions with government regulators regarding product approval, and its due diligence strategy in conducting fundraising transactions. *See* Dkt. Nos. 246, 281, 284. This is precisely the type of information that courts recognize should be protected from disclosure because it is sensitive, proprietary, and would put Puma at a competitive

**LATHAM&WATKINS**LLP

disadvantage.  *See, e.g.*, *United States v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2016 WL 6542729, at *4 (C.D. Cal. Mar. 14, 2016) (protecting from disclosure documents revealing pharmaceutical company's regulatory, clinical development, and marketing strategies); *Spectrum Pharms., Inc. v. Sandoz Inc.*, No. 2:12-CV-00111-GMN-NJK, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (protecting from public disclosure "proprietary, trade secret, business, and technical information that is presently confidential and unavailable to the public including, without limitation, information concerning the manufacture of Sandoz's proposed ANDA product, the composition of Sandoz's proposed ANDA product, and Sandoz's business practices"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *6-7 (D. Ariz. Dec. 13, 2011) (protecting from public disclosure documents revealing company's investments, organizational charts, and "business strategy with regard to its corporate direction, the development of certain products, product sourcing, product competitiveness, and market and technological opportunities and risks").

Nor does Plaintiff have any legitimate purpose for seeking to make these materials public. Quite the opposite, the only purpose served by Plaintiff's effort to publicize these materials and its accusations to the FDA would be to harass and defame Mr. Auerbach and Puma, and attempt to tarnish his and Puma's reputation with a federal government agency.  *See* Dkt. No. 249 at 5.  This, too, is a more than sufficient basis to grant the Application.  *See* Fed. R. Civ. P. 26(c)(1).

Best regards,

/s/ Kristin N. Murphy
Kristin N. Murphy
of LATHAM & WATKINS LLP

cc: Koji Fukumura

US-DOCS\100700632