1 | ROBBINS GELLER RUDMAN
   & DOWD LLP
2 | TOR GRONBORG (179109)
JASON A. FORGE (181542)
3 | TRIG R. SMITH (237399)
SUSANNAH R. CONN (205085)
4 | J. MARCO JANOSKI GRAY (306547)
DEBASHISH BAKSHI (311115)
5 | 655 West Broadway, Suite 1900
San Diego, CA 92101
6 | Telephone: 619/231-1058
619/231-7423 (fax)
7 | torg@rgrdlaw.com
jforge@rgrdlaw.com
8 | trigs@rgrdlaw.com
sconn@rgrdlaw.com
9 | mjanoski@rgrdlaw.com
dbakshi@rgrdlaw.com
10 |
Counsel for Plaintiff and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:15-cv-00865-AG-SHK |
| | <u>CLASS ACTION</u> |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT |
| vs. | |
| PUMA BIOTECHNOLOGY, INC., et al., | Pretrial Conf.:   October 22, 2018<br>Trial Date:   November 6, 2018 |
| Defendants. | |

Pursuant to Local Rule 16-4, Plaintiff Norfolk County Council, as Administering Authority of the Norfolk Pension Fund, respectfully submits its Memorandum of Contentions of Law and Fact. The Court previously summarized the claims in this securities fraud class action in the September 24, 2018 Tentative Order re Motions for Summary Judgment.

**1.    SUMMARY STATEMENT OF PLAINTIFF'S CLAIMS**

Plaintiff brings claims against Defendants Alan Auerbach and Puma Biotechnology, Inc. pursuant to the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §78a *et seq.* Each claim advanced against each Defendant is identified below.

Claim 1:    Defendant Puma violated §10(b) of the 1934 Act.

Claim 2:    Defendant Puma violated §20(a) of the 1934 Act.

Claim 3:    Defendant Auerbach violated §10(b) of the 1934 Act.

Claim 4:    Defendant Auerbach violated §20(a) of the 1934 Act.[1]

**2.    ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS**

Elements of Plaintiff's §10(b) Claim Under the 1934 Act:

1.    The Defendant made an untrue statement of material fact, or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the purchase or sale of securities;

2.    The Defendant acted knowingly or recklessly;

3.    The Defendant used an instrumentality of interstate commerce or a facility of a national securities exchange in connection with the sale of Puma common stock;

---

[1]    In the Tentative Order re Motions for Summary Judgment, the §§10(b) and 20(a) claims against Charles Eyler were dismissed.

1469847_1

4.     The Plaintiff and the Class justifiably relied on the Defendant's untrue statement of a material fact or Defendant's omission to state a necessary material fact in buying Puma common stock; and

5.     The Defendant's misrepresentation or omission caused Plaintiff and the Class to suffer damages.

*See* Ninth Circuit Manual of Model Civil Jury Instructions §§18.2, 18.5 (2017).

<u>Elements of Plaintiff's §20(a) Claim Under the 1934 Act</u>:

The Defendant is liable if during the period that someone else defrauded the plaintiff, the defendant had the authority to control that person or the company.

*See* Ninth Circuit Manual of Model Civil Jury Instructions §18.10 (2017).

**3.     KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS**

**3.1     Key Evidence in Support of Plaintiff's §10(b) Claim Under the 1934 Act**

On July 17 and 18, 2014, Auerbach and other key company executives received documentation containing the top-line results for the ExteNET clinical trial of the drug neratinib.  The documents establish that the DFS rates for the treatment and the placebo arms were 93.9% and 91.6%, respectively, for an absolute difference of 2.3%, and that the Kaplan-Meier curves for the DFS rates were not separating at the end of year two of the ExteNET trial.  The documents also establish that the Grade 3 and higher diarrhea rate experienced by neratinib users was 39.9%, 16.8% of patients discontinued use of neratinib due to diarrhea adverse events, and 27.6% of patients taking neratinib discontinued treatment due to all adverse events.

Plaintiff will also rely on documents and testimony evidencing Auerbach's doctoring and forging documents concerning the ExteNET trial results throughout the Class Period, including altering FDA meeting minutes and passing them off as an official FDA document to counsel for investment bankers in order to complete Puma's $218 million January 2015 stock sale.

- 2 -

On July 22, 2014, Defendants issued a press release and held a public investor and analyst's conference call to discuss the ExteNET trial results.   During the conference call, Auerbach confirmed that the ExteNET placebo DFS rate was 86%, the neratinib DFS rate was 90% or 91%, and that the absolute difference in DFS rates could be calculated based on those results and the 33% improvement in DFS versus survival that was publicly disclosed on July 22, 2014.   Regarding the Kaplan-Meier curves, Auerbach told investors that the curves were "continuing to separate" year-over-year.   During the call, Auerbach also told investors that Puma had not seen the safety results of the study, but that it was anticipated that the Grade 3 and higher diarrhea rate was 29%-30%, and the discontinuation rate due to adverse events was 5%-10%.

In response to these statements, Puma's stock price increased $174.40 per share, from $59.03 to $233.43 on July 23, 2014.   Puma's stock price remained artificially inflated as Defendants repeated their false and misleading statements throughout the Class Period.   Defendants' false and misleading statements are identified in the First Amended Complaint for Violations of the Federal Securities Laws.   ECF No. 138, ¶¶49-50, 52-54, 57, 59-63.   While Puma's stock price was artificially inflated, Defendants conducted a stock offering in January 2015 selling 1.15 million shares of Puma stock for total proceeds of more than $218 million.

On May 13, 2015, the American Society of Clinical Oncologists ("ASCO") posted the contents of Abstract #508 regarding the ExteNET trial on the ASCO website.   Abstract #508 revealed the DFS rates for the treatment and the placebo arms were 93.9% and 91.6%, respectively, for an absolute difference of only 2.3%.   The abstract also revealed the Grade 3 and higher diarrhea rate experienced by neratinib users was 39.9%.   In response to the May 13, 2015 disclosures, Puma's stock price fell $39.05 per share by the close of the market on May 14, 2015.

On June 1, 2015, at the ASCO Annual Conference, additional results of the ExteNET study were disclosed in a presentation by Dr. Arlene Chan.   Dr. Chan's

- 3 -

presentation revealed the Kaplan-Meier curves for the ExteNET trial and that 16.8% of patients taking neratinib discontinued treatment due to diarrhea adverse events. In addition, in response to an audience question, Dr. Chan disclosed that only 61% of neratinib users were able to complete a year on the drug. In response to the June 1, 2015 disclosures, Puma's stock fell $48.80 per share by the close of the market on June 2, 2015. Cumulatively, the disclosure of the true facts regarding the ExteNET trial results caused Puma investors to suffer damages of $87.20 per share.

### 3.2 Key Evidence in Support of Plaintiff's §20(a) Claim Under the 1934 Act

Documents and testimony will evidence that Auerbach was Puma's senior-most executive, was responsible for reviewing and approving Puma's public statements, and that he made each of the alleged false and misleading statements.

## 4. DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants plead 13 affirmative defenses. ECF No. 160 at 39-41. They have now abandoned five of those defenses: No. 1 (Standing); No. 6 (Contribution); No. 11 (Safe Harbor); No. 12 (Good Faith as to Auerbach)[2]; and No. 13 (Class Action). The Court has also stricken four of Defendants' affirmative defenses: No. 5 (Assumption of Risk); No. 7 (Allocation); No. 8 (Mitigation); and No. 9 (Offset).

The four remaining plead defenses – No. 2 (Information Known to Plaintiff), No. 3 (Misrepresentation Immaterial to Stock Purchases), No. 4 (Information Know to the Public), and No. 10 (Apportionment of Liability) – are not affirmative defenses. Accordingly, there are no elements required to be established with respect to these pled defenses.

## 5. ANTICIPATED EVIDENTIARY ISSUES

In addition to specific disputes regarding the admissibility or relevance of specific testimony or exhibits, the parties have raised the following evidentiary issues:

---

[2] Assuming Eyler has been dismissed from the case, Defendants' good faith defense as to control person liability is moot.

1469847_1

**Plaintiff**:

(1) Exclusion of Defendant's experts Dr. Gregory Frykman, Dr. John Kornak (partial), and Dr. Jackie Walling (ECF Nos. 398, 401, 404);

(2) Exclusion of evidence or reference to aggregate damages to the Class (ECF No. 512);

(3) Exclusion of evidence regarding the individual Plaintiff's transactions in Puma securities (ECF No. 513);

(4) Exclusion of evidence or reference to Cougar Biotechnology, Inc. or the drug abiraterone (Zytiga) (ECF No. 514);

(5) Exclusion of evidence of irrelevant post-Class Period events, results, or outcomes (ECF No. 515);

(6) Exclusion of lay witness and with no relevant, personal knowledge (Kandi Franklin) (ECF No. 516); and

(7) Exclusion of witnesses not previously disclosed by Defendants during discovery (Eric Stern and Darcy Kopcho) (ECF No. 517).

**Defendants**:

(1) Exclusion of Plaintiff's experts Dr. Philip Lavin (partial) and Dr. Steven Feinstein (partial) (ECF Nos. 407, 409);

(2) Exclusion of evidence or argument relating to FDA Meeting Minutes and the Declaration of Jeannette Dinin (ECF No. 524-1);

(3) Exclusion of evidence of Puma's dispute with third party Pfizer regarding the renegotiation of the terms of the license agreement for neratinib (ECF No. 524-2);

(4) Exclusion of evidence relating to insider trading policies and allegations (ECF No. 520); and

(5) Exclusion of evidence or argument relating to Auerbach's character (ECF No. 524-3).

- 5 -

1469847_1

1    **6.     BIFURCATION OF ISSUES**

2         Not applicable.

3    **7.     JURY TRIAL**

4         All issues in this case are to be tried to a jury.  Since June 1, 2015, each

5    complaint filed in this case has demanded a jury trial.

6    **8.     ATTORNEY'S FEES**

7         Plaintiff prays for the recovery of attorney's fees in this case.  At all times,

8    Plaintiff's counsel, Robbins Geller Rudman & Dowd LLP, has litigated this case on a

9    contingency basis.  Plaintiff's counsel will seek fees in accordance with 15 U.S.C.

10   §78u-4(a)(6).

11   **9.     ABANDONMENT OF ISSUES**

12        Plaintiff abandoned its §10(b) claim against Eyler for misleading statements

13   contained in Puma's July 22, 2014 press release.

14   DATED:  October 1, 2018                Respectfully submitted,

15                                          ROBBINS GELLER RUDMAN
                                              & DOWD LLP
16                                          TOR GRONBORG
                                           JASON A. FORGE
17                                          TRIG R. SMITH
                                           SUSANNAH R. CONN
18                                          J. MARCO JANOSKI GRAY
                                           DEBASHISH BAKSHI
19

20                                                    s/ TRIG R. SMITH
21                                                  TRIG R. SMITH

22                                          655 West Broadway, Suite 1900
                                           San Diego, CA  92101
23                                          Telephone:  619/231-1058
                                           619/231-7423 (fax)
24
                                           Counsel for Plaintiff and the Class
25

26

27

28

1469847_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 1, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>s/ TRIG R. SMITH</u>
TRIG R. SMITH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  trigs@rgrdlaw.com

1469847_1

# Mailing Information for a Case 8:15-cv-00865-AG-SHK HsingChing Hsu v. Puma Biotechnology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael A Attanasio**
  mattanasio@cooley.com,smiyajima@cooley.com,efiling-notice@ecf.pacerpro.com,michael-attanasio-2678@ecf.pacerpro.com

- **Debashish Bakshi**
  dbakshi@rgrdlaw.com,3472014420@filings.docketbird.com

- **Amanda F Betsch**
  amanda.betsch@lw.com,amanda-betsch-0711@ecf.pacerpro.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Rosalyn Chapman, RET**
  mdawson@jamsadr.com

- **Rosalyn Chapman (Ret.)**
  mdawson@jamsadr.com

- **Andrew Clubok**
  andrew.clubok@lw.com,DCECFNotificationsDC@lw.com

- **Susannah R Conn**
  sconn@rgrdlaw.com,tdevries@rgrdlaw.com,3022905420@filings.docketbird.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Eric J Eastham**
  ejeastham@mintz.com,docketing@mintz.com,KCosta@mintz.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Gilardi & Co. LLC**
  classact@gilardi.com

- **Meryn C N Grant**
  meryn.grant@lw.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,karen.patterson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com,jana.roach@lw.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com,bernice.worley@morganlewis.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John F Sylvia**
  jfsylvia@mintz.com

- **Kolin Tang**
  ktang@sfmslaw.com,pleadings@sfmslaw.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Sarah A Tomkowiak**
  sarah.tomkowiak@lw.com,DCECFNotificationsDC@lw.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)