ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN (111070)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
TRIG R. SMITH (237399)
SUSANNAH R. CONN (205085)
J. MARCO JANOSKI GRAY (306547)
DEBASHISH BAKSHI (311115)
TING H. LIU (307747)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
trigs@rgrdlaw.com
sconn@rgrdlaw.com
mjanoski@rgrdlaw.com
dbakshi@rgrdlaw.com
tliu@rgrdlaw.com

Counsel for Plaintiff and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated, <br><br>               Plaintiff, <br><br>    vs. <br><br> PUMA BIOTECHNOLOGY, INC., et al., <br><br>               Defendants. | Case No. 8:15-cv-00865-AG-SHK <br><br> <u>CLASS ACTION</u> <br><br> JOINT SET OF JURY INSTRUCTIONS AGREED TO BY THE PARTIES <br><br> Trial Date:  January 15, 2019 <br> Time:       9:00 a.m. <br> Ctrm:      10D <br> Judge:     Hon. Andrew J. Guilford |

Pursuant to L.R. 51 *et seq.*, the Court's Scheduling Order Specifying Procedures (ECF No. 85), and Order Regarding Trial Procedures and Pretrial Filings (ECF No. 614), the parties submit the following joint set of instructions:

## 1. PRELIMINARY JURY INSTRUCTIONS

| | | |
|---|---|---|
| 1. | Duty of Jury (Court Does Not Provide Written Copies) | Model 1.3 |
| 2. | The Parties | |
| 3. | Burden of Proof – Preponderance of the Evidence | Model 1.6 |
| 4. | What is Evidence | Model 1.9 |
| 5. | What is Not Evidence | Model 1.10 |
| 6. | Evidence for Limited Purpose | Model 1.11 |
| 7. | Direct and Circumstantial Evidence | Model 1.12 |
| 8. | Ruling on Objections | Model 1.13 |
| 9. | Credibility of Witnesses | Model 1.14 |
| 10. | Conduct of the Jury | Model 1.15 |
| 11. | No Transcript Available to Jury | Model 1.17 |
| 12. | Taking Notes | Model 1.18 |
| 13. | Bench Conferences and Recesses | Model 1.20 |
| 14. | Outline of Trial | Model 1.21 |

## 2. INSTRUCTIONS AT THE CLOSE OF EVIDENCE

| | | |
|---|---|---|
| 1. | Duty of Jury (Court Reads/Provides Written Instructions) | Model 1.4 |
| 2. | Burden of Proof – Preponderance of the Evidence | Model 1.6 |
| 3. | What is Evidence | Model 1.9 |
| 4. | What is Not Evidence | Model 1.10 |
| 5. | Direct and Circumstantial Evidence | Model 1.12 |
| 6. | Credibility of Witnesses | Model 1.14 |
| 7. | Stipulations of Fact | Model 2.2 |

1515139_1

| 8. | Expert Opinion | Model 2.13 |
|----|----------------|------------|
| 9. | Charts and Summaries | Model 2.14, Model 2.15 |
| 10. | Securities – Controlling Person Liability | Model 18.10 |
| 11. | Duty to Deliberate | Model 3.1 |
| 12. | Consideration of Evidence – Conduct of Jury | Model 3.2 |
| 13. | Communication with Court | Model 3.3 |
| 14. | Return of Verdict | Model 3.5 |

- 2 -

1515139_1

# JOINT PRELIMINARY JURY INSTRUCTIONS

# PROPOSED PRELIMINARY INSTRUCTION NO. 1

## Duty of Jury (Court Reads Instructions at the Beginning of Trial But Does Not Provide Written Copies)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

- 3 -

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 2

### The Parties

The party that brings a lawsuit is called the plaintiff.  In this case, the lead plaintiff is a pension fund that invested in Puma common stock.  Plaintiff, Norfolk Pension Fund, brings this lawsuit as a class representative, which means it is bringing the lawsuit for itself and on behalf of all investors who bought shares of Puma common stock during the period July 22, 2014 and May 29, 2015, which will be referred to as the "Class Period."  Unless I distinguish them, I will refer to Norfolk Pension Fund and the Class collectively as "Plaintiffs."

The parties against whom the suit is brought are called defendants.  In this action, the defendants are Puma Biotechnology, Inc. and Alan Auerbach, each of whom will be referred to as "Defendants" throughout the trial.

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 3

### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1515139_1

**PROPOSED PRELIMINARY INSTRUCTION NO. 4**

**What is Evidence**

You should base your decision on all of the evidence, regardless of which party presented it.  The evidence you are to consider in deciding what the facts are consists of:

      (1)    the sworn testimony of any witness;

      (2)    the exhibits that are admitted into evidence;

      (3)    any facts to which the lawyers have agreed; and

      (4)    any facts that I may instruct you to accept as proved.

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 5

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 6

### Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1515139_1

**PROPOSED PRELIMINARY INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 8

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 9

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1515139_1

1    The weight of the evidence as to a fact does not necessarily depend on the

2  number of witnesses who testify.  What is important is how believable the witnesses

3  were, and how much weight you think their testimony deserves.

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 10

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to

- 13 -

do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED PRELIMINARY INSTRUCTION NO. 11

### No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

- 15 -

## PROPOSED PRELIMINARY INSTRUCTION NO. 12

### Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

- 16 -

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 13

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

- 17 -

1515139_1

## PROPOSED PRELIMINARY INSTRUCTION NO. 14

### Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for Defendants may cross-examine.  Then the Defendants may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1515139_1

# JOINT CLOSING
# JURY INSTRUCTIONS

**PROPOSED CLOSING INSTRUCTION NO. 1**

**Duty of the Jury (Court Reads/Provides Written Instructions at End of Case)**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## PROPOSED CLOSING INSTRUCTION NO. 2

### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

- 20 -

1515139_1

## PROPOSED CLOSING INSTRUCTION NO. 3

### What is Evidence

You should base your decision on all of the evidence, regardless of which party presented it.  The evidence you are to consider in deciding what the facts are consists of:

     (1)    the sworn testimony of any witness;

     (2)    the exhibits that are admitted into evidence;

     (3)    any facts to which the lawyers have agreed; and

     (4)    any facts that I have instructed you to accept as proved.

1515139_1

## PROPOSED CLOSING INSTRUCTION NO. 4

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## PROPOSED CLOSING INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1515139_1

## PROPOSED CLOSING INSTRUCTION NO. 6

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1515139_1

1    The weight of the evidence as to a fact does not necessarily depend on the

2    number of witnesses who testify.  What is important is how believable the witnesses

3    were, and how much weight you think their testimony deserves.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1515139_1

**PROPOSED CLOSING INSTRUCTION NO. 7**

**Stipulations of Fact**

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

- Puma Biotechnology, Inc. is a biopharmaceutical company with a focus on the acquisition, development and commercialization of innovative products to enhance cancer care;

- Since acquiring the licensing rights for neratinib from Pfizer in 2011, Puma's primary commercial focus has been on the development and commercialization of neratinib;

- HER2+ breast cancer is a breast cancer that tests positive for a protein called human epidermal growth factor receptor 2 (HER2), which promotes the growth of cancer cells;

- Since at least July 1, 2014, Mr. Auerbach has been Puma's largest stockholder and has served as Puma's CEO, President, and Chairman of the Board;

- During 2014 and 2015, Puma's common stock was listed on the New York Stock Exchange under the symbol PBYI;

- The ExteNET Trial was a randomized, double-blind, phase III clinical trial, which was generally designed to test the efficacy and safety of neratinib in reducing the recurrence of HER2+ breast cancer.  Data collection from the trial was to occur in three phases.  Part A involved a follow-up period of two years after randomization;

- Between July 22, 2014 and May 29, 2015, the market for Puma's common stock was well-developed and efficient;

- Between July 22, 2014 and May 29, 2015, Plaintiff purchased 17,900 shares of Puma common stock;

- 26 -

- After the New York Stock Exchange closed for trading on July 22, 2014, Puma disseminated to the public a press release entitled "Puma Biotechnology Announces Positive Top-line Results from Phase III PB272 Trial in Adjuvant Breast Cancer (ExteNET Trial)" ("ExteNET Press Release");

- After issuing the ExteNET Press Release, on July 22, 2014, Puma conducted an analyst and investor conference call that was open to the public;

- In preparation for a public offering of Puma common stock, Puma filed a Registration Statement and Prospectus with the SEC, on January 20 and 22, 2015, respectively;

- On January 27, 2015, Puma announced the completion of a common stock offering of 1.15 million shares at a price of $190.00 per share for net proceeds of $205 million;

- On February 3, 2015, an abstract containing certain results from Part A of the ExteNET Trial was submitted to the ASCO, for a potential presentation at the 2015 ASCO Annual Meeting in Chicago, Illinois;

- On March 26, 2015, ASCO notified Dr. Arlene Chan that Abstract #508 was selected for oral presentation at the 2015 ASCO Annual Meeting;

- On May 13, 2015, after the close of trading, the abstracts to be presented at the ASCO conference were published on ASCO's website, including Abstract #508 which contained certain of the results from Part A of the ExteNET Trial;

- On June 1, 2015, between approximately 11:23 a.m. and 12:28 p.m. Eastern Standard Time, trading in Puma's stock was halted on the NYSE; and

- On June 1, 2015, certain of the results of Part A of the ExteNET Trial were presented at the ASCO conference starting at 11:24 a.m. EST.

- 27 -

**PROPOSED CLOSING INSTRUCTION NO. 8**

**Expert Opinion**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

1515139_1

# PROPOSED CLOSING INSTRUCTION NO. 9

## Charts and Summaries

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Other charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1515139_1

# PROPOSED CLOSING INSTRUCTION NO. 10

## Securities – Controlling Person Liability

Plaintiffs claim that Alan Auerbach is a "controlling person" and is therefore liable under Section 20(a) of the Securities Exchange Act of 1934.  If you find that Plaintiffs have proven a violation of Section 10(b), you must then determine whether Mr. Auerbach was a "controlling person."

On this claim, Plaintiffs have the burden of proving by a preponderance of the evidence that Mr. Auerbach possessed, directly or indirectly, the actual power to direct or control the statements for which Plaintiffs have proven a Section 10(b) claim.

- 30 -

# PROPOSED CLOSING INSTRUCTION NO. 11

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED CLOSING INSTRUCTION NO. 12

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you

have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1515139_1

# PROPOSED CLOSING INSTRUCTION NO. 13

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1515139_1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED CLOSING INSTRUCTION NO. 14

### Return of Verdict

A verdict form has been prepared for you. **[Explain verdict form as needed.]** After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1515139_1

1 | DATED:  December 19, 2018

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
TOR GRONBORG
JASON A. FORGE
TRIG R. SMITH
SUSANNAH R. CONN
J. MARCO JANOSKI GRAY
DEBASHISH BAKSHI
TING H. LIU


                    s/ TOR GRONBORG
                    _____
                    TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
trigs@rgrdlaw.com
sconn@rgrdlaw.com
mjanoski@rgrdlaw.com
dbakshi@rgrdlaw.com
tliu@rgrdlaw.com

Counsel for Plaintiff and the Class

DATED:  December 19, 2018

LATHAM & WATKINS LLP
COLLEEN C. SMITH


                    s/ COLLEEN C. SMITH
                    _____
                    COLLEEN C. SMITH

12670 High Bluff Drive
San Diego, CA 92130-3086
Telephone: (858) 523-5400
colleen.smith@lw.com

LATHAM & WATKINS LLP
MICHELE D. JOHNSON
KRISTIN N. MURPHY
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
michele.johnson@lw.com
kristin.murphy@lw.com

- 36 -

1515139_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ANDREW B. CLUBOK (pro hac vice)
SARAH A. TOMKOWIAK (pro hac vice)
555 Eleventh Street NW, Suite 1000
Washington, DC 200004-1304
Telephone:  (202) 637-2200
andrew.clubok@lw.com
sarah.tomkowiak@lw.com

Counsel for Defendants

- 37 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 19, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ TOR GRONBORG
TOR GRONBORG

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  torg@rgrdlaw.com

# Mailing Information for a Case 8:15-cv-00865-AG-SHK HsingChing Hsu v. Puma Biotechnology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael A Attanasio**
  mattanasio@cooley.com,smiyajima@cooley.com,efiling-notice@ecf.pacerpro.com,michael-attanasio-2678@ecf.pacerpro.com

- **Debashish Bakshi**
  dbakshi@rgrdlaw.com,3472014420@filings.docketbird.com

- **Amanda F Betsch**
  amanda.betsch@lw.com,amanda-betsch-0711@ecf.pacerpro.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Christopher Thomas Casamassima**
  chris.casamassima@wilmerhale.com,Amanda.Soun@wilmerhale.com,WHDocketing@wilmerhale.com

- **Rosalyn Chapman, RET**
  mdawson@jamsadr.com

- **Rosalyn Chapman (Ret.)**
  mdawson@jamsadr.com

- **Andrew Clubok**
  andrew.clubok@lw.com,andrew-clubok-9012@ecf.pacerpro.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Susannah R Conn**
  sconn@rgrdlaw.com,tdevries@rgrdlaw.com,3022905420@filings.docketbird.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Eric J Eastham**
  ejeastham@mintz.com,docketing@mintz.com,KCosta@mintz.com

- **Lorraine Echavarria**
  Lori.Echavarria@wilmerhale.com,joann.ambrosini@wilmerhale.com,gina.gaytan@wilmerhale.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Gilardi & Co. LLC**
  classact@gilardi.com

- **Meryn C N Grant**
  meryn.grant@lw.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,karen.patterson@lw.com,michele-johnson-
  7426@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com,jana.roach@lw.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Ting Hsiang Liu**
  tliu@rgrdlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-
  2405@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com,bernice.worley@morganlewis.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John F Sylvia**
  jfsylvia@mintz.com

- **Kolin Tang**
  ktang@sfmslaw.com,pleadings@sfmslaw.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Sarah A Tomkowiak**
  sarah.tomkowiak@lw.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,sarah-tomkowiak-
  4288@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`