**FILED**

JAN 29, 2019

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ___MKU___
Deputy Clerk, U.S. District Court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>PUMA BIOTECHNOLOGY, INC., et al.,<br><br>                              Defendants. | Case No. 8:15-cv-00865-AG-SHK<br><br>CLASS ACTION<br><br>FINAL JURY INSTRUCTIONS<br><br>Date:      January 29, 2019<br>Time:      9:00 a.m.<br>Ctrm:      10D<br>Judge:     Hon. Andrew J. Guilford |

1
2
3
4
5
6
7
8
9
10
11
12

# PRELIMINARY JURY INSTRUCTIONS

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OPENING INSTRUCTION NO. 1

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1

**OPENING INSTRUCTION NO. 2**

2       The party that brings a lawsuit is called the plaintiff.  In this case, the lead
3   plaintiff is a pension fund that invested in Puma common stock.  Plaintiff, Norfolk
4   Pension Fund, brings this lawsuit as a class representative, which means it is
5   bringing the lawsuit for itself and on behalf of all investors who bought shares of
6   Puma common stock during the period July 22, 2014 and May 29, 2015, which
7   will be referred to as the "Class Period."  Unless I distinguish them, I will refer to
8   Norfolk Pension Fund and the Class collectively as "Plaintiffs."

9       The parties against whom the suit is brought are called defendants.  In this
10   action, the defendants are Puma Biotechnology, Inc. and Alan Auerbach, each of
11   whom will be referred to as "Defendants" throughout the trial.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# OPENING INSTRUCTION NO. 3

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# OPENING INSTRUCTION NO. 4

You should base your decision on all of the evidence, regardless of which party presented it. The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are admitted into evidence;

(3)     any facts to which the lawyers have agreed; and

(4)     any facts that I may instruct you to accept as proved.

# OPENING INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**OPENING INSTRUCTION NO. 6**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

### OPENING INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1

### OPENING INSTRUCTION NO. 8

2     There are rules of evidence that control what can be received into evidence.
3 When a lawyer asks a question or offers an exhibit into evidence and a lawyer on
4 the other side thinks that it is not permitted by the rules of evidence, that lawyer
5 may object.   If I overrule the objection, the question may be answered or the
6 exhibit received.  If I sustain the objection, the question cannot be answered, and
7 the exhibit cannot be received.  Whenever I sustain an objection to a question, you
8 must ignore the question and must not guess what the answer might have been.

9     Sometimes I may order that evidence be stricken from the record and that
10 you disregard or ignore that evidence.  That means when you are deciding the case,
11 you must not consider the stricken evidence for any purpose.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# OPENING INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# OPENING INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen

- 11 -

to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**OPENING INSTRUCTION NO. 11**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

## OPENING INSTRUCTION NO. 12

     If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

     Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

- 14 -

# OPENING INSTRUCTION NO. 13

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# OPENING INSTRUCTION NO. 14

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for Defendants may cross-examine.   Then the Defendants may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CLOSING JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 15**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# COURT'S INSTRUCTION NO. 16

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 17

The evidence you are to consider in deciding what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits that are admitted into evidence;

(3)   any facts to which the lawyers have agreed; and

(4)   any facts that I have instructed you to accept as proved.

## COURT'S INSTRUCTION NO. 18

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**COURT'S INSTRUCTION NO. 19**

2      Evidence may be direct or circumstantial. Direct evidence is direct proof of
3 a fact, such as testimony by a witness about what that witness personally saw or
4 heard or did. Circumstantial evidence is proof of one or more facts from which
5 you could find another fact. You should consider both kinds of evidence. The law
6 makes no distinction between the weight to be given to either direct or
7 circumstantial evidence. It is for you to decide how much weight to give to any
8 evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 20

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## COURT'S INSTRUCTION NO. 21

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

- Puma Biotechnology, Inc. is a biopharmaceutical company with a focus on the acquisition, development and commercialization of innovative products to enhance cancer care;

- Since acquiring the licensing rights for neratinib from Pfizer in 2011, Puma's primary commercial focus has been on the development and commercialization of neratinib;

- HER2+ breast cancer is a breast cancer that tests positive for a protein called human epidermal growth factor receptor 2 (HER2), which promotes the growth of cancer cells;

- Since at least July 1, 2014, Mr. Auerbach has been Puma's largest stockholder and has served as Puma's CEO, President, and Chairman of the Board;

- During 2014 and 2015, Puma's common stock was listed on the New York Stock Exchange under the symbol PBYI;

- The price of Puma (PBYI) stock from May 30, 2014 to August 31, 2015 is accurately reflected in the chart identified as Exhibit 995.

- The ExteNET Trial was a randomized, double-blind, phase III clinical trial, which was generally designed to test the efficacy and safety of neratinib in reducing the recurrence of HER2+ breast cancer. Data collection from the trial was to occur in three phases. Part A involved a follow-up period of two years after randomization;

- Between July 22, 2014 and May 29, 2015, the market for Puma's common stock was well-developed and efficient;

- Between July 22, 2014 and May 29, 2015, Plaintiff purchased 17,900 shares of Puma common stock;

- After the New York Stock Exchange closed for trading on July 22, 2014, Puma disseminated to the public a press release entitled "Puma

Biotechnology Announces Positive Top-line Results from Phase III PB272 Trial in Adjuvant Breast Cancer (ExteNET Trial)" ("ExteNET Press Release");

- After issuing the ExteNET Press Release, on July 22, 2014, Puma conducted an analyst and investor conference call that was open to the public;

- In preparation for a public offering of Puma common stock, Puma filed a Registration Statement and Prospectus with the SEC, on January 20 and 22, 2015, respectively;

- On January 27, 2015, Puma announced the completion of a common stock offering of 1.15 million shares at a price of $190.00 per share for net proceeds of $205 million;

- On February 3, 2015, an abstract containing certain results from Part A of the ExteNET Trial was submitted to the ASCO, for a potential presentation at the 2015 ASCO Annual Meeting in Chicago, Illinois;

- On March 26, 2015, ASCO notified Dr. Arlene Chan that Abstract #508 was selected for oral presentation at the 2015 ASCO Annual Meeting;

- On May 13, 2015, after the close of trading, the abstracts to be presented at the ASCO conference were published on ASCO's website, including Abstract #508 which contained certain of the results from Part A of the ExteNET Trial;

- On June 1, 2015, between approximately 11:23 a.m. and 12:28 p.m. Eastern Standard Time, trading in Puma's stock was halted on the NYSE; and

- On June 1, 2015, certain of the results of Part A of the ExteNET Trial were presented at the ASCO conference starting at 11:24 a.m. EST.

# COURT'S INSTRUCTION NO. 22

Certain exhibits are documents known as analyst reports or contain statements of analysts or investors.  They are Exhibits 254, 301, 319, 324, 479, 488, 576, 764, 766, 768, 844, 845, 883, 966, 967, 968, 969, 974, 1082, and 1083. Analyst reports are written by market analysts, generally employed by investment banks or brokerage firms, who comment on Puma's business, its securities, and the economy in general.  These reports and related correspondence were admitted only to show whether and when certain information was provided to the market, and not for the truth of the matters asserted in the reports.

# COURT'S INSTRUCTION NO. 23

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 24

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of records, documents, or other evidence in the case. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# COURT'S INSTRUCTION NO. 25

One of the parties in this case, Puma Biotechnology, Inc. is a corporation. Under the law, a corporation is considered to be a person. All parties are equal under the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

A corporation can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

1        **COURT'S INSTRUCTION NO. 26**

2          Plaintiff delegated the authority and discretion to execute purchases of Puma

3   securities to its investment advisor.   Plaintiff also relied on the judgment of its

4   investment advisor to make investment decisions.

5          You should treat such investment decisions as if they were made directly by

6   Plaintiff.   You should also construe Plaintiff as having the same knowledge as the

7   investment advisor regarding its investment concerning the purchase or sale of

8   Puma securities.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 27

Congress has enacted securities laws designed to protect the integrity of financial markets. The Plaintiffs claim to have suffered a loss caused by the Defendants' violation of certain of these laws.

There are terms concerning securities laws that have a specific legal meaning. The following definitions apply throughout these instructions, unless noted otherwise.

A security is an investment of money in a commercial, financial or other business enterprise, with the expectation of profit or other gain produced by the efforts of others. Some common types of securities are stocks and bonds.

The buying and selling of securities is controlled by the Securities Laws. A "10b-5 Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which in essence prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue. A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts in connection with the purchase or sale of securities. A person or business entity who violates the securities laws, including Rule 10b-5, may be liable for damages caused by the violation.

A misrepresentation is a statement of material fact that is false or misleading when it is made. A statement may be misleading even if it is literally true if the context in which the statement was made caused the listener or reader to remain unaware of the actual state of affairs.

An omission is a failure to disclose a material fact that had to be disclosed to prevent other statements that were made from being misleading.

# COURT'S INSTRUCTION NO. 28

Plaintiffs allege that Defendants Puma Biotechnology, Inc. and Alan Auerbach defrauded investors by making untrue statements of material fact and material omissions about clinical trial results regarding the effectiveness and side effects of the drug neratinib. This is referred to as "the Plaintiffs' 10b-5 claim."

On this claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1.     Defendants made an untrue statement of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the purchase or sale of securities;

2.     Defendants acted knowingly;

3.     Plaintiffs relied on the marketplace to ensure the integrity of the price of Puma shares in buying securities; and

4.     Defendants' misrepresentations and omissions caused Plaintiffs to suffer damages.

If you find that Plaintiffs have proved each of the above elements, your verdict should be for Plaintiffs. If, on the other hand, you find that Plaintiffs have failed to prove any of these elements, your verdict should be for Defendants.

# COURT'S INSTRUCTION NO. 29

*alleged*

Plaintiffs must prove by a preponderance of the evidence that Defendants' misrepresentation or omission was material.

A factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether to buy or sell that security.

An omission concerning a security is material if a reasonable investor would have regarded what was not disclosed to it as having significantly altered the total mix of information it took into account in deciding whether to buy or sell the security.

You must decide whether something was material based on the circumstances as they existed at the time of the statement or omission.

- 33 -

## COURT'S INSTRUCTION NO. 30

A defendant acts knowingly when it makes an untrue statement with the knowledge that the statement was false or with reckless disregard for whether the statement was true.

A defendant also acts knowingly when it omits necessary information with the knowledge that the omission would make the statement false or misleading or with reckless disregard for whether the omission would make the statements false or misleading.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

Puma, which can only act through its employees, acted knowingly with respect to the statements at issue in this case if Mr. Auerbach made the statement knowingly.

## COURT'S INSTRUCTION NO. 31

Plaintiffs do not have to prove that they justifiably relied on the alleged misrepresentations or omissions in deciding to purchase Puma stock if they meet the requirements for invoking a presumption that it relied on the integrity of the market price. The fraud-on-the-market presumption applies where: (1) the alleged misrepresentations or omissions were publicly known; (2) they were material; (3) the stock traded in an efficient market; and (4) Plaintiffs traded the stock between when the misrepresentations or omissions were made and when the truth was revealed.

Before this trial began, the Court decided that elements (1), (3), and (4) have been established in Plaintiffs' favor. You should treat these elements as having been proven by a preponderance of the evidence. Therefore, the fraud-on-the-market presumption applies if Plaintiffs have proved by a preponderance of the evidence that Defendants made a material misrepresentation or omission.

Defendants may rebut the presumption that Plaintiffs relied on the integrity of the market price when purchasing Puma stock. They can do this by proving by a preponderance of the evidence either (a) that Plaintiffs did not actually rely on the integrity of the market price when it purchased the Puma stock; or (b) that the alleged misrepresentation or omission did not affect the market price of Puma's stock. For example, if Defendants prove Norfolk Pension Fund would have bought Puma stock at the same price, even if it knew the stock price was affected by fraud, the presumption of reliance does not apply.

# COURT'S INSTRUCTION NO. 32

Plaintiffs must prove by a preponderance of the evidence that the alleged material misrepresentations or omissions were the cause of their economic injury. To establish causation, Plaintiffs must prove that the alleged misrepresentations or omissions played a substantial part in causing the Puma stock price declines on May 14, 2015 and June 1-2, 2015.   Plaintiffs need not prove that the alleged misrepresentations or omissions were the sole cause of these declines.

# COURT'S INSTRUCTION NO. 33

If you find for Plaintiffs on the §10(b)-5 claim, than you must decide the amount of money damages per share to be awarded to the Plaintiffs.  You may award only actual damages in an amount that will reasonably and fairly compensate Plaintiffs for the economic loss they sustained.

Actual damages are measured by the amount of inflation per share of Puma stock caused by the misrepresentations or omissions on which you based your finding of a §10(b)-5 violation.  Your award must be based on evidence and not upon speculation, guesswork, or conjecture.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Plaintiffs also bear the burden of separating out the share price decline, if any, caused by factors other than the alleged misrepresentation or omissions.

# COURT'S INSTRUCTION NO. 34

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 35

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the

witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

**COURT'S INSTRUCTION NO. 36**

2     If it becomes necessary during your deliberations to communicate with me,

3 you may send a note through the marshal or bailiff, signed by your presiding juror

4 or by one or more members of the jury.   No member of the jury should ever

5 attempt to communicate with me except by a signed writing; I will communicate

6 with any member of the jury on anything concerning the case only in writing, or

7 here in open court.  If you send out a question, I will consult with the parties before

8 answering it, which may take some time.   You may continue your deliberations

9 while waiting for the answer to any question.  Remember that you are not to tell

10 anyone – including me – how the jury stands, numerically or otherwise, until after

11 you have reached a unanimous verdict or have been discharged.  Do not disclose

12 any vote count in any note to the court.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 37**

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.