# EXHIBIT 3

Case 8:15-cv-00865-DOC-SHK Document 810-3 Filed 10/28/20 Page 1 of 8 Page ID #:36603

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Kristin N. Murphy (Bar No. 268285)
  *kristin.murphy@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

LATHAM & WATKINS LLP
  Andrew B. Clubok *(pro hac vice)*
  *andrew.clubok@lw.com*
  Sarah A. Tomkowiak (*pro hac vice*)
  *sarah.tomkowiak@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel:  (202) 637-2200
Fax:  (202) 637-2201

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUMA BIOTECHNOLOGY, INC., and ALAN H. AUERBACH,<br><br>Defendants. | CASE NO. 8:15-cv-00865-DOC-SHK<br><br>**DEFENDANT PUMA BIOTECHNOLOGY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO [CLAIMANT]** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118380697.1

PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 7

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant Puma Biotechnology, Inc. |
| RESPONDING PARTY: | Claimants |
| SET NUMBER: | One |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Puma Biotechnology, Inc. hereby requests that, within sixty (60) days of service, or such other time as the parties may agree, [Claimaint Name] produce the documents, electronically stored information, and tangible things specified herein at the offices of Latham & Watkins LLP, c/o Michele D. Johnson, Esq., 650 Town Center Drive, 20th Floor, Costa Mesa, California 92626-1925.  Such production should be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These document requests incorporate by reference all definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and supplement them with the following definitions and instructions, which apply to each request set forth herein.

## DEFINITIONS

1. "Action" shall mean the present lawsuit, *Hsu v. Puma Biotechnology, Inc.*, 8:15-cv-00865-DOC-SHK, pending in the United States District Court for the Central District of California.

2. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

4. "Document" shall mean all documents, electronically stored information, and tangible things in the broadest sense under Rule 34 of the Federal Rules of Civil Procedure, and shall mean anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "document" shall not be limited in any way with respect to medium, embodiment,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118380697.1

1

PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 8

or process of creation, generation, or reproduction; "document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comments, and marginalia (handwritten or otherwise) appearing thereon or therein; "document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items. Any document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original test or reproduction thereof, shall be considered a separate document.

5. "Evidence, refer, reflect, or relate to" and similar terms, used together or alone, shall mean all information, facts, or documents that directly, indirectly, or in any other way support, concern, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

6. "ExteNET trial" shall refer to Puma's Phase III trial of its breast cancer drug neratinib, now marketed and sold under the name NERLYNX®.

7. "Identify," when used regarding a person, shall mean to state the person's full name, present or last known place of employment, including the business address and telephone number, and present or last known job title.

8. "Interrogatories" shall mean Puma's First Set of Interrogatories to [Claimant], served concurrently with this First Set of Requests for Production.

9. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Puma" or the "Company" shall mean Defendant Puma Biotechnology, Inc., including its predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, or any other Person acting on his/her/its behalf.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118380697.1

2

PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 9

11. "Securities" shall have the meaning set forth in the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*

12. "Transactions" shall mean any exchange of consideration for a change in ownership of Puma Securities including, but not limited to, purchasing, selling, shorting, or exercising options, from June 1, 2014 through August 13, 2015.

13. "You" or "Your" shall refer to [INSERT] and, without limitation, your predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, or any other Person acting on their behalf.

14. "And" and "or" shall be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the definition, instruction, or request all responses that might otherwise be construed to be outside of its scope by any other construction.

15. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16. The use of the singular form of any word shall include the plural form of the same and vice versa.

## INSTRUCTIONS

1. The requests herein cover all documents within your possession, custody, or control, regardless of whether they are currently in your possession, including, but not limited to, all documents within the possession, custody, or control of persons acting on your behalf or at your instruction. For any requested document no longer in your possession, custody, or control, state what disposition was made of the document and the date of such disposition and identify all persons having knowledge of the document's contents. For any requested document that has been destroyed, state what document has been destroyed, when the document was destroyed, why it was destroyed, and all persons who participated in or were involved in the decision to destroy.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
US-DOCS\118380697.1
3
PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 10

2. All documents shall be produced: (a) as they are kept in the ordinary course of business, complete with the original file folders, binders, containers, or other devices in which they are stored (or legible copies of the labels or other identifying information from those folders, binders, containers, or devices), or (b) organized according to the request to which they respond. If you elect the latter mode of production, each document from a particular file, binder, container, or other device shall be accompanied by a legible copy of the label or other identifying information from that, file, binder, container, or device or some other reliable indicator of the location, file, binder, container, or device from which it was taken.

3. All documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals. All electronic documents shall be produced in accordance with the parties' Stipulation Establishing Protocol for Production of Documents, filed October 31, 2016 (ECF No. 80).

4. If you object to any portion of any request herein, identify the portion of a request to which you object, state the reason for your objection with specificity, and answer the remainder of the request. If any request calls for a document or communication for which you claim any privilege or work product protection for all or any portion of such document or communication, provide a privilege log containing the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

5. The requests herein are continuing so that any additional documents responsive to the requests herein that you acquire or discover, up to and including the time of trial, shall be furnished through prompt supplemental responses. Fed. R. Civ. P. 26(e). This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118380697.1

4

PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 11

# DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:

All Documents You relied upon in answering the Interrogatories.

**REQUEST FOR PRODUCTION NO. 2**:

All Documents evidencing Your Transactions in Puma securities, including the quantity of shares held, purchased, or sold, trade date, and purchase or sale price for each transaction.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents concerning Puma and/or Puma securities read, reviewed, or considered by You and anyone acting on Your behalf relating to decision(s) to enter into the Transactions including, without limitation: (i) documents concerning any research, due diligence, investigation, analysis, or evaluation of Puma, Puma securities, or the biotechnology industry; and (ii) documents provided to or received from anyone acting on Your behalf regarding Puma or Puma securities, including but not limited to documents provided to or received from an investment advisor.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents You or someone acting on Your behalf reviewed regarding the ExteNET trial.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents reflecting Your investment guidelines, rules, or policies that governed Your Transactions in Puma securities.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118380697.1

5

PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 12

| | |
|---|---|
| 1  Dated:  [DATE] | Respectfully submitted, |
| 2 | LATHAM & WATKINS LLP |
| 3 | |
| 4 | By  [SAMPLE] |
| 5 | Michele D. Johnson |
| 6 | Andrew B. Clubok |
|   | Colleen C. Smith |
| 7 | Sarah A. Tomkowiak |
|   | Kristin N. Murphy |
| 8 | |
| 9 | *Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach* |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118380697.1

6

PUMA'S FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 3
Page 13