# EXHIBIT 4

| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 |   Michele D. Johnson (Bar No. 198298) |
| |   *michele.johnson@lw.com* |
| 3 |   Kristin N. Murphy (Bar No. 268285) |
| |   *kristin.murphy@lw.com* |

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Kristin N. Murphy (Bar No. 268285)
  *kristin.murphy@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel: (858) 523-5400
Fax: (858) 523-5450

LATHAM & WATKINS LLP
  Andrew B. Clubok *(pro hac vice)*
  *andrew.clubok@lw.com*
  Sarah A. Tomkowiak *(pro hac vice)*
  *sarah.tomkowiak@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>PUMA BIOTECHNOLOGY, INC., and ALAN H. AUERBACH,<br><br>        Defendants. | CASE NO. 8:15-cv-00865-DOC-SHK<br><br>**DEFENDANT PUMA BIOTECHNOLOGY, INC.'S FIRST SET OF INTERROGATORIES TO CLAIMANTS** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118352168.1

PUMA'S FIRST SET OF POST-TRIAL
INTERROGATORIES
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 4
Page 14

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Defendant Puma Biotechnology, Inc. |
| RESPONDING PARTY: | | Claimants |
| SET NUMBER: | | One |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Puma Biotechnology, Inc. hereby requests that, within sixty (60) days of service, or such other time as the parties may agree, [Claimaint Name] respond in writing under oath to the following interrogatories:

## **DEFINITIONS**

1. "Action" shall mean the present lawsuit, *Hsu v. Puma Biotechnology, Inc.*, 8:15-cv-00865-DOC-SHK, pending in the United States District Court for the Central District of California.

2. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Document" shall mean all documents, electronically stored information, and tangible things in the broadest sense under Rule 34 of the Federal Rules of Civil Procedure, and shall mean anything that can be read, viewed, heard, or otherwise understood. Subject to and in accordance with the Instructions *infra*, "document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comments, and marginalia (handwritten or otherwise) appearing thereon or therein; "document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items. Any document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original test or reproduction thereof, shall be considered a separate document.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118352168.1

1

PUMA'S FIRST SET OF POST-TRIAL INTERROGATORIES
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 4
Page 15

4. "Identify," when used regarding a person, shall mean to state the person's full name, present or last known place of employment, including the business address and telephone number, and present or last known job title.

5. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. "Puma" or the "Company" shall mean Defendant Puma Biotechnology, Inc., including its predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, or any other Person acting on his/her/its behalf.

7. "Securities" shall have the meaning set forth in the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq*.

8. "Transactions" shall mean any exchange of consideration for a change in ownership of Puma Securities including, but not limited to, purchasing, selling, shorting, or exercising options from June 1, 2014 to August 13, 2015.

9. "You" or "Your" shall refer to [INSERT] and, without limitation, your predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, or any other Person acting on their behalf.

10. "And" and "or" shall be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the definition, instruction, or request all responses that might otherwise be construed to be outside of its scope by any other construction.

11. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12. The use of the singular form of any word shall include the plural form of the same and vice versa.

## INSTRUCTIONS

1. Please answer the following interrogatories separately and fully.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
US-DOCS\118352168.1
2
PUMA'S FIRST SET OF POST-TRIAL INTERROGATORIES
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 4
Page 16

2. Please include in Your answer information which, while not within Your own knowledge, is nonetheless within Your custody or control, or reasonably available to You, or any other source from which it may be reasonably secured.

3. If any part of the following interrogatories cannot be answered in full, please answer to the extent possible, specifying the reason for Your inability to answer the remainder.

4. If You object to any portion or aspect of an interrogatory, please state with specificity the grounds for Your objection, and provide all information responsive to the portion, if any, to which You do not object, pursuant to Rule 33(b) of the Federal Rules of Civil Procedure.

5. If You contend that anything sought by these interrogatories is subject to any privilege, please state with particularity the nature of the privilege and all grounds therefore. Such information shall be supplied in sufficient detail to permit the undersigned to assess the applicability of the privilege, protection, or other ground claimed, pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. To the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories shall be deemed subject to the duty to supplement, and You shall be obligated to change, supplement, and correct Your answer to confirm to all available information, including information as it becomes available to You after You have served Your responses to these interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

For each of the Transactions, identify each Person(s), including if applicable, any investment advisor, who made the decision(s) to engage in the Transactions.

**INTERROGATORY NO. 2**:

For each Person(s) identified in Your response to Interrogatory No. 1, describe with particularity the factors influencing the decision to engage in the Transactions including, but not limited to: (i) what, if any, due diligence,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118352168.1

3

PUMA'S FIRST SET OF POST-TRIAL INTERROGATORIES
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 4
Page 17

investigation, analysis or evaluation of Puma or Puma securities was performed; (ii) what, if any, documents regarding Puma or Puma Securities were considered; and (iii) who, if anyone, You or anyone acting on Your behalf engaged in Communications with regarding Puma or Puma securities.

**INTERROGATORY NO. 3**:

Describe Your document retention policy, including but not limited to (i) whether You retained emails from 2014-2015 regarding Your decision to engage in the Transactions; and (ii) the condition and location of any such emails.

**INTERROGATORY NO. 4**:

State whether You contend that You relied on the market price for Puma securities in making any investment decision related to the Transactions.

**INTERROGATORY NO. 5**:

State with particularity the reasons for Your response to Interrogatory No. 5.

**INTERROGATORY NO. 6**:

Identify all Persons You contacted or interviewed regarding this case.

**INTERROGATORY NO. 7**:

Describe all Communications You have had with anyone regarding this case, including but not limited to any party or counsel for any party in this Action.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118352168.1

4

PUMA'S FIRST SET OF POST-TRIAL INTERROGATORIES
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 4
Page 18

| | | |
|---|---|---|
| 1 | Dated: [DATE] | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | |
| 4 | | By  [SAMPLE] |
| 5 | | Michele D. Johnson |
| 6 | | Andrew B. Clubok |
| | | Colleen C. Smith |
| 7 | | Sarah A. Tomkowiak |
| 8 | | Kristin N. Murphy |
| 9 | | *Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach* |
| 10 | | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\118352168.1

5

PUMA'S FIRST SET OF POST-TRIAL INTERROGATORIES
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 4
Page 19