1  LATHAM & WATKINS LLP
   Michele D. Johnson (Bar No. 198298)
2  *michele.johnson@lw.com*
   Kristin N. Murphy (Bar No. 268285)
3  *kristin.murphy@lw.com*
   650 Town Center Drive, 20th Floor
4  Costa Mesa, CA 92626-1925
   Tel: (714) 540-1235
5  Fax: (714) 755-8290

6  LATHAM & WATKINS LLP
   Colleen C. Smith (Bar No. 231216)
7  *colleen.smith@lw.com*
   12670 High Bluff Drive
8  San Diego, CA 92130-3086
   Tel: (858) 523-5400
9  Fax: (858) 523-5450

10 LATHAM & WATKINS LLP
   Andrew B. Clubok *(pro hac vice)*
11 *andrew.clubok@lw.com*
   Sarah A. Tomkowiak *(pro hac vice)*
12 *sarah.tomkowiak@lw.com*
   555 Eleventh Street NW, Suite 1000
13 Washington, DC 20004-1304
   Tel: (202) 637-2200
14 Fax: (202) 637-2201

15 *Attorneys for Defendants Puma*
   *Biotechnology, Inc. & Alan H. Auerbach*
16

17           UNITED STATES DISTRICT COURT

18          CENTRAL DISTRICT OF CALIFORNIA

19               SOUTHERN DIVISION

20
   HSINGCHING HSU, Individually and          CASE NO. 8:15-cv-00865-DOC-SHK
21 on Behalf of All Others Similarly
   Situated,                                 **DEFENDANTS' MEMORANDUM OF**
22                                           **LAW IN SUPPORT OF THEIR**
                 Plaintiff,                  **MOTION FOR LEAVE TO AMEND**
23                                           **THE FINAL PRETRIAL ORDER**
          v.
24                                           Date:      May 10, 2021
   PUMA BIOTECHNOLOGY, INC.,                 Time:      8:30 a.m.
25 and ALAN H. AUERBACH,                     Courtroom: 9D
                                             Judge:     Hon. David O. Carter
26               Defendants.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION ....................................................................................... 1

II.   BACKGROUND ........................................................................................ 3

III.  ARGUMENT ............................................................................................. 8

      A.    Defendants Have a Right to Obtain Reasonable Discovery
            to Challenge the Reliance Element ........................................... 9

      B.    Permitting Targeted Discovery on Individual Reliance Is
            Necessary to Prevent Manifest Injustice ................................. 13

      C.    Defendants' Discovery Requests Are Reasonable and
            Proportionate ......................................................................... 16

IV.   CONCLUSION ........................................................................................ 19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

i

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### CASES

4

*Allapattah Servs., Inc. v. Exxon Corp.*,
   333 F.3d 1248 (11th Cir. 2003), *aff'd sub nom. Exxon Mobil Corp.
   v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)................................................. 11

6

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988) .................................................................................. 4, 9

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017)...................................................................... 10

*Campbell v. Best Buy Stores, L.P.*,
   No. 12-cv-7794, 2014 WL 12778925 (C.D. Cal. Aug. 15, 2014)...................... 3

*Carrera v. Bayer Corp.*,
   727 F.3d 300 (3d Cir. 2013) .......................................................................... 11

*In re Daou Sys., Inc.*,
   411 F.3d 1006 (9th Cir. 2005)......................................................................... 4

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) ....................................................................................... 4

*In re Fibreboard Corp.*,
   893 F.2d 706 (5th Cir. 1990)......................................................................... 12

*Fine v. Am. Solar King Corp.*,
   919 F.2d 290 (5th Cir. 1990).......................................................................... 16

*Galdamez v. Potter*,
   415 F.3d 1015 (9th Cir. 2005)................................................................ 8, 13, 15

*GAMCO Inv'rs, Inc. v. Vivendi, S.A.*,
   927 F. Supp. 2d 88 (S.D.N.Y. 2013)..................................................... 10, 16, 18

*Garrett v. City & Cty. of San Francisco*,
   818 F.2d 1515 (9th Cir. 1987).......................................................................... 9

*Gianukos v. Loeb Rhoades & Co.*,
   822 F.2d 648 (7th Cir. 1987).......................................................................... 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

ii

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

*Halliburton Co. v. Erica P. John Fund, Inc.* (*Halliburton II*),
   573 U.S. 258 (2014) ............................................................................4, 9, 12, 16

*In re Hotel Tel. Charges*,
   500 F.2d 86 (9th Cir. 1974) ...............................................................................11, 12

*In re Hunt*,
   238 F.3d 1098 (9th Cir. 2001) .................................................................................14

*Jimenez v. Allstate Ins. Co.*,
   765 F.3d 1161 (9th Cir. 2014) .................................................................................10

*Kline v. Wolf*,
   702 F.2d 400 (2d Cir. 1983) ...................................................................................16

*Lawrence E. Jaffe Pension Plan v. Household Int'l*,
   No. 02-cv-5893, 2005 WL 3801463 (N.D. Ill. Apr. 18, 2005) ...........................3

*Lindsey v. Normet*,
   405 U.S. 56 (1972) ..................................................................................................10

*Marcus v. BMW of N. Am., LLC*,
   687 F.3d 583 (3d Cir. 2012) ...................................................................................11

*McLaughlin v. Am. Tobacco Co.*,
   522 F.3d 215 (2d Cir. 2008), *abrogated on other grounds by*
   *Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008) ................................11

*McPhail v. First Command Fin. Planning, Inc.*,
   251 F.R.D. 514 (S.D. Cal. 2008) ..............................................................................5

*Mechmetals Corp. v. Telex Computer Prods., Inc.*,
   709 F.2d 1287 (9th Cir. 1983) ...........................................................................13, 14

*Monfore v. Phillips*,
   778 F.3d 849 (10th Cir. 2015) .................................................................................13

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015) ...................................................................................11

*Nelson v. Adams USA, Inc.*,
   529 U.S. 460 (2000) ............................................................................................1, 10

*On the House Syndication, Inc. v. Fed. Express Corp.*,
   203 F.R.D. 452 (S.D. Cal. 2001) ..............................................................................3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iii

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

*Program Eng'g, Inc. v. Triangle Publ'ns., Inc.*,
   634 F.2d 1188 (9th Cir. 1980) ................................................................. 9

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) .............................................................. 12

*In re Vivendi Universal, S.A. Sec. Litig.*,
   123 F. Supp. 3d 424 (S.D.N.Y. 2015) ........................................... 10, 16

*In re Vivendi Universal, S.A. Sec. Litig.*,
   765 F. Supp. 2d 512 (S.D.N.Y. 2011) ....................................... 3, 15, 16

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................................ 11, 12

*Westlands Water Dist. v. United States*,
   100 F.3d 94 (9th Cir. 1996) .................................................................. 14

## STATUTES

28 U.S.C. § 2072 ......................................................................................... 11

## RULES

Fed. R. Civ. P. 16 ................................................................................... *passim*

Fed. R. Civ. P. 23 .................................................................................. 11, 12

Fed. R. Civ. P. 26 .............................................................................. 9, 18, 19

## OTHER AUTHORITIES

Motion for Protective Order,
   *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*,
   No. 02-cv-5893, 2005 WL 6292442 (N.D. Ill. Jan. 11, 2005) .............. 2

Restatement (Third) of the Law Governing Lawyers § 99 cmt. l
   (Am. Law. Inst. 1998) ........................................................................... 19

3 William B. Rubenstein, *Newberg on Class Actions* § 9:11
   (5th ed. Dec. 2020 Update) .................................................................. 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iv

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

# I.     INTRODUCTION

The jury verdict in this securities class action resolved all issues that were capable of being resolved on a class-wide basis, and determined the scope of Defendants' Puma Biotechnology, Inc. and its Chief Executive Officer Alan Auerbach ("Defendants") liability to Lead Plaintiff Norfolk Pension Fund.  But the verdict did not resolve Defendants' liability to other members of the class.  As the order denying Plaintiffs' request for entry of judgment states, "Defendants have a right to challenge"—"on an individualized basis"—whether other class members relied on the sole remaining statement at issue in purchasing Puma stock.  Order re: Proposed J. (ECF No. 739) at 1.  Indeed, Defendants reserved their right throughout this case to litigate individual reliance, an issue that would be addressed only if, and only after, Plaintiffs prevailed at trial.  That makes perfect sense.  As Judge Guilford recognized, until recently, "absent class members ha[d]n't [even] been counted or identified, so Defendants haven't had an opportunity to rebut their individual reliance claims." *Id.* at 2.

The question presented by this motion is whether Defendants are entitled to obtain discovery from absent class members to assess whether and how to challenge their reliance.  The answer to that question is plainly *yes*.  An opportunity to conduct discovery is essential to the fair adjudication of a defendant's liability.  After all, the "Federal Rules of Civil Procedure"—including their discovery provisions—"are designed to further the due process of law that the Constitution guarantees." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000).  Denying Defendants the opportunity to obtain discovery would deprive them of their constitutional right to challenge reliance—because all of the relevant facts are within class members' possession.

Plaintiffs have taken the position that discovery from absent class members is inappropriate because Defendants did not serve formal discovery requests on absent class members before trial.  That position makes no sense.  Plaintiffs have indicated that there were over 26,000 potential class members in this case.  *See* Pls.' Mem. of

1

Law ISO Mot. for Approval of Notice of Verdict (ECF No. 749) at 2.  It would have been impracticable to identify and obtain discovery from *all* potential class members before trial even began.  (Indeed, only 4,455 allegedly valid claims were filed after the trial.)  It is only at this stage that class members with potential damages have been identified, and they have now (by submitting proof of claim forms) provided contact information that will facilitate serving discovery on them.  Moreover, the parties and court recognized that this case would be adjudicated in phases, with a trial addressing Lead Plaintiff's claim and issues of class-wide liability, leaving issues relating to individual reliance until after trial.  That is the only sound approach, as it would have been inefficient, expensive, and extremely burdensome to obtain pretrial discovery from every absent class member.  It would revolutionize the practice of securities class action litigation if—in every single case—the parties were forced to conduct discovery as to all absent class members before trial, before even knowing whether the plaintiffs could prove any of the elements of securities fraud that can be established on a class-wide basis (like falsity and scienter).  Indeed, if Plaintiffs' proposed approach were the rule, no private securities class action could ever be certified as a class action because individualized issues regarding class members' reliance would predominate from the start.

What's more, Plaintiffs' counsel would have certainly objected if Defendants had sought individualized discovery from absent class members before trial.  That is exactly what Plaintiffs' counsel has done in other securities class actions.  *See, e.g.*, Mot. for Protective Order, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-cv-5893, 2005 WL 6292442 (N.D. Ill. Jan. 11, 2005) (motion by lead plaintiffs requesting "an Order requiring the [class action defendants] to withdraw their outstanding third-party subpoenas and prohibiting defendants from pursuing further discovery related to individual claims and defenses until after class-wide liability has been determined").  And some courts have indeed indicated that "discovery from absent class members *prior to a finding of liability* is disfavored."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

*Campbell v. Best Buy Stores, L.P.*, No. 12-cv-7794, 2014 WL 12778925, at *3 (C.D. Cal. Aug. 15, 2014) (emphasis added).

With the trial over and the claims-submission phase completed, ***now*** is the time to conduct targeted individual-reliance discovery.  Conducting discovery at this stage is sensible, as it could not realistically have been done any earlier.  And Defendants' liability to the class and class members' damages cannot fairly be adjudicated without an opportunity for such discovery.  For these reasons, courts have consistently recognized that "delay[ing] discovery into individualized issues until after class-wide liability has been determined" is "the most efficient and expeditious" way to proceed.  *Lawrence E. Jaffe Pension Plan v. Household Int'l*, No. 02-cv-5893, 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005); *see also On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 458 (S.D. Cal. 2001) ("[T]he most appropriate time to gather any necessary information from individual class members is generally after a determination of liability and before payment of individual claims.").  Indeed, the only two other securities class actions to reach post-trial proceedings since 1995 have held that the post-trial stage is the appropriate time for seeking discovery from absent class members.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584-85 (S.D.N.Y. 2011); *Household*, 2005 WL 3801463, at *4.

Thus, pursuant to the Court's scheduling order on the claims process (ECF No. 817), Defendants request amendment of the final pretrial order under Federal Rule of Civil Procedure 16(e) to permit targeted individual-reliance discovery.

## II.   BACKGROUND

This is a securities class action in which Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities & Exchange Commission Rule 10b-5 by making misrepresentations about Puma's life-saving breast-cancer drug, neratinib.  Plaintiffs were required to prove six elements to prevail: (1) a material misrepresentation, (2) scienter, (3) a

1  connection with the purchase or sale of a security, (4) reliance, (5) damages, and

2  (6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005).

3  To establish the element of reliance, Plaintiffs must show that, "but for"

4  Defendants' misrepresentation, each class member would not have purchased Puma

5  stock. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005). Plaintiffs lack

6  direct evidence that they relied on any alleged misrepresentation, however, so they

7  invoked the rebuttable fraud-on-the-market presumption of reliance recognized in

8  *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). This presumption posits "that the

9  market price of shares traded on well-developed markets reflects all publicly

10  available information" and that investors who trade at the market price "do[] so in

11  reliance on the integrity of that price." *Id.* at 246-47. But the presumption is

12  *rebuttable*, so a securities defendant is entitled to challenge whether it applies to any

13  given class member. Any showing "that severs the link between the alleged

14  misrepresentation and either" (1) "the price received (or paid) by" the plaintiffs, or

15  (2) the plaintiffs' "decision to trade at a fair market price," will rebut the

16  presumption. *Halliburton Co. v. Erica P. John Fund, Inc.* (*Halliburton II*), 573 U.S.

17  258, 268-69 (2014). A defendant may rebut the presumption on a *classwide* basis

18  (by showing that the alleged misrepresentation did not affect the stock price) and on

19  an *individualized* basis (by showing, for example, that a particular plaintiff did not

20  rely on the integrity of the market price). *See id.* at 279-80.

21  In the run up to trial, the parties recognized that the reliance element could not

22  be conclusively resolved until after trial. So the parties and court agreed that

23  individual issues as to absent class members would be dealt with *after* trial. In the

24  pretrial order, Defendants stated that they "reserved the right to challenge the

25  individual reliance of absent class members following any determination of liability

26  [by the jury]." Proposed Final Pretrial Conf. Order (ECF No. 585-1) ¶ 14. The

27  pretrial order also stated that "[a]ll discovery is complete," *id.* ¶ 9, but that default

28  language from the Court's template order (*see* C.D. Cal. L. Civ. R. Appendix A

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

¶ 9)—viewed in context of Defendants' reservation—plainly referred to discovery directed at the issues *to be handled at the trial*.  Indeed, during summary-judgment briefing, Defendants noted that "the most appropriate time to gather any necessary information from individual class members" would be *after* trial.  Defs.' Opp. to Pls.' MSJ (ECF No. 441) at 20 (quoting *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 519-20 (S.D. Cal. 2008)).  Defendants also pointed out that "[i]t is only unless and until a jury were to determine liability and per-share inflation that the damages of individual class members would be assessed through a claims process."  *Id.*; *see also id.* at 2 ("The application of . . . limitations on damages, and the precise means by which damages will be calculated, are issues that are routinely decided only after a verdict as part of the claims process.  The Court should do the same here.").

For their part, Plaintiffs acknowledged before trial that rebutting "reliance by a particular class member must necessarily be on an individual basis because there can be no class presumption of non-reliance."  Pls.' Reply Supp. MSJ (ECF. No. 464) at 5.  Moreover, Plaintiffs relied on the fact that there would be a post-trial phase for obtaining information from class members to argue that evidence of class-wide damages should be excluded from trial entirely.  *See* Pls.' Mot. *in limine* No. 1 (ECF No. 512) at 2 ("[A]n accurate calculation of aggregate damages can't be done until completion of the post-trial claims process.").  And Plaintiffs' counsel recognized at the pretrial conference that "issues of individual reliance ***are dealt with after a trial***."  Final Pretrial Conf. Tr. (ECF No. 615) at 10:11-12 (emphasis added).

Consistent with this agreed-upon approach to defer individual issues until after trial, the parties' special verdict form asked the jury to decide whether

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1    Defendants had rebutted the presumption of reliance only (1) as to Lead Plaintiff

2    (Question 5.1); and (2) on a classwide basis (Question 5.2):

3

4    **5.    REBUTTING THE PRESUMPTION OF RELIANCE**

5    5.1    Did Defendants prove that Plaintiff Norfolk Pension Fund did not actually rely on the integrity of the market price of Puma's stock because it would have bought

6    Puma stock at the same price it did, even if it had known of the alleged fraud? (circle either "yes" or "no")

7                                  YES        (NO)

8                          PROCEED TO QUESTION 5.2.

9    5.2    Did Defendants prove that the alleged false or misleading statements or

10   omissions on July 22, 2014 did not affect the market price of Puma's stock? (circle either "yes" or "no")

11                                 YES        (NO)

12

13   Verdict Form (ECF No. 718).  Notably, the jury was not asked to (and did not) decide

14   whether Defendants had rebutted the presumption of reliance as to any other class

15   member, because that evidence was not before the jury.  *See id.*  So Defendants'

16   liability to individual claimants remained unresolved.

17        After trial, Plaintiffs nevertheless asked the Court to enter a final judgment.

18   *See* Pls.' Notice of Proposed J. (ECF No. 729).  Defendants objected, arguing that

19   judgment was premature because the verdict did not resolve class members'

20   individual reliance and because Defendants had not yet had an opportunity to

21   challenge individual reliance.  *See* Defs.' Objs. to Pls.' Notice of Proposed J. (ECF

22   No. 732).  Defendants also pointed out that damages could not be calculated because

23   the Court had yet to decide the formula for doing so and because any damages

24   calculation would require a close examination of each claimant's transactions in

25   Puma stock.  *Id.*

26        Judge Guilford agreed and denied Plaintiffs' request for judgment.  He noted

27   that "[i]t is not just the damages amount that has yet to be solidified for . . . absent

28   class members, but liability."  ECF No. 739 at 2; *see also id.* at 3 ("[B]efore judgment

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

may be entered as to individual class members' claims, their reliance (a precursor to Defendants' liability) . . . must be established."). Consistent with the process contemplated before trial, Judge Guilford observed that "absent class members haven't [yet] been counted or identified, so Defendants haven't had an opportunity to rebut their individual reliance claims." *Id.* at 2. He also confirmed that "Defendants have a right to challenge reliance on an individualized basis." *Id.* at 1.

Over the following months, the parties briefed and Judge Guilford decided various post-verdict issues. In September 2019, Judge Guilford approved a notice to the class about the verdict, established a claims-administration schedule, awarded prejudgment interest, and determined the methodology for calculating damages. *See* Order (ECF No. 778). In February 2020, while the claims administrator was accepting claims, the case was reassigned from Judge Guilford to this Court.

After the claims-submission period ended and the claims administrator filed its report, the parties submitted proposals to the Court for the claims-challenge process. On November 27, 2020, the Court issued a scheduling order for challenging claims (ECF No. 817) and instructed counsel to meet and confer about the claims and any deficiencies. The order provided that, if counsel could not reach an agreement on claims for which Defendants believed they needed discovery, at the end of the claims review period, Defendants were to move for leave to amend the final pretrial order under Federal Rule of Civil Procedure 16. *Id.* at 1-2.

Consistent with the Court's order, Defendants conducted a thorough review of the claims and their supporting documentation. To date, Defendants have spent over 450 hours carefully analyzing the claims. *See* Decl. of Jordan D. Cook in Supp. of Defs.' Mot. for Leave to Amend Final Pretrial Order (Cook Decl.) ¶ 4. During that review, Defendants identified potential evidentiary issues with certain claims, and confirmed that additional information is required to assess whether there are sufficient grounds to challenge individual claimants' reliance. *See id.* ¶ 5. To give the parties enough time to address these issues under the deadlines established by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1   the Court's order, Defendants' counsel sent a letter to Plaintiffs' counsel on January

2   27, 2021, laying out Defendants' position as to discovery and highlighting issues

3   with certain claims.  *Id.*, Ex. 3.  Defendants also conferred with Gilardi & Co., the

4   claims administrator, to clarify certain information provided in the final claims

5   report.  *Id.* ¶ 6.

6         On January 29, 2021, the parties' counsel conferred telephonically to discuss

7   these issues further, including the need for targeted discovery to assess claimants'

8   individual reliance.  *Id*. ¶ 10.  The parties have continued to meet and confer since

9   that date, with additional correspondence exchanged on March 10 and 12, 2021.  *Id*.

10   ¶ 10 & Ex. 4.  Counsel also conferred telephonically on March 22, 2021.  *Id*. ¶ 10.

11   Although Plaintiffs' counsel indicated that they have tried to remedy certain

12   technical deficiencies with particular claims, they maintain that Defendants are not

13   entitled to any discovery on individual reliance.  This issue is thus ripe for the

14   Court's resolution.

15   **III.   ARGUMENT**

16         Defendants have a legal right to litigate whether individual class members can

17   claim the fraud-on-the-market presumption.  Resolving that issue fairly requires that

18   Defendants be permitted to obtain targeted discovery from class members directed

19   at individual reliance.  And the pretrial order entered in this case—which serves to

20   refine and focus the issues *for trial* and to protect against unfair surprise *at trial*—

21   should not prevent Defendants from obtaining the discovery they now seek.  Rule

22   16(e) permits amendment of a final pretrial order "to prevent manifest injustice."

23   That standard is easily met here.  Under Rule 16(e), courts weigh the degree of

24   prejudice or surprise on the non-movant, the ability to cure any such prejudice, the

25   effect on the trial schedule, and the movant's willfulness or bad faith.  *Galdamez v.*

26   *Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).  Each factor supports amendment to

27   allow for limited discovery of facts relevant to individual reliance.  Defendants'

28   proposed discovery requests are few in number, would impose no undue burden, and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

8

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

are all directed at eliciting information relevant to adjudicating the sole remaining element of liability.  The Court should grant Defendants' motion.

## A.   Defendants Have a Right to Obtain Reasonable Discovery to Challenge the Reliance Element

*Basic* and *Halliburton II* establish that Defendants have the right to challenge each class member's reliance by rebutting the fraud-on-the-market presumption on an individual basis.  *See Basic*, 485 U.S. at 248; *Halliburton II*, 573 U.S. at 269-70; *see also id.* at 295 (Thomas, J., concurring in the judgment) ("[B]y its own terms, *Basic* entitles defendants to ask each class member whether he traded in reliance on the integrity of the market price.").  But without an opportunity to obtain discovery directed at individual reliance, the right to challenge individual reliance would be meaningless.  Defendants would have no viable means to test whether a particular class member actually relied "on the integrity of the market price in trading stock." *Id.* at 276.

It is standard practice in civil litigation that a party is entitled to discovery. *See generally* Fed. R. Civ. P. 26.  And the right to discovery is especially important in circumstances like these, where tens of millions of dollars are at stake and the evidence is material and in the exclusive possession of the other side.  *See Garrett v. City & Cty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) ("[A] party's access to . . . material is of crucial importance . . . where the information is likely to be in the sole possession of the opposing party."); *Program Eng'g, Inc. v. Triangle Publ'ns., Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.").

The post-trial phase in *Vivendi*—the most recent securities class action until this case to reach post-trial proceedings—illustrates the importance of a defendant's ability to meaningfully test individual reliance with proof.  There, after tailored

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

discovery including document requests and depositions, the defendant rebutted the presumption for numerous institutional investors on different bases, post-trial.  *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 123 F. Supp. 3d 424, 438 (S.D.N.Y. 2015) (defendant rebutted presumption during post-trial phase by establishing that plaintiff was "a sophisticated institutional investor whose own specialized knowledge and advanced research rendered it completely indifferent to the fraud"); *GAMCO Inv'rs, Inc. v. Vivendi, S.A.*, 927 F. Supp. 2d 88, 101-02 (S.D.N.Y. 2013) (defendant rebutted presumption during post-trial phase by establishing that plaintiffs' decision to purchase stock was based on proprietary technique that was "completely independent" of market price).  Defendants should have the same opportunity here.

Fundamental notions of due process also support granting leave to pursue targeted discovery here.  Due process requires that every defendant have "the *actual opportunity* to defend" itself.  *Nelson*, 529 U.S. at 471 (emphasis added).  That principle applies with full force to class actions.  *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972); *see also* 3 William B. Rubenstein, *Newberg on Class Actions* § 9:11 (5th ed. Dec. 2020 Update) (class action defendant has "a due process right to . . . defend itself and should not be unfairly prejudiced by being unable to develop its case" (citing cases)).  Defendants thus have a due-process right to verify and challenge class members' entitlement to the presumption.  *See, e.g.*, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017) (observing that a defendant's "opportunities to individually challenge the claims of absent class members if and when they file claims for damages" safeguards its due-process rights); *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168-69 (9th Cir. 2014) (recognizing class action defendant's "due process right to present individualized

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1  defenses to damages claims").[1]  Targeted discovery offers the only realistic and

2  meaningful way for Defendants to do that.

3          The Rules Enabling Act confirms that individualized discovery as to reliance

4  is appropriate.  The Act confirms that Federal Rule of Civil Procedure 23's class-

5  action mechanism is purely a *procedural* device for aggregating parties' claims in a

6  single case and does "not abridge, enlarge or modify any substantive right."  28

7  U.S.C. § 2072(b); *see In re Hotel Tel. Charges*, 500 F.2d 86, 90 (9th Cir. 1974) (The

8  "enlargement or modification of substantive statutory rights by procedural devices

9  [like class actions] is clearly prohibited by the [Rules] Enabling Act that authorizes

10  the Supreme Court to promulgate the Federal Rules of Civil Procedure.").  So the

11  rights of class action defendants and class members are no different than they are in

12  individual suits.    That means a class action cannot prevent defendants from

13  "litigat[ing] [their] statutory defenses to individual claims."  *Wal-Mart Stores, Inc.*

14  *v. Dukes*, 564 U.S. 338, 367 (2011).  To the contrary—defendants with such defenses

15  have "the right to raise any individual affirmative defenses" and are "entitled to

16  individualized [liability and damages] determinations."  *Id.* at 366-67.  And those

17  _____

18  [1]  *See also Mullins v. Direct Digital, LLC*, 795 F.3d 654, 669 (7th Cir. 2015) ("A
defendant has a due process right to challenge the plaintiffs' evidence at any stage
19  of the case, including the claims or damages stage."); *Carrera v. Bayer Corp.*, 727
F.3d 300, 307 (3d Cir. 2013) ("A defendant in a class action has a due process right
20  to raise individual challenges and defenses to claims, and a class action cannot be
certified in a way that eviscerates this right or masks individual issues."); *Marcus v.*
21  *BMW of N. Am., LLC*, 687 F.3d 583, 594 (3d Cir. 2012) ("Forcing [class action
defendants] to accept as true absent persons' declarations that they are members of
22  the class, without further indicia of reliability, would have serious due process
implications."); *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 232 (2d Cir. 2008)
23  (recognizing that a deprivation of the "the right of [class action] defendants to
challenge the allegations of individual plaintiffs" inflicts "a due process violation"),
24  *abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639
(2008); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 (11th Cir. 2003)
25  (class action defendant's unresolved defenses to claims meant that the defendant had
"a present interest in the claims process," that "an adversarial class process" was
26  warranted as a result, and that "due process require[d] that [defendant] be allowed
to participate"), *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545
27  U.S. 546 (2005).

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1 individualized determinations cannot be replaced "with [a] Trial by Formula" that

2 guestimates a defendant's liability and damages to the class based on a statistically

3 insignificant sample (here, that sample would be 1 (Lead Plaintiff) of 4,550 (total

4 number of claimants)).  *Id.*; *see also In re Fibreboard Corp.*, 893 F.2d 706, 711-12

5 (5th Cir. 1990) (trial that would determine defendants' liability to 2,990 asbestos

6 claimants based on evidence about 41 class members violated due process); *see also*

7 *In re Hotel Tel. Charges*, 500 F.2d at 90 ("[A]llowing gross damages by treating

8 unsubstantiated claims of class members collectively significantly alters substantive

9 rights.").[2]

10   Defendants are thus entitled to litigate individual reliance as if they had been

11 sued by each absent class member.  *See, e.g.*, *Dukes*, 564 U.S. at 366-67.  After all,

12 "by its own terms, *Basic* entitles defendants to ask each class member whether he

13 traded in reliance on the integrity of the market price."  *Halliburton II*, 573 U.S. at

14 295 (Thomas, J., concurring in the judgment).  Restricting Defendants' right to

15 litigate individual reliance or damages to just a subset of class members would be

16 improper because this would deprive Defendants of their rights while expanding the

17 rights of class members.  *See, e.g.*, *Six (6) Mexican Workers v. Arizona Citrus

18 Growers*, 904 F.2d 1301, 1306 (9th Cir. 1990) (disapproving of the "impermissible

19 circumvention of individual proof requirements" in class actions involving claims

20 that require individual proof).  Each class member is thus subject to discovery

21 directed at individualized issues.

22

23

24 [2]  Plaintiffs have argued that the Rules Enabling Act actually supports *denying* discovery because "if this was an individual action, Defendants would not be entitled to post-trial discovery," and "the fact that this case proceeded as a class action under Rule 23 does not convey a right to post-trial discovery."  Pls.' Reply re: Claims Challenges (ECF No. 812) at 3-4.  That argument is confused and actually cuts the other way.  Defendants have not asserted a general right to post-trial discovery but a right to meaningfully challenge individual reliance for each class member.  And we would not be here if this were an individual case—because Defendants would have been able to challenge individual reliance at trial, as they did for the only individual claimant there—the Lead Plaintiff.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1    **B.      Permitting Targeted Discovery on Individual Reliance Is Necessary**
2              **to Prevent Manifest Injustice**

3          Plaintiffs have not disputed that discovery from absent class members is fair
4    and appropriate in securities class actions—nor could they, as preventing discovery
5    would effectively deprive Defendants of the opportunity to contest reliance.  Instead,
6    Plaintiffs argue that discovery is inappropriate here because Defendants are asking
7    for it now, after trial, instead of before trial.  *See, e.g.*, ECF No. 749 at 19-20 (arguing
8    that Defendants were required to pursue discovery from absent class members before
9    trial).  According to Plaintiffs, there is no basis for modifying the pretrial order to
10   allow additional discovery now.

11         Plaintiffs are wrong.  A final pretrial order may be amended "to prevent
12   manifest injustice," Fed. R. Civ. P. 16(e), and that standard is met here.  Courts
13   consider four factors to assess whether a movant has established the requisite
14   manifest injustice: "(1) the degree of prejudice or surprise to the [non-movant] if the
15   order is modified; (2) the ability of the [non-movant] to cure the prejudice; (3) any
16   impact of modification on the orderly and efficient conduct of the trial; and (4) any
17   willfulness or bad faith by the [movant]."  *Galdamez*, 415 F.3d at 1020.

18         The ordinary Rule 16(e) standard is not well suited to this case's post-trial
19   procedural posture, and neither are the *Galdamez* factors.  Most scheduling orders
20   may be modified for "good cause," Fed. R. Civ. P. 16(b)(4), but the stricter "manifest
21   injustice" standard applies to amendments of final pretrial orders because such
22   orders "seek to tame . . . exuberant modern pretrial practices and focus the mind on
23   the impending reality of trial," *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir.
24   2015) (Gorsuch, J.).  The standard "ensure[s] [that] everyone involved has sufficient
25   incentive to fulfill the order's dual purposes of encouraging self-editing and
26   providing reasonably fair disclosure to the court and opposing parties alike of their
27   real trial intentions."  *Id.*; *see also Mechmetals Corp. v. Telex Computer Prods., Inc.*,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

709 F.2d 1287, 1294 (9th Cir. 1983) ("The purposes of Rule 16[] [are] to expedite litigation and prevent surprise during trial.").

In other words, final pretrial orders distill the issues for and prevent surprise at trial, and Rule 16(e) reflects a determination that only a showing of manifest injustice can justify compromising those important values. But amending the final pretrial order as requested here doesn't implicate the values that Rule 16(e) safeguards—because all parties knew before trial that individualized issues like reliance and damages were not going to be addressed at trial (and could not have been addressed at trial). The parties' pretrial briefing explicitly contemplated further proceedings through which they would address individualized issues and obtain information from class members. *See supra* at 4-6. The final pretrial order itself expressly contemplated that this discovery might be pursued if Plaintiffs prevailed on class-wide issues: Defendants reserved the "right to challenge the individual reliance of absent class members following any determination of liability [by the jury]." ECF No. 585-1 ¶ 14. *Cf. In re Hunt*, 238 F.3d 1098, 1101-02 (9th Cir. 2001) ("[A] pretrial order will be liberally construed to permit consideration of any issues that are embraced within its language."). The trial is over, that determination has been made, and now Defendants seek the exact discovery that was always contemplated.

In any event, Rule 16(e)'s manifest injustice standard is easily met here. There would be no "prejudice or surprise" to Plaintiffs if the final pretrial order were amended to enable Defendants to do exactly what they reserved the right to do in that same final pretrial order. As the Ninth Circuit has explained, being forced to continue litigating "does not constitute" a legal form of prejudice that weighs against amending a final pretrial order. *Mechmetals Corp.*, 709 F.2d at 1294; *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice."). And Plaintiffs' counsel recognized at the pretrial conference that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

14

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

"issues of individual reliance *are dealt with after a trial*."  ECF No. 615 at 10:11-12 (emphasis added); *see also id.* at 10:13-17 ("Defendants themselves in the draft pretrial conference order had requested that they be able to make challenges to individual reliance issues after a verdict.  So if they have evidence of individual reliance issues, that is an issue that will be raised after a verdict.").  Plaintiffs have not switched counsel.  They cannot claim prejudice or feign surprise now when they endorsed this very timing years ago.  Here—like in *Vivendi*—it is "clear that all parties were on notice that individual reliance issues might require resolution in separate proceedings after the class trial."  765 F. Supp. 2d at 586 (holding that Vivendi was "entitled to an opportunity to rebut the presumption of reliance on an individual basis" after trial).  Nor is there a possibility of prejudice or surprise to the absent class members.  The claim form submitted by each claimant includes an acknowledgment that provides, "I agree to furnish additional information to the Claims Administrator, counsel for the parties, or the Court to support this claim if required to do so."  Pls.' Proposed Claim Form (ECF No. 749-2) at 3; *see also* Order (ECF No. 778) (approving form).  Each claimant has thus consented to providing discovery as part of the claims process.

Without any prejudice or surprise, the second *Galdamez* factor—Plaintiffs' ability to cure their nonexistent prejudice or surprise—is irrelevant.  Amending the pretrial order would also have no "impact . . . on the orderly and efficient conduct of the trial," *Galdamez*, 415 F.3d at 1020, because the trial is over.  And there is plainly no willfulness or bad faith here given the parties' repeated acknowledgment that individual-reliance issues would be adjudicated post-trial.  *See supra* at 4-6.  The manifest injustice factors are satisfied here and support amending the final pretrial order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

**C.** **Defendants' Discovery Requests Are Reasonable and Proportionate**

To minimize the burden on claimants and ensure that the individualized discovery proceeds efficiently, Defendants have developed streamlined discovery requests aimed at ascertaining the key facts surrounding individual reliance.  There are myriad ways for Defendants to rebut individual reliance.  *See GAMCO*, 927 F. Supp. 2d at 104 ("[T]he [two] examples [of ways to rebut the presumption] given in *Basic* were not meant to be exhaustive.").  Defendants could prove, for example, that a claimant did not rely "on the integrity of the market price in trading stock," *Halliburton II*, 573 U.S. at 276, or "relied upon information not generally available to the public," *Vivendi*, 765 F. Supp. 2d at 584, or was "a sophisticated institutional investor whose own specialized knowledge and advanced research rendered it completely indifferent to the fraud," *Vivendi*, 123 F. Supp. 3d at 438, or "would have transacted in [Puma stock] regardless of what was known . . . about [Puma] or its stock," *GAMCO*, 927 F. Supp. 2d at 99, or relied on a factor that was "completely independent" of the market price in purchasing the stock, *id.* at 101.[3]  Defendants' discovery requests will let them assess the availability of such arguments as to particular class members.  Specifically, Defendants propose issuing the following targeted set of four interrogatories and four requests for production to each claimant:

---

[3]  *See also Fine v. Am. Solar King Corp.*, 919 F.2d 290, 299 (5th Cir. 1990) ("The presumption of reliance can be rebutted by showing . . . that the Plaintiffs would have purchased the stock at the same price had they known the information that was not disclosed" or "that the Plaintiffs actually knew the information that was not disclosed to the market."); *Gianukos v. Loeb Rhoades & Co.*, 822 F.2d 648, 655 (7th Cir. 1987) (presumption rebutted where plaintiff relied on "'inside information' and not on the integrity of the market"); *Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983) (presumption would be rebutted by showing "that plaintiffs did not significantly rely on the integrity of the market or that, even if they had known of the alleged misrepresentation, they would still have purchased the stock").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

16

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

| **Interrogatories** |
|---|
| 1. For each of the Transactions, identify each Person(s), including (if applicable) You or any investment advisor, who made the decision(s) to engage in the Transactions. |
| 2. For each Person(s) identified in Your response to Interrogatory No. 1, describe with particularity:  (i) what factors influenced the decision to engage in the Transactions; (ii) what, if any, due diligence, investigation, analysis, or evaluation of Puma or Puma securities was performed prior to engaging in the Transactions; (iii) what, if any, documents regarding Puma or Puma Securities were considered prior to engaging in the Transactions; (iv) the nature of all Communications regarding Puma or Puma securities made prior to engaging in the Transactions. |
| 3. State whether You contend that You (or, if another Person(s) made the decision(s), that Person(s)) relied on the integrity of the market price for Puma securities in deciding to engage in the Transactions. |
| 4. State with particularity the reasons for Your response to Interrogatory No. 3. |

Cook Decl., Ex. 1 at 3-4.

| **Requests For Production** |
|---|
| 1. All Documents You relied upon in answering the Interrogatories. |
| 2. All Documents evidencing Your Transactions in Puma securities, including the quantity of shares held, purchased, or sold, trade date, and purchase or sale price for each Transaction, excluding any Documents that You previously provided to the Claims Administrator. |
| 3. All Documents concerning Puma and/or Puma securities read, reviewed, or considered by You or any Persons identified in response to Interrogatory No. 1, including, without limitation: (i) any research, due diligence, investigation, analysis, or evaluation of Puma, Puma securities, the ExteNET trial, or the biotechnology industry; and (ii) documents provided to or received from an investment advisor. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

17

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1
2

> 4.  All Documents reflecting investment guidelines, rules, or policies that governed Your Transactions.

3   *Id.*, Ex. 2 at 4-5.

4         These discovery requests are narrowly tailored to identify information
5   relevant to class members' individual reliance, which remains unresolved and which
6   Defendants "have a right to challenge."  ECF No. 739 at 1; *see also* Fed. R. Civ. P.
7   26(b)(1) ("[A]ny nonprivileged matter that is relevant to any party's claim or defense
8   and proportional to the needs of the case" is discoverable.).  The responses to these
9   requests will reveal:  (1) the identity of the relevant decision-maker(s); (2) what non-
10  price factors, if any, motivated the class member's stock purchase; (3) what
11  diligence, if any, the class member performed before purchasing stock; and (4) what
12  non-price information, if any, each class member relied on in making the purchase.
13  That information is crucial to assessing individual reliance.  Consider, for example,
14  if a claimant answered Interrogatory 2 by explaining that she invested in Puma
15  because research into breast-cancer treatments is important to her and that she
16  generally invests part of her portfolio in biopharmaceutical companies working on
17  breast-cancer drugs regardless of their share price.  Or consider if a claimant
18  produced investment policies in response to Request for Production 4 that reveal it
19  used a proprietary valuation technique—independent of market price—in
20  purchasing Puma stock.  The presumption would be unavailable to these claimants
21  because they relied on factors that are "completely independent" of the market price
22  in purchasing Puma stock.  *GAMCO*, 927 F. Supp. 2d at 101.  Thus, the responses
23  to these discovery requests will help Defendants determine whether there is a basis
24  for challenging class members' reliance and whether depositions of particular class
25  members or their investment advisors or other follow-up discovery requests are
26  warranted.

27        The discovery is also "proportional to the needs of the case."  Fed. R. Civ. P.
28  26(b)(1).  Proportionality is assessed by considering "the importance of the issues at

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Defendants' requests seek information about the sole remaining element of liability, which is crucial to resolving this case and which is in the exclusive possession of the class members, and the requests impose no undue burden on claimants. Indeed, the burden is minimal relative to the importance of the discovery, and the information sought cannot be obtained through alternative means. The proposed requests also include straightforward instructions on how to respond and, if the Court believes additional guidance would be helpful, such guidance could be provided on class counsel's website. *Cf.* Notice of Verdict, http://pumabiosecuritieslitigation.com/media/2373222/puy_notice_final.pdf at 3 (informing claimants that unless they choose to appear by other counsel, "you will be represented by Class Counsel: Robbins Geller Rudman & Dowd LLP"); Restatement (Third) of the Law Governing Lawyers § 99 cmt. l (Am. Law. Inst. 1998) ("[O]nce the proceeding has been certified as a class action, the members of the class are considered clients of the lawyer for the class.").

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court amend the final pretrial order and grant them leave to propound the individual-reliance discovery outlined above.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

19

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK

1    Dated:  March 29, 2021                    Respectfully submitted,

2                                              LATHAM & WATKINS LLP

3                                              By  */s/ Michele D. Johnson*

4

5                                                  Michele D. Johnson
                                                   Andrew B. Clubok
6                                                  Colleen C. Smith
                                                   Sarah A. Tomkowiak
7                                                  Kristin N. Murphy

8

9                                                  *Attorneys for Defendants Puma*
                                                   *Biotechnology, Inc. & Alan H. Auerbach*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

20

DEFS.' MEM. OF LAW ISO MOTION FOR LEAVE
TO AMEND THE FINAL PRETRIAL ORDER
CASE NO. 8:15-CV-00865-DOC-SHK