# EXHIBIT 2

| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Michele D. Johnson (Bar No. 198298)<br>*michele.johnson@lw.com* |
| 3 | Kristin N. Murphy (Bar No. 268285)<br>*kristin.murphy@lw.com* |
| 4 | 650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925 |
| 5 | Tel: (714) 540-1235<br>Fax: (714) 755-8290 |
| 6 | LATHAM & WATKINS LLP |
| 7 | Colleen C. Smith (Bar No. 231216)<br>*colleen.smith@lw.com* |
| 8 | 12670 High Bluff Drive<br>San Diego, CA 92130-3086 |
| 9 | Tel: (858) 523-5400<br>Fax: (858) 523-5450 |
| 10 | LATHAM & WATKINS LLP |
| 11 | Andrew B. Clubok *(pro hac vice)*<br>*andrew.clubok@lw.com* |
| 12 | Sarah A. Tomkowiak *(pro hac vice)*<br>*sarah.tomkowiak@lw.com* |
| 13 | 555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004-1304 |
| 14 | Tel: (202) 637-2200<br>Fax: (202) 637-2201 |
| 15 | *Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUMA BIOTECHNOLOGY, INC., and ALAN H. AUERBACH,<br><br>Defendants. | CASE NO. 8:15-cv-00865-DOC-SHK<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO [CLAIMANT]** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFS.' FIRST SET OF
POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 2
Page 8

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Defendants Puma Biotechnology, Inc. and Alan H. Auerbach |
| 3 | RESPONDING PARTY: | Claimants |
| 4 | SET NUMBER: | One |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants hereby request that, within sixty days of service, or such other time as the parties may agree, [Claimaint Name] produce the documents, electronically stored information, and tangible things specified herein at the offices of Latham & Watkins LLP, c/o Michele D. Johnson, 650 Town Center Drive, 20th Floor, Costa Mesa, CA 92626-1925. This production should be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" below.

These document requests incorporate by reference all definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and supplement them with the following definitions and instructions.

## **DEFINITIONS**

1. "Action" means the lawsuit, *Hsu v. Puma Biotechnology, Inc.*, 8:15-cv-00865-DOC-SHK, pending in the United States District Court for the Central District of California.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4. "Document" means all documents, electronically stored information, and tangible things in the broadest sense under Federal Rule of Civil Procedure 34, and means anything that can be read, viewed, heard, or otherwise understood. Subject to and in accordance with the Instructions below, "document" is not limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "document" includes, without limitation, all preliminary,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

DEFS.' FIRST SET OF
POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 2
Page 9

intermediate, and final versions, as well as any notations, comments, and marginalia (handwritten or otherwise) appearing thereon or therein; "document" includes originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items. Any document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original test or reproduction thereof, are considered a separate document.

5. "Evidence, refer, reflect, or relate to" and similar terms, used together or alone, mean all information, facts, or documents that directly, indirectly, or in any other way support, concern, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

6. "Puma" or the "Company" means Defendant Puma Biotechnology, Inc., including its predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, or any other Person acting on his/her/its behalf.

7. "ExteNET trial" refers to Puma's Phase III trial of its breast-cancer drug neratinib, now marketed and sold under the name NERLYNX®.

8. "Identify," when used regarding a person, means to state the person's full name, present or last known place of employment, including the business address and telephone number, and present or last known job title.

9. "Interrogatories" means Puma's First Set of Interrogatories to [Claimant], served concurrently with this First Set of Requests for Production.

10. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "Securities" has the meaning set forth in the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*

12. "Transactions" means any exchange of consideration for a change in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

DEFS.' FIRST SET OF
POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 2
Page 10

ownership of Puma Securities from June 1, 2014 through August 13, 2015, including, but not limited to, purchasing, selling, shorting, or exercising options.

13. "You" or "Your" refers to [INSERT] and, without limitation, your predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, or any other Person acting on their behalf.

14. "And" and "or" shall be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the definition, instruction, or request all responses that might otherwise be construed to be outside of its scope by any other construction.

15. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16. The use of the singular form of any word includes the plural form of the same and vice versa.

**INSTRUCTIONS**

1. The requests below cover all documents within your possession, custody, or control, regardless of whether they are currently in your possession, including, but not limited to, all documents within the possession, custody, or control of persons acting on your behalf or at your instruction. For any requested document no longer in your possession, custody, or control, state what disposition was made of the document and the date of such disposition and identify all persons having knowledge of the document's contents. For any requested document that has been destroyed, state what document has been destroyed, when the document was destroyed, why it was destroyed, and all persons who participated in or were involved in the decision to destroy.

2. All documents shall be produced: (a) as they are kept in the ordinary course of business, complete with the original file folders, binders, containers, or other devices in which they are stored (or legible copies of the labels or other

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

DEFS.' FIRST SET OF
POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 2
Page 11

identifying information from those folders, binders, containers, or devices), or (b) organized according to the request to which they respond. If you elect the latter mode of production, each document from a particular file, binder, container, or other device shall be accompanied by a legible copy of the label or other identifying information from that, file, binder, container, or device or some other reliable indicator of the location, file, binder, container, or device from which it was taken.

3. All documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals. All electronic documents shall be produced in accordance with the parties' Stipulation Establishing Protocol for Production of Documents, filed October 31, 2016 (ECF No. 80).

4. If you object to any portion of any request below, identify the portion of a request to which you object, state the reason for your objection with specificity, and answer the remainder of the request. If any request calls for a document or communication for which you claim any privilege or work product protection for all or any portion of such document or communication, provide a privilege log containing the information required by Federal Rule of Civil Procedure 26(b)(5)(A).

5. The requests below are continuing so that any additional documents responsive to the requests that you acquire or discover, up to and including the time of trial, shall be furnished through prompt supplemental responses as required by Federal Rule of Civil Procedure 26(e). This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:

All Documents You relied upon in answering the Interrogatories.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

DEFS.' FIRST SET OF
POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 2
Page 12

**REQUEST FOR PRODUCTION NO. 2**:

All Documents evidencing Your Transactions in Puma securities, including the quantity of shares held, purchased, or sold, trade date, and purchase or sale price for each Transaction, excluding any Documents that You previously provided to the Claims Administrator.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents concerning Puma and/or Puma securities read, reviewed, or considered by You or any Persons identified in response to Interrogatory No. 1, including, without limitation: (i) any research, due diligence, investigation, analysis, or evaluation of Puma, Puma securities, the ExteNET trial, or the biotechnology industry; and (ii) documents provided to or received from an investment advisor.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents reflecting investment guidelines, rules, or policies that governed Your Transactions.

Dated: [DATE]

Respectfully submitted,

LATHAM & WATKINS LLP

By [SAMPLE]

Michele D. Johnson
Andrew B. Clubok
Colleen C. Smith
Sarah A. Tomkowiak
Kristin N. Murphy

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

DEFS.' FIRST SET OF POST-TRIAL RFPS
CASE NO. 8:15-CV-00865-DOC-SHK

EXHIBIT 2
Page 13