# EXHIBIT 3

**Colleen C. Smith**
Direct Dial: 1.858.523.3985
colleen.smith@lw.com

12670 High Bluff Drive
San Diego, California 92130
Tel: +1.858.523.5400  Fax: +1.858.523.5450
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

January 27, 2021

**VIA E-MAIL**

Tor Gronborg
Robbins Geller Rudman & Dowd
655 West Broadway
Suite 1900
San Diego, CA 92101
torg@rgrdlaw.com

Re:  *Hsu v. Puma Biotechnology, Inc.*, Case No. 8:15-cv-00865-DOC-SHK

Dear Tor:

I am writing on behalf of Defendants Puma Biotechnology, Inc. and Alan H. Auerbach to meet and confer regarding next steps in this case. Pursuant to the Court's November 27, 2020 Order (the "Order"), Defendants are evaluating the claims listed in the claims report to determine whether they can be placed in Group 1, Group 2, or Group 3.

This letter addresses the 50 largest claims listed on the claims administrator's final claims report (ECF No. 800), specifically:



1)
2)
3)
4)
5)
6)
7)
8)
9)
10)
11)
12)
13)
14)
15)
16)
17)
18)



19)
20)
21)
22)
23)
24)
25)

26)
27)
28)
29)
30)
31)
32)
33)
34)
35)
36)
37)
38)
39)
40)
41)
42)
43)
44)
45)
46)
47)
48)
49)
50)

      We will provide additional information and requests on a rolling basis as our review continues, so that the parties have sufficient time to meet and confer and attempt to resolve any issues before March 29, 2021.

**I.    RELIANCE INFORMATION**

      As you are aware, consistent with Supreme Court precedent, Defendants are entitled to rebut absent class members' individual reliance.  *See Basic, Inc. v. Levinson*, 485 U.S. 224 (1988); *Halliburton Co. v. Erica P. John Fund, Inc. ("Halliburton II")*, 573 U.S. 258 (2014); ECF No. 739 at 2 ("Defendants haven't had an opportunity to rebut [absent class members'] individual reliance," so "[i]t is not just the damages amount that has yet to be solidified for these absent class members, but liability.").  After a review of the supporting documentation submitted

LATHAM&WATKINS LLP

with the largest twenty claims, we have determined that the supporting documentation does not contain information that is relevant to determining each claimant's individual reliance. The information needed, as identified in Defendants' proposed interrogatories and requests for production submitted to the court on October 28, 2020 (ECF No. 810), includes information and documents regarding:

- The identity of the person or persons, including any investment advisor, who made the decision to buy or sell Puma stock from June 1, 2014, to August 13, 2015;

- The factors influencing that person's the decision to engage in buying and selling Puma stock from June 1, 2014 to August 13, 2015, including, but not limited to: (1) due diligence, investigation, analysis, or evaluation of Puma securities; (2) documents regarding Puma securities; and (3) communications regarding the decision to engage in Puma stock;

- Document retention policies of both the claimant or anyone transacting in Puma securities on their behalf;

- Whether each claimant or anyone acting on their behalf relied on the market price for Puma securities when making the decision to invest in Puma securities from June 1, 2014, to August 13, 2014;

- Documents reviewed by the claimant or anyone acting on their behalf that relate to the decision to buy or sell Puma securities, including but not limited to documents related to the ExteNET trial; and

- Any investment guidelines, rules, or policies that govern the claimant's transactions in Puma securities.

This information is necessary to determine whether the claimants relied on the misstatement at issue, and accordingly whether they can satisfy the elements of their claim. We request that you collect this information from the claimants listed above and provide it to us within thirty days so that they can assess individual reliance and, as a result, whether these claims belong in Group 1 or Group 2, as described in the Court's order (ECF No. 817). If you decline to contact these claimants to seek the requested information, we request that you notify us immediately, and further that you confirm that we may reach out to these claimants to meet and confer with each of them directly.

## II.  EVIDENTIARY/DAMAGES CALCULATION DEFICIENCIES

Certain claimants identified above have not provided sufficient information for us to confirm the validity or amount of their claims. The following chart identifies the information we need for each of these claimants identified to date. Defendants are still reviewing claims, including the claims listed below, and anticipate that additional issues will arise.

**LATHAM&WATKINS**LLP

    In parallel, we have identified additional issues for the claims administrator, to see if it is able to resolve them in the first instance. Defendants reserve all rights on these issues, and, should the claims administrator be unable to resolve them, will request follow-up on those claims from you and the individual claimants.

| CLAIMANT | INFORMATION NEEDED |
|---|---|
| ▉ | • Additional trading records to identify / confirm beginning and end holding amounts. The end holding amount listed on the trade blotter does not match up with the number of shares transferred out and sold prior to the end of the relevant period. |
| ▉ | • Additional trading records to identify / confirm beginning and end holding amounts. The end holding amount listed on the trade blotter does not match up with the number of shares transferred out and sold prior to the end of the relevant period. |
| ▉ | • Communications and additional documents submitted, if any, after the claims administrator flagged that there were "discrepancies between the documentation and the submitted transactions." |
| ▉ | • Trading records reflecting the claimant's February 4, 2015 purchase of ▉ shares |

LATHAM&WATKINS LLP

We look forward to hearing from you on these issues by Wednesday, February 3, 2021.

Best regards,

Colleen C. Smith
of LATHAM & WATKINS LLP

cc:   Counsel of Record