LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Kristin N. Murphy (Bar No. 268285)
  *kristin.murphy@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

LATHAM & WATKINS LLP
  Andrew B. Clubok *(pro hac vice)*
  *andrew.clubok@lw.com*
  Sarah A. Tomkowiak *(pro hac vice)*
  *sarah.tomkowiak@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel:  (202) 637-2200
Fax:  (202) 637-2201

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated, | CASE NO. 8:15-cv-00865-DOC-SHK |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF PROPOSED JUDGMENT** |
| v. | |
| PUMA BIOTECHNOLOGY, INC., and ALAN H. AUERBACH, | |
| Defendants. | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................... 1

II. BACKGROUND ........................................................................... 3

III. ARGUMENT .............................................................................. 7

    A.     Entry of Partial Final Judgment Is Not Warranted ............................. 7

        1.     Entry of Partial Final Judgment Would Burden Judicial Administration .................................................... 8

            a.     Partial Judgment Would Yield Piecemeal Post-Trial Motions and Appeals ........................... 9

            b.     Partial Final Judgment Is the Exception, Not the Rule, as Precedent Confirms ................... 12

        2.     The Equities Do Not Support Entry of a Partial Final Judgment ........................................................... 15

    B.     Plaintiff's Proposed Partial Final Judgment Is Deficient ................. 17

IV. CONCLUSION ............................................................................ 20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

i

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

# TABLE OF AUTHORITIES

Page(s)

## CASES

*ABC Servs. Grp., Inc. v. Health Net of Cal., Inc.*,
   No. 19-cv-243, 2020 WL 5775828 (C.D. Cal. July 1, 2020)..........................8, 9

*Adidas Am., Inc. v. Payless Shoesource, Inc.*,
   166 F. App'x 268 (9th Cir. 2006)...................................................................12

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988) .........................................................................................3

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017)........................................................................18

*Catlin v. United States*,
   324 U.S. 229 (1945) .....................................................................................1, 7

*Core-Vent Corp. v. Nobel Industries AB*,
   11 F.3d 1482 (9th Cir. 1993) .........................................................................14

*Cornwell v. Credit Suisse Grp.*,
   270 F.R.D. 145 (S.D.N.Y. 2010)...................................................................15

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980) ........................................................................................1, 8

*In re Daou Sys., Inc.*,
   411 F.3d 1006 (9th Cir. 2005) .........................................................................3

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) .........................................................................................3

*Firestone Tire & Rubber Co. v. Risjord*,
   449 U.S. 368 (1981) .......................................................................................11

*Flanagan v. United States*,
   465 U.S. 259 (1984) .......................................................................................11

*In re Gentiva Securities Litigation*,
   2 F. Supp. 3d 384 (E.D.N.Y. 2014)...............................................................13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

ii

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

*Gregorian v. Izvestia*,
  871 F.2d 1515 (9th Cir. 1989)..................................................................14

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258 (2014) ...................................................................................4

*Hildes v. Andersen*,
  No. 08-cv-8, 2010 WL 4658742 (S.D. Cal. Nov. 8, 2010) ..............................15

*In re HP Inkjet Printer Litig.*,
  716 F.3d 1173 (9th Cir. 2013)..................................................................16

*Jewel v. NSA*,
  810 F.3d 622 (9th Cir. 2015) ....................................................................13

*Jimenez v. Allstate Ins. Co.*,
  765 F.3d 1161 (9th Cir. 2014)..................................................................18

*Landes Constr. Co. v. Royal Bank of Can.*,
  833 F.2d 1365 (9th Cir. 1987)..................................................................10

*McAdams v. McCord*,
  533 F.3d 924 (8th Cir. 2008) ....................................................................14

*Moore v. Petsmart, Inc.*,
  No. 12-cv-3577, 2016 WL 771335 (N.D. Cal. Feb. 29, 2016) ..........................16

*Morrison-Knudsen Co. v. Archer*,
  655 F.2d 962 (9th Cir. 1981)..................................................................8, 11

*Mullins v. Direct Digital, LLC*,
  795 F.3d 654 (7th Cir. 2015) ....................................................................18

*Noel v. Hall*,
  568 F.3d 743 (9th Cir. 2009) ....................................................................12

*Riley v. Kennedy*,
  553 U.S. 406 (2008) ...............................................................................1, 7

*Sikorski v. Paul Revere Life Ins. Co.*,
  No. 15-cv-1170, 2016 WL 7495805 (C.D. Cal. Mar. 22, 2016).........................12

*Turner v. Turner*,
  No. 10-cv-5435, 2011 WL 13217247 (C.D. Cal. Aug. 31, 2011).......................15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iii

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ................................................................. 10

*In re Vivendi Universal, S.A., Securities Litigation*,
    No. 02-cv-5571, 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012) ...................... 13

*Wood v. GCC Bend, LLC*,
    422 F.3d 873 (9th Cir. 2005) ................................................................. 8

## STATUTES

15 U.S.C. § 78u-4(a)(6) ............................................................................ 16

26 U.S.C. § 6621 ..................................................................................... 19

28 U.S.C.
    §§ 1602 *et seq.* ................................................................................. 14
    § 1961(a) ........................................................................................... 19

## RULES

Fed. R. App. P.
    4(a) .................................................................................................. 10
    4(a)(4) ............................................................................................... 9
    4(a)(4)(A) ............................................................................................ 9

Fed. R. Civ. P.
    16 .................................................................................................. 6, 7
    50(b) .................................................................................................. 9
    54(b) ............................................................................................ *passim*
    59(b) .................................................................................................. 9

C.D. Cal. L.R. 58-7 .............................................................................. 3, 19

## TREATISES

10 James Wm. Moore et al., *Moore's Federal Practice—Civil*
    § 54.23 (3d ed. 2021) ............................................................................ 8

10 James Wm. Moore et al., *Moore's Federal Practice—Civil*
    § 54.26[1] (3d ed. 2021) .................................................................... 9, 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iv

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1

### OTHER AUTHORITIES

2

Puma Biotechnology, Inc., Quarterly Report (Form 10-Q) (May 6, 2021), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001401667/ 000156459021024942/pbyi-10q_20210331.htm ................................................ 15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

v

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

# I.   INTRODUCTION

Plaintiff has asked the Court to enter a partial final judgment under Federal Rule of Civil Procedure 54(b) on the claims that Defendants have ostensibly "not challenged."  Pl.'s Notice of Proposed J., ECF No. 835 at 1.  But entry of any final judgment remains premature.  "A final judgment is 'one which ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment.'"  *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  Rule 54(b) provides a narrow exception to that fundamental principle:  If a case involves "more than one claim for relief" or "multiple parties . . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Entry of a Rule 54(b) judgment enables an appeal of a resolved claim while unresolved claims remain in the case.  Whether this is appropriate in a given case turns on consideration of "judicial administrative interests as well as the equities involved," with an eye toward "prevent[ing] piecemeal appeals in cases which should be reviewed only as single units."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 (1980).  Here, neither factor—judicial administrative interests or the equities—warrants entry of a Rule 54(b) partial final judgment.

First, judicial administrative interests significantly favor entry of one final judgment.  This Court has already recognized as much, having denied Plaintiff's prior efforts to obtain entry of judgment.  As the Court observed, "[i]n accordance with Judge Guilford's scheduling order, the Court advises the parties to postpone filing a proposed judgment until all damaged Class members and their total damages have been identified; or, if any objections to claims should arise, until ***after*** the objections have been addressed."  Order Striking Pl.'s Proposed J., ECF No. 788 (emphasis added).  Defendants' objections have not yet been addressed, and the Court has already set a separate briefing procedure and schedule for those

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

1

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1  challenges.  Those issues should be resolved before a single final judgment enters.

2  Indeed, partial final judgment would trigger the deadlines for all parties' post-trial

3  motions and appeals to the Ninth Circuit—but only for a subset of claims, *i.e.*,

4  claims asserted by the class members included in Plaintiff's proposed Rule 54(b)

5  partial final judgment.  The parties would thus be required to file post-trial motions

6  and pursue appeals that would cover only some of the parties in the case (but on

7  factual and legal issues that would overlap with issues still in the case).  And if

8  Plaintiff prevails on any of the claims that remain (which it very well may not),

9  Lead Counsel will presumably request Rule 54(b) partial judgments on behalf of

10  the additional claimants they represent, triggering unique post-trial motion and

11  appeal deadlines.  None of that makes any sense.  Piecemeal post-trial litigation

12  would burden this Court, the Ninth Circuit, and the parties, and delay the

13  resolution of this case.

14        Second, the equities favor the entry of one final judgment.  As a result of

15  how costs and attorneys' fees are to be assessed under the notice of verdict and

16  Private Securities Litigation Reform Act, no class member will be able to recover

17  his or her damages until the total number of claims and total amount of damages

18  are known.  Only then can the attorneys' fees be assessed and subtracted from

19  validated claims pro rata.  So, entry of Plaintiff's proposed Rule 54(b) partial final

20  judgment would not expedite recovery by any class member.  And while Plaintiff

21  may argue that judgment should be entered now because Puma is purportedly in a

22  precarious financial position, that is simply *not accurate*.  Puma has strong

23  revenue, a solid cash position, and has already taken a reserve for a significant

24  portion of the potential liabilities (which are still not fully adjudicated) in this case.

25        Entry of a Rule 54(b) judgment is thus not appropriate.  Even if it were,

26  Plaintiff's proposed partial judgment is deficient and cannot be entered in any case.

27  Among other things, the proposed judgment (1) improperly includes claims that

28  Defendants will challenge in their forthcoming motion to exclude; (2) does not

LATHAM&WATKINS™
ATTORNEYS AT LAW
ORANGE COUNTY

2

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

include Rule 54(b)'s required determination as to delay; (3) does not provide the separate interest-rate calculation required by Local Rule 58-7; and (4) fails to proportionately account for attorneys' fees and expenses.

For all these reasons, the Court should reject Plaintiff's request. Instead, the Court should proceed under the operative schedule, which provides that briefing on the motion to exclude challenged claims will be completed in just a few months, by September 30, 2021. *See* Order re: Schedule, ECF No. 834 at 1. Resolving that motion and any other remaining issues will allow for all claims to be conclusively determined. Entry of final judgment will be appropriate at the end of that process, when the parties can then proceed in orderly fashion to a single set of post-trial motions and appeal.

## II.   BACKGROUND

This is a securities class action in which Plaintiff alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5 by making misrepresentations about Puma's life-saving breast-cancer drug, neratinib. Plaintiff was required to prove six elements to prevail: (1) a material misrepresentation, (2) scienter, (3) a connection with the purchase or sale of a security, (4) reliance, (5) damages, and (6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005).

To establish the element of reliance, Plaintiff must show that, "but for" Defendants' misrepresentation, each class member would not have purchased Puma stock. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005). Plaintiff lacks direct evidence that any investor relied on the sole misrepresentation at issue, however, so Plaintiff invoked the rebuttable fraud-on-the-market presumption of reliance recognized in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). This presumption posits "that the market price of shares traded on well-developed markets reflects all publicly available information" and that investors who trade at the market price "do[] so in reliance on the integrity of that price." *Id.* at 246-47.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

But the presumption is *rebuttable*, so a securities defendant is entitled to challenge whether it applies to any given class member.  Any showing "that severs the link between the alleged misrepresentation and either" (1) "the price received (or paid) by" the plaintiff, or (2) the plaintiff's "decision to trade at a fair market price," will rebut the presumption.  *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268-69 (2014).  A defendant may rebut the presumption on a *classwide* basis (by showing that the alleged misrepresentation did not affect the stock price) or on an *individualized* basis (by showing, for example, that a particular plaintiff did not rely on the integrity of the market price).  *See id.* at 279-80.

In the run up to trial, the parties recognized that the reliance element could not be conclusively resolved until after trial.  So the parties and the court agreed that individual challenges to the reliance of absent class members would be dealt with *after* trial.  In their proposed pretrial order, Defendants expressly "reserved the right to challenge the individual reliance of absent class members following any determination of liability [by the jury]."  Proposed Final Pretrial Conf. Order, ECF No. 585-1 ¶ 14.

The parties tried the case from January 15 to January 29, 2019.  On February 4, the jury returned a verdict in Plaintiff's favor with respect to only one of the four allegedly misleading statements.  As to reliance, the jury found that Defendants had not rebutted the presumption of reliance for the class as a whole or for the Lead Plaintiff individually.  Verdict Form, ECF No. 718 ¶ 5.1.  The jury then awarded per-share damages of just $4.50, a significant reduction from Plaintiff's asserted damages of $87.20 per share.  *Id.* ¶ 4.  The jury was not asked to—and could not—make any determinations about whether Defendants had rebutted the presumption of reliance as to each absent class member, because that issue had been deferred to post-trial proceedings.  Nor did the jury determine any class member's individual damages, or the total amount of Defendants' liability.  So Defendants' liability to individual claimants remained (and remains) unresolved.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

4

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1  Shortly after trial, Plaintiff nevertheless asked the Court to enter final

2  judgment.  *See* Pls.' Notice of Proposed J., ECF No. 729.  Defendants objected,

3  arguing that judgment was premature because Plaintiff had not yet conclusively

4  established all of the elements necessary to create liability.  Specifically, the

5  verdict did not resolve whether absent class members had relied on the alleged

6  misrepresentation, as Defendants had not yet had an opportunity to challenge

7  individual reliance.  *See* Defs.' Objs. to Pls.' Notice of Proposed J., ECF No. 732

8  at 9-14.  Defendants also pointed out that damages could not be calculated because

9  the Court had yet to decide the formula for doing so and because any damages

10  calculation would require examination of each claimant's transactions in Puma

11  stock.  *Id.* at 15-17.

12  Judge Guilford agreed that entry of judgment was premature and denied

13  Plaintiff's request.  He noted that "[i]t is not just the damages amount that has yet

14  to be solidified for . . . absent class members, but liability."  Order re: Proposed J.,

15  ECF No. 739 at 2.  Consistent with the process contemplated before trial, Judge

16  Guilford observed that "absent class members haven't [yet] been counted or

17  identified, so Defendants haven't had an opportunity to rebut their individual

18  reliance claims."  *Id.*  He also confirmed that "Defendants have a right to challenge

19  reliance on an individualized basis."  *Id.* at 1.  "[B]efore judgment may be entered

20  as to individual class members' claims, their reliance (a precursor to Defendants'

21  liability) . . . must be established."  *Id.* at 3.

22  Judge Guilford also recognized the significant practical problems with entry

23  of a "premature final judgment."  *Id.* at 3.  This would "result in immediate appeal,

24  and the parties would then be litigating post-verdict issues in this Court

25  simultaneously with a Ninth Circuit appeal."  *Id.*  He agreed that "avoid[ing] th[is]

26  situation of divided jurisdiction" by deferring judgment was the sensible approach,

27  and that "postponing judgment until individual reliance, damages, and prejudgment

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1    issues are litigated in this Court will serve to clarify the amount at stake for

2    potential settlement and may obviate the need for appeal entirely." *Id.*

3           Over the following months, the parties briefed and Judge Guilford decided

4    various post-verdict issues.  In September 2019, Judge Guilford approved a notice

5    to the class about the verdict, established a claims-administration schedule,

6    awarded prejudgment interest, and determined the methodology for calculating

7    damages.  *See* Order, ECF No. 778.  In February 2020, while the claims

8    administrator was accepting claims, the case was reassigned to this Court.  Upon

9    reassignment to this Court, Plaintiff *disregarded* Judge Guilford's prior order

10   declining to enter judgment and once again requested that the Court enter judgment

11   prematurely.  *See* Pls.' Notice of Proposed J., ECF No. 786.  This Court rejected

12   that request, instructing "[i]n accordance with Judge Guilford's scheduling order,

13   the Court advises the parties to postpone filing a proposed judgment until all

14   damaged Class members and their total damages have been identified; or, if any

15   objections to claims should arise, until after the objections have been addressed."

16   ECF No. 788.

17          After the claims-submission period ended and the claims administrator filed

18   its report, the parties submitted proposals for the claims-challenge process.  On

19   November 27, 2020, the Court issued a scheduling order for challenging claims

20   (ECF No. 817) and instructed counsel to meet and confer about the claims and any

21   deficiencies.  The order provided that, if counsel could not reach an agreement on

22   claims for which Defendants believed they needed discovery, at the end of the

23   claims review period, Defendants were to move for leave to amend the final

24   pretrial order under Federal Rule of Civil Procedure 16.  *Id.* at 1-2.

25          Consistent with the Court's order, Defendants conducted a thorough review

26   of the claims and their supporting documentation.  Defendants also engaged with

27   Plaintiff's counsel to address certain technical deficiencies with respect to

28   particular claims.  On March 29, 2021, Defendants moved for leave to amend the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1   final pretrial order under Rule 16 and filed a post-trial claims submission.  *See* ECF

2   Nos. 818, 820.  In their claims submission, Defendants (1) explained that they were

3   "unable to identify any claims that" they were not challenging "without further

4   information at this point"; (2) provided a list of claims that, based on the

5   documentation submitted with the claims report, Defendants were challenging; and

6   (3) explained that Defendants needed additional information to properly evaluate

7   all the claims.  *See* ECF No. 820 at 2-4.

8          On June 11, the Court denied Defendants' motion for leave to amend the

9   final pretrial order to obtain post-trial discovery under Rule 16.  Order, ECF No.

10  832.  Lead Counsel then informed Defendants that they intended to seek partial

11  final judgment, and Defendants reiterated their objection to the premature entry of

12  judgment.  Plaintiff nevertheless opted to seek partial judgment, so the parties filed

13  a proposed briefing schedule for Plaintiff's proposed judgment and Defendants'

14  forthcoming motion to exclude disputed claims, which the Court adopted.  *See*

15  ECF Nos. 833, 834.  Under the briefing schedule, Plaintiff's proposed judgment

16  was due June 28, 2021, and briefing on that submission will conclude on July 29,

17  2021.  ECF No. 833 at 2.  Defendants' motion to exclude claims to which they

18  object is due August 5, and briefing will conclude on September 30, 2021.  *Id.*

19         On June 28, 2021, Plaintiff filed its notice of proposed judgment and

20  proposed judgment.  *See* ECF Nos. 835, 835-1.  Plaintiff seeks a Rule 54(b) partial

21  final judgment on 3,145 of the 4,474 claims in the case.  *See* ECF No. 835-1.

22  **III.   ARGUMENT**

23         **A.    Entry of Partial Final Judgment Is Not Warranted**

24         "A final judgment is 'one which ends the litigation on the merits and leaves

25  nothing for the [district] court to do but execute the judgment.'"  *Riley*, 553 U.S. at

26  419 (quoting *Catlin*, 324 U.S. at 233).  But Rule 54(b) provides a narrow

27  exception:  If a case involves "more than one claim for relief" or "multiple parties

28  . . . , the court may direct entry of a final judgment as to one or more, but fewer

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1   than all, claims or parties only if the court expressly determines that there is no just

2   reason for delay."  Such judgments "must be reserved for the unusual case" where

3   "the costs and risks of multiplying the number of proceedings and of overcrowding

4   the appellate docket are outbalanced by pressing needs of the litigants for an early

5   and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v.*

6   *Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.).  In deciding whether

7   there is any just reason for delay, courts examine the "judicial administrative

8   interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8 (citation

9   omitted).  Here, both factors support resolving this case by entering a single final

10  judgment after all class members' claims are adjudicated, rather than entering a

11  Rule 54(b) partial final judgment for some claimants but not others.

### 1.    Entry of Partial Final Judgment Would Burden Judicial Administration

14      In weighing judicial administrative interests, courts examine if there is "legal

15  or factual overlap between the ongoing claims" and those that would be included in

16  the partial final judgment. *ABC Servs. Grp., Inc. v. Health Net of Cal., Inc.*, No.

17  19-cv-243, 2020 WL 5775828, at *2 (C.D. Cal. July 1, 2020) (Carter, J.) (citation

18  omitted).  After all, the greater the overlap, the greater the chance that a court of

19  appeals will have to address the same legal or factual issues in successive appeals.

20  *See id.* (citing *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005)).  If the

21  claims are "logically related, both from a factual and a legal standpoint," then it is

22  typically "not proper" to enter a Rule 54(b) judgment. *Morrison-Knudsen*, 655

23  F.2d at 965; *see also* 10 James Wm. Moore et al., *Moore's Federal Practice—Civil*

24  § 54.23 (3d ed. 2021) ("[I]f the unadjudicated claims are closely related to those

25  decided, the district court should generally refuse to enter a judgment under Rule

26  54(b).").  This condition is readily met here.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

8

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

### a.   Partial Judgment Would Yield Piecemeal Post-Trial Motions and Appeals

There is unquestionably "legal" and "factual overlap" among the claims asserted by class members. *ABC Servs. Grp.*, 2020 WL 5775828, at *2.  All claimants assert the same violations of the federal securities laws, based on the same misstatement, relying on the same legal theory to establish loss.  The remaining individual challenges differ only in that they are based on specific claim defects, absence of damages, and individual questions of reliance.[1]  But those challenges will overlap significantly with the core factual and legal predicates shared by the claims that were adjudicated by the jury's verdict.  As a result, entry of a partial judgment will guarantee piecemeal post-trial motions and appeals.

Entry of a partial final judgment will trigger the deadlines for post-trial motions and to appeal.  *See* 10 James Wm. Moore et al., *Moore's Federal Practice—Civil* § 54.26[1] (3d ed. 2021) (Rule 54(b) final judgment "is a judgment for all purposes" and thus "triggers all the time limits contained in the federal rules that run from the entry of judgment, most notably including the time to appeal the judgment.").  If the Court enters a Rule 54(b) partial final judgment, Defendants will need to file post-trial motions within twenty-eight days from entry of judgment.  *See* Fed. R. Civ. P. 50(b), 59(b).  The filing of those motions would effectively toll the standard thirty-day appeal deadline.  *See* Fed. R. App. P. 4(a)(4)(A) ("the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion").  Defendants will thus have thirty days to appeal to the Ninth Circuit after this Court rules on Defendants' post-trial motions.  *See* Fed. R. App. P. 4(a)(4).  But in the meantime, the parties will still be litigating the exclusion of certain class members' claims in this Court.  As a

---

[1] The fact that Defendants will not be seeking to exclude all claims is not an admission that any claims are valid.  The Court recently denied Defendants' request to obtain discovery from absent class members, ECF No. 832, and Defendants thus have no viable means of challenging the vast majority of claims.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

result, jurisdiction will splinter between this Court and the Ninth Circuit and force the parties to litigate simultaneously in both venues. *See* 10 *Moore's Federal Practice—Civil* § 54.26 ("An aggrieved party must appeal a Rule 54(b) judgment within the time permitted by Appellate Rule 4(a) and may not seek review of the judgment after the remaining claims have been adjudicated.").

This will frustrate resolving the remaining claims and outstanding issues in an efficient and orderly manner, and impose a substantial burden on the Court. The parties' post-trial motions will be a significant undertaking. This Court did not preside over the trial and is thus likely unfamiliar with the trial record, but there were significant errors that will require careful consideration by this Court. For example, the trial court—over Defendants' objection—constructively amended the parties' stipulated verdict form mid-deliberation in response to a question from the jury. Defendants' counsel had tailored its closing argument to the parties' agreed-upon verdict form, so this mid-deliberation switch-up was highly prejudicial. *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1374 (9th Cir. 1987) (explaining that "[t]he form of the verdict should be decided before closing argument so that counsel may structure their arguments," and that failure to do so "may constitute reversible error").

As another example, the trial court categorically barred Defendants from presenting highly relevant evidence of post-class-period events, such as FDA's approval of neratinib. *See* ECF No. 515 (Plaintiff's motion *in limine* to exclude such evidence); ECF No. 614 at 5 (order granting that motion *in limine*); *cf. United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (en banc) ("[A] court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate *all* that it must weigh" because "[o]ne cannot evaluate in a Rule 403 context what one has not seen or read."). The exclusion of this evidence was highly prejudicial and allowed Plaintiff to mischaracterize Puma's lifesaving breast-cancer drug. *See, e.g.*, ECF No. 769 at

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

10

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

45:7-10 (Plaintiff's counsel asserting during closing argument that "[i]t was not the blockbuster drug that Auerbach led the market to believe"; "[i]t's not a lifesaving benefit"; "[i]t didn't pass muster").

At the same time that the Court will be deciding these issues (and others) in Defendants' post-trial briefing, it will also be adjudicating the exclusion of claims asserted by the remaining class members.  If Plaintiff prevails on any of those claims, Lead Counsel presumably will seek additional Rule 54(b) partial final judgments as those claims are adjudicated.   Entry of each additional Rule 54(b) partial final judgment will trigger new post-trial motion and appeal deadlines.

The burden on the Ninth Circuit will thus be considerable as well.  An appeal at this stage would involve review of the same legal claim for a subject of class members that remains to be adjudicated for a substantial portion of the class. *Cf. Morrison-Knudsen*, 655 F.2d at 965 ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.").  And there is a substantial likelihood that the successive appeals will present similar legal issues as earlier appeals.  For example, an appeal at this stage will implicate, among other things, whether Defendant rebutted the fraud-on-the-market presumption of reliance as to Plaintiff (and, by extension, as to the class).  But this Court will likewise address the presumption in resolving many of the objections Defendants expect to raise in the motion to exclude claims.  And the parties may very well challenge those rulings in subsequent appeals.  Thus, the Ninth Circuit would need to decide similar issues in successive appeals.

Splintering this case into pieces that must be challenged bit by bit will thus "clog the courts through a succession of costly and time-consuming appeals." *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984); *see also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) ("[A] party must ordinarily raise

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1  all claims of error in a single appeal following final judgment on the merits,"

2  which accords with "the sensible policy" of avoiding successive, piecemeal

3  appeals.).  As Judge Guilford recognized after trial, "avoid[ing] the situation of

4  divided jurisdiction" by deferring judgment is the sensible approach here.  ECF

5  No. 739 at 3.  "Entering a premature final judgment would result in immediate

6  appeal, and the parties would then be litigating post-verdict issues in this Court

7  simultaneously with a Ninth Circuit appeal," but "postponing judgment until

8  individual reliance, damages, and prejudgment issues are litigated in this Court will

9  serve to clarify the amount at stake for potential settlement and may obviate the

10 need for appeal entirely." *Id.*  As discussed above, many of those same

11 considerations continue to apply now.

12 Nor would an immediate appeal facilitate the resolution of the issues that

13 remain unresolved.  "The Ninth Circuit has made clear that a critical consideration

14 is whether immediate appeal 'would *streamline* the ensuing litigation.'"  *Sikorski v.*

15 *Paul Revere Life Ins. Co.*, No. 15-cv-1170, 2016 WL 7495805, at *2 (C.D. Cal.

16 Mar. 22, 2016) (Carter, J.) (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir.

17 2009)).  Such efficiencies are gained, for example, if entry of a partial final

18 judgment might obviate the need for a second trial by allowing an appeal to

19 proceed on separable dismissed claims.  *See, e.g.*, *Adidas Am., Inc. v. Payless*

20 *Shoesource, Inc.*, 166 F. App'x 268, 270 (9th Cir. 2006) (Rule 54(b) judgment

21 proper where denial of such a judgment would have "increase[] the likelihood of

22 two full trials" implicating same factual issues).  But here, entry of a partial final

23 judgment would not facilitate the resolution of the outstanding issues.  Judicial

24 administration would be frustrated—not served—by a Rule 54(b) judgment.

25 **b.    Partial Final Judgment Is the Exception, Not the**
   **Rule, as Precedent Confirms**

26

27 Precedent in the securities litigation context and elsewhere confirms that a

28 Rule 54(b) judgment is inappropriate where, as here, the remaining claims would

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

be closely related to the dismissed claims.  Consider *In re Vivendi Universal, S.A.,*
*Securities Litigation*, No. 02-cv-5571, 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012), a
securities class action which involved a plaintiff class made up of two groups of
shareholders.  After the class prevailed on its Section 10(b) claim at trial, an
intervening Supreme Court decision prompted the trial court to dismiss one of the
groups of shareholders.  The remaining class then sought a Rule 54(b) judgment
for the dismissed shareholders.  But the district court denied their request,
reasoning that because the dismissed claims and remaining claims were "closely
related" and "stem[med] from essentially the same factual allegations," permitting
a separate appeal while the case was still pending would be improper.  *Id.* at *3.

Outside the securities context, in *Jewel v. NSA*, 810 F.3d 622, 625, 629 (9th
Cir. 2015), the Ninth Circuit held that the district court erred in entering a Rule
54(b) judgment that dismissed (for lack of standing) a Fourth Amendment claim
challenging NSA's internet surveillance activities, because the plaintiffs asserted
sixteen other constitutional and statutory claims—including other Fourth
Amendment claims—some of which were "still undecided" and also challenged
NSA's internet surveillance activities.  The certified claim and non-final claims
thus relied on "inter-connected factual allegations" and had "overlapping elements
of the same allegedly illegal government action."  *Id.* at 629-30.  Moreover, only
three of the five plaintiffs were included in the appeal—which "fracture[d] the
appeal even further" because "the facts and legal theories relied upon by the [Rule
54(b)] plaintiffs to show standing for the Fourth Amendment argument are not
substantially different from some of the other constitutional and statutory claims,
which appl[ied] to all plaintiffs."  *Id.* at 630.

Similarly, in *In re Gentiva Securities Litigation*, 2 F. Supp. 3d 384, 389
(E.D.N.Y. 2014)—also a securities class action—the court entered a Rule 54(b)
partial judgment dismissing claims under Section 11 of the Securities Act of 1933
because those claims were "sufficiently separable" from the single remaining claim

against the CEO defendant, which arose under Section 10(b) of the Securities Exchange Act of 1934.  The court reasoned that an appeal of the Section 11 claims "would involve the issue of standing, something not contested with regard to the remaining [Section 10(b)] claim." *Id.* at 388.  But the court refused to enter a Rule 54(b) partial judgment dismissing the plaintiff's Section 10(b) claims against other defendants, finding that because "the various defendants" were "bound together by overlapping claims," there was no separable legal issue. *Id.* at 390.  So "judicial efficiency w[ould] not be served by certifying an appeal of the dismissed" Section 10(b) claims because any appeal would present an issue also applicable to the remaining defendant. *See id.* at 389-90.

By contrast, in *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993), the Ninth Circuit held that a district court did not err in entering a Rule 54(b) judgment dismissing claims against a group of Swedish defendants for lack of jurisdiction, because the "jurisdictional [issues] were easily severable from the merits of the lawsuit" and an appeal of that issue could "obviate the need for a second trial" (by permitting a single trial against all defendants). *Id.* at 1484.  And in *Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989), the Ninth Circuit approved of a Rule 54(b) judgment dismissing a libel claim against several Russian defendants for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602 *et seq.*  Although there were remaining claims for conspiracy and intentional infliction of emotional distress that partially relied on the same factual allegations as the libel claim, that marginal *factual* overlap was immaterial because the *legal* question whether FSIA permitted subject-matter jurisdiction over libel claims was separable. *See id.* at 1519-20.

These decisions reveal a clear line:  Rule 54(b) judgments are only appropriate for parties or resolved claims that are not closely related to the remaining parties or unresolved claims, which require distinct factual bases or involve a separable and important legal issue. *See also McAdams v. McCord*, 533

1   F.3d 924, 928 (8th Cir. 2008) (reversing district court's grant of Rule 54(b)

2   judgment because the remaining and dismissed claims arose from same factual

3   allegations involving alleged misrepresentations of the company's financial

4   condition); *Hildes v. Andersen*, No. 08-cv-8, 2010 WL 4658742, at *2 (S.D. Cal.

5   Nov. 8, 2010) (refusing to enter Rule 54(b) judgment in a case involving claims

6   under Section 10(b) and Section 11); *Cornwell v. Credit Suisse Grp.*, 270 F.R.D.

7   145, 146-47 (S.D.N.Y. 2010) (refusing to enter Rule 54(b) judgment in Section

8   10(b) case).  This case does not fit that mold.

9
          **2.      The Equities Do Not Support Entry of a Partial Final
10                  Judgment**

11          Nor do the equities support entry of a Rule 54(b) judgment.  Plaintiff has not

12   offered any indication that this is the unusual case where a Rule 54(b) judgment

13   will hasten (rather than needlessly delay) the resolution of this case.  *Cf. Turner v.*

14   *Turner*, No. 10-cv-5435, 2011 WL 13217247, at *2 (C.D. Cal. Aug. 31, 2011)

15   (denying Rule 54(b) certification because movant had "not adequately shown that

16   this is an unusual case with a pressing need for severance and certification, or that

17   a harsh and unjust result will occur if certification and severance is denied").

18          Indeed, there is no "harsh and unjust result [that] will occur [here] if

19   certification and severance is denied."  *Id.*  Plaintiff recently argued that Puma is in

20   a "precarious financial position" and that this poses a "threat that [Defendants] will

21   not be able to satisfy the judgment."  ECF No. 825 at 8; *see also id.* at 9.  As an

22   initial matter, that is not true:  Puma was cash flow positive as of the first quarter in

23   2021 and already recognized a substantial cash accrual to satisfy a potential

24   judgment.  *See* Puma Biotechnology, Inc., Quarterly Report (Form 10-Q) at 6

25   (May 6, 2021), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/000

26   1401667/000156459021024942/pbyi-10q_20210331.htm; *see also* ECF No. 830-1

27   (excerpt of Puma's 2020 Form 10-K annual report) at 67 (explaining that Puma

28   "increased [its] estimate of the legal accrual [for this case] on a prospective basis

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

15

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1   beginning in the third quarter of 2020 to $24.8 million").  But in any event no

2   claimant will be able to recover until *total damages* and attorneys' fees are

3   adjudicated.  The notice to each class member (which Plaintiff drafted) explained

4   that "Class Members whose claims are approved will be entitled to receive all of

5   their damages, plus interest, *less their proportionate share of any fees and*

6   *expenses awarded by the Court*."  Notice of Verdict at 1, http://www.pumabiosecur

7   itieslitigation.com/media/2373222/puy_notice_final.pdf (emphasis added).  And

8   deducting class members' proportionate share of fees and expenses from their

9   awards is impossible until the total number of claims (and total amount of

10  damages) is known.

11         Similarly, attorneys' fees cannot be adjudicated until the end of the case

12  either:  The Private Securities Litigation Reform Act instructs that "[t]otal

13  attorneys' fees and expenses awarded by the court to counsel for the plaintiff class

14  shall not exceed *a reasonable percentage of the amount of any damages and*

15  *prejudgment interest actually paid to the class*."  15 U.S.C. § 78u-4(a)(6)

16  (emphasis added).  This likewise requires variables that cannot be determined at

17  this time.  *Cf. In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1186 (9th Cir. 2013)

18  (holding that it was reversible error under Class Action Fairness Act to calculate

19  attorneys' fees based on "rough estimate of the ultimate value" of coupons, which

20  could not issue "until after entry of a final judgment").

21         So claimants included in Plaintiff's proposed Rule 54(b) partial final

22  judgment will still have to wait to recover even if that judgment were entered now.

23  Put simply, Plaintiff's proposed Rule 54(b) partial final judgment will not resolve

24  this case any faster.  That will take working through the issues that remain

25  outstanding.  *Cf. Moore v. Petsmart, Inc.*, No. 12-cv-3577, 2016 WL 771335, at *3

26  (N.D. Cal. Feb. 29, 2016) (noting that "class members must routinely tolerate the

27  delay inherent to the appellate process before realizing any benefit" and holding

28  that such delayed recovery did not warrant Rule 54(b) judgment).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

16

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

**B.     Plaintiff's Proposed Partial Final Judgment Is Deficient**

Even if entry of a partial final judgment under Rule 54(b) were appropriate here, Plaintiff's proposed partial judgment is deficient in at least four ways.

*First*, Plaintiff's proposed judgment includes claims Defendants are challenging in their forthcoming motion to exclude.  Plaintiff's notice asserts that the proposed judgment includes only claims "that were not challenged by defendants in their Post-Trial Claims Submission Pursuant to ECF No. 817 (ECF No. 820)."  ECF No. 835 at 1.  But Defendants' claims submission did not waive challenges as to any claims.  Indeed, Defendants explained that they were "unable to identify *any* claims that can be placed in Group One [(claims Defendants are not challenging)]."  ECF No. 820 at 2 (emphasis added).  And Defendants have not yet had the opportunity to file their motion to exclude claims (which is due on August 5, 2021) in which they will identify all of the claims they are challenging and therefore seeking to exclude.  Defendants anticipate that that forthcoming motion to exclude will include challenges to at least the following claims which Plaintiff has included in its proposed judgment:

608113-4 CAPITAL GROUP GLOBAL EQUITY COMMON TRUST (US)

600992-1 CAPITAL INTL - GBL EQUITY CAPITAL

608111-8 CAPITAL GROUP US EQUITY TRUST (US)

608110-0 CAPITAL GROUP GLOBAL EQUITY FUND (AU)

608112-6 CAPITAL GROUP US EQUITY COMMON TRUST (US)

602409-2 CAPITAL INTERNATIONAL S A

608277-7 THE GROWTH FUND OF AMERICA

608276-9 THE NEW ECONOMY FUND

608114-2 NEW PERSPECTIVE FUND

*See* ECF No. 835-1 at 19, 29, 58-59, 61.  These claims total $12,488,881.50.  Defendants will also move to exclude all of the claims listed in Group Two, totaling $8,679,657.65.  *See* ECF No. 820 at 2-3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

17

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1       Judgment cannot be entered on these claims because the Court has not yet

2  adjudicated Defendants challenges to them.  Defendants have had no opportunity

3  to challenge these claims, and Defendants have a "due process right to present

4  individualized defenses to damages claims." *Jimenez v. Allstate Ins. Co.*, 765 F.3d

5  1161, 1168-69 (9th Cir. 2014).[2]  Indeed, Plaintiff has acknowledged as much with

6  its omission of the claims in Group Two.  *See* ECF No. 820 at 2-3; *see also* ECF

7  No. 825 at 10 (acknowledging that Defendants have "the right to challenge

8  claims").  These claims should be excluded from any partial judgment so that

9  Defendants to exercise their right to challenge them before judgment.

10      *Second*, although Plaintiff seeks a Rule 54(b) judgment, *see* ECF No. 835 at

11  1 (invoking Rule 54(b)); ECF No. 835-1 (same), its proposed judgment is not a

12  proper Rule 54(b) judgment because it does not "expressly determine[] that there is

13  no just reason for delay."  Without that express determination, "any order or other

14  decision, however designated, that adjudicates fewer than all the claims or the

15  rights and liabilities of fewer than all the parties does not end the action as to any

16  of the claims or parties." Fed. R. Civ. P. 54(b).  Plaintiff's omission of that

17  determination makes sense—because there *are* ample just reasons for delay.  As

18  explained above, entry of a Rule 54(b) judgment would only frustrate the orderly

19  resolution of this case by requiring multiple rounds of post-trial motion practice

20  and multiple piecemeal appeals, while splintering jurisdiction between this Court

21  and the Ninth Circuit for as long the trial phase of this case remains ongoing.  So

---

[2] Defendants may not challenge all of the claims submitted in the motion to
exclude because for many of these claims, Defendants do not have the discovery
they need to exercise that right.  Defendants acknowledge the Court has resolved
this issue, *see* ECF No. 832, and simply note here that they continue to assert a
right to individually challenge reliance as to each claimant, including through a
jury trial, *see Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017)
(a defendant's "opportunities to individually challenge the claims of absent class
members if and when they file claims for damages" safeguards its due-process
rights); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 669 (7th Cir. 2015) ("A
defendant has a due process right to challenge the plaintiffs' evidence at any stage
of the case, including the claims or damages stage.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

1   instead of being able to devote their attention to completing proceedings before

2   this Court, the parties would simultaneously be litigating part of the appeal in case

3   in the Ninth Circuit.

4       *Third*, Plaintiff's proposed judgment violates Local Rule 58-7, which

5   requires that "the party preparing the proposed form of judgment, decree or order

6   shall indicate by memorandum attached thereto the applicable interest rate as

7   computed under 28 U.S.C. § 1961(a) or 26 U.S.C. § 6621 and the amount of

8   interest to be added for each day the document remains unsigned." Plaintiff's

9   proposed judgment neither includes the applicable interest rate nor the amount of

10  daily interest. It just includes lump sums of interest calculated through June 30,

11  2021. Local Rule 58-7 requires more than that.

12      *Fourth*, Plaintiff's proposed partial judgment improperly ignores the need to

13  proportionately account for attorneys' fees and expenses. The notice of verdict

14  that was sent to each class member explained that "Class Members whose claims

15  are approved will be entitled to receive all of their damages, plus interest, *less their*

16  *proportionate share of any fees and expenses awarded by the Court*." Notice of

17  Verdict at 1, http://www.pumabiosecuritieslitigation.com/media/2373222/puy_noti

18  ce_final.pdf (emphasis added). But Plaintiff's proposed judgment ignores this

19  directive and instead provides a total damages amount for its subset of claimants

20  without accounting for the necessary reduction in fees. While Plaintiff's proposed

21  judgment states that "the Court shall retain jurisdiction over any claim for

22  attorneys' fees and costs, application to tax costs, [and] any award or

23  reimbursement to the Lead Plaintiff/Class Representative," ECF No. 835-1 at 1,

24  the proportionate reduction of fees that is required here mandates that attorneys'

25  fees be resolved before damages are awarded.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

19

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

## IV.    CONCLUSION

Defendants thus request that the Court decline to enter Plaintiff's proposed Rule 54(b) partial final judgment.

Dated:  July 19, 2021                    Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Colleen C. Smith*

Michele D. Johnson
Andrew B. Clubok
Colleen C. Smith
Sarah A. Tomkowiak
Kristin N. Murphy

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

20

DEFS.' OBJECTIONS TO PL.'S NOTICE
OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK