LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  michele.johnson@lw.com
  Kristin N. Murphy (Bar No. 268285)
  kristin.murphy@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel: (858) 523-5400
Fax: (858) 523-5450

LATHAM & WATKINS LLP
  Andrew B. Clubok (*pro hac vice*)
  andrew.clubok@lw.com
  Sarah A. Tomkowiak (*pro hac vice*)
  sarah.tomkowiak@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUMA BIOTECHNOLOGY, INC., and ALAN H. AUERBACH,<br><br>Defendants. | CASE NO. 8:15-cv-00865-DOC-SHK<br><br>**SUPPLEMENTAL SUBMISSION IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PROPOSED JUDGMENT** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

SUPP. SUBMISSION ISO OBJECTIONS TO PL.'S
NOTICE OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

## I. INTRODUCTION AND BACKGROUND

On June 28, 2021 Plaintiff filed a Notice of Proposed Judgment under Federal Rule of Civil Procedure 54(b), requesting judgment as to those claims that Defendants have purportedly not challenged ("Proposed Judgement"). ECF No. 835. On July 19, 2021 Defendants filed their Objections to Plaintiff's Notice of Proposed Judgement ("Objections"). ECF No. 837. Defendants explained that any judgment in this case is premature for several reasons, including Plaintiff's failure to comply with Local Rule 58-7, which states: "the party preparing the proposed form of judgment, decree or order shall indicate by memorandum attached thereto the applicable interest rate as computed under 28 U.S.C. § 1961(a) or 26 U.S.C. § 6621 and the amount of interest to be added for each day the document remains unsigned." *Id*. at 19. Rather than specify the applicable interest rate and the amount of daily interest in their Proposed Judgement, Plaintiff simply included lump sums of interest calculated through June 30, 2021. *Id*. The absence of support for these calculations is particularly problematic given that Defendants now believe Plaintiff has drastically overstated the amount of prejudgment interest that should be awarded by applying an incorrect interest rate. Plaintiff asserts that claimants are owed $2,956,254.66 in prejudgment interest. ECF No. 835-1, at 3. Applying the correct interest rate, however, demonstrates that claimants are owed either $232,156.61 or $621,479.59.

Defendants met and conferred with Plaintiff on July 24, 2021, and exchanged information in subsequent emails, but the parties were unable to resolve the issue. Defendants accordingly submit this additional basis for which Plaintiff's Proposed Judgment should be rejected.

## II. ARGUMENT

On September 9, 2019 Judge Guilford determined that Defendants should pay prejudgment interest, and that "the post-judgment interest rate under 28 U.S.C. § 1961(a) is the more appropriate rate for prejudgment interest as well." ECF No.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

SUPP. SUBMISSION ISO OBJECTIONS TO PL.'S
NOTICE OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

778, at 4. 28 U.S.C. § 1961(a) provides that "interest shall be calculated…at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."

Judge Guilford's order adopting Section 1961(a) directly controls the calculation of prejudgment interest here. Assuming that judgment was to be entered as of June 30, 2021 as requested by Plaintiff—it should not be—28 U.S.C. § 1961(a) would assign an interest rate of 0.09%, which is the rate of interest published by the Board of Governors of the Federal Reserve for the week ending June 25, 2021. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, Data Download Program, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (last visited July 28, 2021). Applying that rate to Plaintiff's proposed damages figure of $41.99 million, compounded annually and running through Plaintiff's proposed judgment date of June 30, 2021 yields a prejudgment interest figure of $232,156.61.

In similar circumstances involving prejudgment interest, the Ninth Circuit and other courts have adapted Section 1961(a) to award interest based on the average 1-year treasury rate using the Board of Governors' rate for the calendar week preceding the date *of the alleged loss*, instead of the calendar week preceding the date of *judgment*. For example, in *Western Pacific Fisheries, Inc. v. SS President Grant*, a case Judge Guilford described as providing the "default rule in the Ninth Circuit," ECF No. 778, at 4, the prejudgment interest rate was determined as of the date of the alleged loss—*i.e.*, the date the underwriters paid out insurance proceeds for damage that was ultimately found to be caused by someone else. 730 F.2d 1280, 1282 (9th Cir. 1984). The Ninth Circuit held that "pre-judgment interest in this case should be calculated from the date of payment by the underwriters at a rate equal to the coupon issue yield equivalent (as

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

SUPP. SUBMISSION ISO OBJECTIONS TO PL.'S
NOTICE OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills ***settled immediately prior to the date of payment by the underwriters***." *Id*. at 1289 (9th Cir. 1984) (emphasis added).  More recently, in a case very similar to this, the Southern District of New York in *In re Vivendi Universal, S.A. Securities Litigation* "awarded prejudgment interest based on the yield of a one-year treasury note compounded annually starting August 14, 2002." 284 F.R.D. 144, 164 (S.D.N.Y. 2012).  August 14, 2002 reflected "the last day of the class period because the calculation of interest based on the last day of the class period has been held to be fair and appropriate." *Id*. at 163; *see also U.S. v. Seaboard Sur. Co.*, 817 F. 2d 956 (2d Cir. 1987) (holding that prejudgment interest should be tied to the date of injury and "remand[ing] for recalculation of prejudgment interest beginning no earlier than the date the government's post-default expenditures toward completion of the Plum Island project exceeded $2,579,704.").

This adaptation of Section 1961(a) to the prejudgment context is sensible, because "[p]rejudgment interest is awarded so that the award will reflect the present value of the plaintiff's claim." *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1106 (9th Cir. 1985).  Tethering the prejudgment interest rate to the time of the loss reflects the rate claimants reasonably could have expected on another investment made at that same time.  As courts have explained, prejudgment interest should "reflect a realistic rate of interest that plaintiff could have received" had the plaintiff had access to her money. *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 314 F. Supp. 2d 201, 205 (S.D.N.Y. 2003); *see also Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994) (explaining that prejudgment interest is meant to compensate for "investment income the plaintiffs would have been able to have earned").

Under this approach, the applicable interest rate would be 0.24%, which is the Federal Reserve rate for a 52-week Treasury Bill for the calendar week

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

SUPP. SUBMISSION ISO OBJECTIONS TO PL.'S
NOTICE OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

preceding May 14, 2015 (the date of the alleged loss in this case). Applying that rate to Plaintiff's proposed damages figure of $41.99 million, compounded annually and running through Plaintiff's proposed judgment date of June 30, 2021 yields a prejudgment interest figure of $621,479.59.

Here, Plaintiff's Proposed Judgment asserts that claimants are owed $2,956,254.66—far more than required by Judge Guilford's order embracing the rate set forth in Section 1961(a). ECF No. 835-1, at 3. As best Defendants' counsel can tell, Plaintiff has chosen to abandon Judge Guilford's adoption of the Section 1961(a) rate, and instead applied the weekly average 1-year constant maturity yield over the course of the prejudgment period. In other words, Plaintiff proposes that the prejudgment interest rate fluctuate week-to-week, instead of being determined at the time of judgment (as Section 1961(a) requires) or at the time of loss (as courts have ordered when adapting Section 1961(a) to the prejudgment interest context). Plaintiff's approach is inconsistent with Judge Guilford's order, results in a wildly excessive award of interest, and should be rejected out of hand. Indeed, Plaintiff's unexplained—and wholly unjustified—departure from Judge Guilford's order provides yet another reason why its Proposed Judgment is premature and should not be entered.

### III. CONCLUSION

For these reasons, and the reasons stated in Defendants' Objections, Defendants request that the Court decline to enter Plaintiffs' proposed Rule 54(b) partial final judgment.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

SUPP. SUBMISSION ISO OBJECTIONS TO PL.'S
NOTICE OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK

Dated: July 28, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ Colleen C. Smith

  Michele D. Johnson
  Andrew B. Clubok
  Colleen C. Smith
  Sarah A. Tomkowiak
  Kristin N. Murphy

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

SUPP. SUBMISSION ISO OBJECTIONS TO PL.'S
NOTICE OF PROPOSED JUDGMENT
CASE NO. 8:15-CV-00865-DOC-SHK