ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN (111070)
THEODORE J. PINTAR (131372)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
TRIG R. SMITH (237399)
J. MARCO JANOSKI GRAY (306547)
TING H. LIU (307747)
DEBASHISH BAKSHI (311115)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
tedp@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
trigs@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
dbakshi@rgrdlaw.com

*Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PUMA BIOTECHNOLOGY, INC., et al., <br><br> Defendants. | Case No. 8:15-cv-00865-DOC-SHK <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO NOTICE OF PROPOSED JUDGMENT |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................ 1

II.  DEFENDANTS' NARROW INTERPRETATION OF RULE 54(b) CONFLICTS WITH CONTROLLING LAW AND IS INCONSISTENT WITH JUDGMENTS ENTERED IN SECURITIES FRAUD CLASS ACTIONS ............................................................................. 2

III.  THERE IS A FINAL JUDGMENT ON THE UNCHALLENGED CLAIMS ................................................................................................... 5

IV.  THERE IS NO JUST REASON TO DELAY ENTRY OF JUDGMENT FOR ALL VALIDATED AND UNCHALLENGED CLAIMS ................................................................................................... 6

   A.  Judicial Administrative Interests Support Rule 54(b) Certification Because the Claims that Could Be Appealed Are Separate and Distinct from the Remaining Issues ............................... 7

   B.  The Equities Favor Entry of a Final Judgment .................................. 11

V.  DEFENDANTS' OBJECTIONS TO THE FORM OF THE JUDGMENT ARE MERITLESS ................................................................. 12

VI.  CONCLUSION ........................................................................................ 20

4847-5676-1076.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*ABC Servs. Grp., Inc. v. Health Net of Cal., Inc.*,
  2020 WL 5775828 (C.D. Cal. July 1, 2020) ........................................ 9

*Caplan v. CNA Fin. Corp.*,
  573 F. Supp. 2d 1244 (N.D. Cal. 2008) ............................................ 16

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
  819 F.2d 1519 (9th Cir. 1987) .................................................... 10

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ...................................................... 7

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) ........................................................ 10

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980) .............................................................. 7, 10

*Ford v. Uniroyal Pension Plan*,
  154 F.3d 613 (6th Cir. 1998) ...................................................... 16

*Hildes v. Andersen*,
  2010 WL 4658742 (S.D. Cal. Nov. 8, 2010) .......................................... 9

*Hopi Tribe v. Navajo Tribe*,
  46 F.3d 908 (9th Cir. 1995) ........................................................ 17

*In re Apollo Grp., Inc. Sec. Litig.*,
  2010 WL 5927988 (9th Cir. June 23, 2010) ........................................ 5, 6

*In re Gentiva Sec. Litig.*,
  2 F. Supp. 3d 384 (E.D.N.Y. 2014) .................................................. 9

*In re HP Inkjet Printer Litig.*,
  716 F.3d 1173 (9th Cir. 2013) ...................................................... 12

*In re Vivendi Universal, S.A., Sec. Litig.*,
  2012 WL 362028 (S.D.N.Y. Feb. 6, 2012) ....................................... *passim*

4847-5676-1076.v1

**Page**

*In re Vivendi Universal, S.A. Sec. Litig.*,
284 F.R.D. 144 (S.D.N.Y. 2012)................................................................. 17, 18

*James v. Price Stern Sloan, Inc.*,
283 F.3d 1064 (9th Cir. 2002).................................................................. 3

*Jewel v. Nat'l Sec. Agency*,
810 F.3d 622 (9th Cir. 2015)................................................................... 9

*Knapp v. Ernst & Whinney*,
90 F.3d 1431 (9th Cir. 1996)................................................................... 16

*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*,
2013 WL 11319426 (N.D. Ill. Oct. 4, 2013)........................................... 4, 9, 11

*Lewis v. Travertine, Inc.*,
2017 WL 2989176 (C.D. Cal. July 12, 2017) ........................................ 3

*McAdams v. McCord*,
533 F.3d 924 (8th Cir. 2008) ................................................................. 9

*Moore v. Petsmart, Inc.*,
2016 WL 771335 (N.D. Cal. Feb. 29, 2016)........................................... 12

*Morrison-Knudsen Co., Inc. v. Archer*,
655 F.2d 962 (9th Cir. 1981) ................................................................. 2, 3

*O'Callaghan v. SPX Corp.*,
2010 WL 259052 (E.D. Mich. Jan. 20, 2010).......................................... 16

*S. Coast Cab Co. v. City of Anaheim*,
2007 WL 9723540 (C.D. Cal. Jan. 22, 2007).......................................... 16

*Sears, Roebuck & Co. v. Mackey*,
351 U.S. 427 (1956) ............................................................................... 6

*SEC v. mUrgent Corp.*,
2012 WL 630219 (C.D. Cal. Feb. 28, 2012)............................................ 16

**Page**

*Sheehan v. Atlanta Int'l Ins. Co.,*
    812 F.2d 465 (9th Cir. 1987) ................................................................... 6

*Texaco, Inc. v. Ponsoldt,*
    939 F.2d 794 (9th Cir. 1991) ........................................................ 3, 6, 10

*W. Pac. Fisheries, Inc. v. SS President Grant,*
    730 F.2d 1280 (9th Cir. 1984) ............................................................... 17

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics*
    *Rsch. Assocs., Inc.,*
    975 F.2d 858 (Fed. Cir. 1992) ........................................................ 6, 10

*Wood v. GCC Bend, LLC,*
    422 F.3d 873 (9th Cir. 2005) ................................................................... 3

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
    §1961(a) ...................................................................... 16, 17, 18

Federal Rules of Civil Procedure
    Rule 12(b)(6) ........................................................................ 9
    Rule 50 .................................................................. 4, 7, 8, 11
    Rule 54 ............................................................................ 19
    Rule 54(b) ................................................................. *passim*
    Rule 54(d)(2)(B)(i) ......................................................... 2, 19
    Rule 58 ............................................................................ 6
    Rule 58(b) ........................................................................ 6

Local Civil Rules
    Rule 58-1 .......................................................................... 6
    Rule 58-7 ......................................................................... 14

**SECONDARY AUTHORITIES**

10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and
    Procedure* §2654 (4th ed. 1998) ........................................................ 6

4847-5676-1076.v1

Lead Plaintiff Norfolk County Council, as Administering Authority of the Norfolk Pension Fund, on behalf of the Class of Puma Biotechnology, Inc. investors, respectfully submits this response to Defendants' Objections to Plaintiffs' Notice of Proposed Judgment (ECF No. 837) ("Objections" or "Defs' Obj.").

## I.   INTRODUCTION

On November 27, 2020, the Court ordered Defendants to identify all the claims that they were not challenging by March 29, 2021 and directed that "[w]ithin 30 days of Defendants identifying the claims they are not challenging, Plaintiffs shall file a proposed judgment *for those claims*." ECF No. 817.[1] Defendants subsequently identified the 1,229 claims they purportedly have a basis to challenge, leaving 3,145 unchallenged claims with damages exceeding $41.9 million. ECF No. 820. Following the denial of Defendants' Motion for Leave to Amend the Final Pretrial Order (ECF No. 832), the Court reset the deadline "for Plaintiff's Submission of Proposed Judgment for Unchallenged Claims" to June 28, 2021. ECF No. 834. Accordingly, Plaintiffs timely filed the proposed judgment for the validated, unchallenged claims. ECF No. 835.

Despite the Court's clear directive, Defendants now argue that judgment for the unchallenged claims is premature and should be delayed until every dispute with every challenged claim is resolved. Defendants' intent is clear. They are trying to delay as long as possible the day when they have to choose between filing a frivolous appeal or accepting the fact that they knowingly violated the federal securities laws and finally have to pay for it. But Federal Rule of Civil Procedure 54(b) specifically provides that the Court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if "there is no just reason for delay." It has already been more than 29 months since the jury verdict against Defendants and entering judgment on behalf of the unchallenged claimants will expedite the final resolution of

---

[1]   All emphasis is added and internal citations are omitted unless otherwise indicated.

1   this case without any likelihood of redundant or overlapping post-trial motions or

2   appeals.  Indeed, in each of the most recent securities fraud class actions that went to

3   verdict, the court has entered a partial judgment in accordance with Rule 54(b).

4       The few specified objections Defendants raise regarding the form of the

5   proposed judgment are as infirm as their argument that a judgment is premature.

6   Defendants again want to ignore the Court's prior orders and challenge additional

7   claims that they failed to challenge by the March 29, 2021 deadline.  Defendants also

8   suggest that the judgment must include some magic language from Rule 54(b) or be

9   delayed to address the issue of attorneys' fees, despite the fact that Rule 54(b) does

10  not require any specific language in the judgment and Rule 54(d)(2)(B)(i) provides

11  that a motion for attorneys' fees be filed after the entry of judgment.  And, in a brief

12  filed ten days after the deadline for Defendants to object to the proposed judgment,

13  Defendants claim that the prejudgment interest for the unchallenged claims has not

14  been calculated correctly.  That is wrong and provides no basis for delaying entry of

15  judgment.

16      There is no just reason for further delaying entry of judgment for the

17  unchallenged claims and Defendants' objections to the proposed judgment should be

18  rejected.

19  **II.    DEFENDANTS' NARROW INTERPRETATION OF RULE
20          54(b) CONFLICTS WITH CONTROLLING LAW AND IS
             INCONSISTENT WITH JUDGMENTS ENTERED IN
21          SECURITIES FRAUD CLASS ACTIONS**

22      Defendants base their objection to entry of the proposed judgment on arcane

23  notions of the applicability of Rule 54(b).  Defs' Obj. at 8.  At one time, cases applied

24  the more stringent standard Defendants rely on here, holding that a judgment under

25  Rule 54(b) was to be "'reserved for the unusual case'" in which "'the costs and risks

26  of multiplying the number of proceedings and of overcrowding the appellate docket

27  are outbalanced by pressing needs of the litigants for an early and separate judgment

28  as to some claims or parties.'"  *Id.* (quoting *Morrison-Knudsen Co., Inc. v. Archer*,

655 F.2d 962, 965 (9th Cir. 1981)).  But that is no longer the law.  In 1991, the Ninth Circuit expressly disapproved of *Morrison-Knudsen*, observing that the opinion offered "an outdated and overly restrictive view of the appropriateness of Rule 54(b) certification."  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *accord Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 n.5 (9th Cir. 2005).  Today, as the Ninth Circuit has made clear, the "issuance of a Rule 54(b) order is a fairly routine act."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002); *Lewis v. Travertine, Inc.*, 2017 WL 2989176, at *2 n.2 (C.D. Cal. July 12, 2017) (same).  And "[t]he present trend is toward greater deference to the district court's decision to certify."  *Texaco*, 939 F.2d at 798; *see also Wood*, 422 F.3d at 878 (Rule 54(b)'s equitable analysis is ordinarily "'left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal.'").

Consistent with the modern view of Rule 54(b), in each of the securities class actions in which a jury verdict was rendered in the last 15 years, the court entered a partial judgment.  Defendants claim that in *In re Vivendi Universal, S.A., Sec. Litig.*, 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012), the court denied the plaintiffs' request for Rule 54(b) judgment.  Defs' Obj. at 13.  In fact, in response to a joint request of the parties, the *Vivendi* court entered an Order to Proceed to Entry of Final Judgment as to Certain Claims Pursuant to Rule 54(b).  *See* Declaration of Ting H. Liu in Support of Plaintiffs' Response to Defendants' Objections to Notice of Proposed Judgment ("Liu Decl."), Ex. A, filed concurrently herewith.  Just like the proposed judgment here, the Rule 54(b) judgment in *Vivendi* included just the claims that the defendants elected not to challenge (called the "Covered Claims") and attached an exhibit identifying each claimant, as well as the associated damages and prejudgment interest.  *Id*., Ex. B.

Similarly, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-cv-5893 (N.D. Ill.), the court entered a Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) for the claimants that were not challenged by the defendants.

- 3 -

*Id.*, Ex. C.  Under the same facts and circumstances present here, the *Household* court found that there was no just reason for delay and directed that a Rule 54(b) judgment be entered for all unchallenged claims (called the "List 1 claimants"):

> [I]t is clear that the judgment against the List 1 claimants is final.  The parties agree that the jury's verdict established liability as to these claimants and that no issues remain with respect to the amounts of their claims.  Because there has been a decision upon a cognizable claim for relief as to the List 1 claimants and it is final in that no issues of liability or amount remain, the Court finds that it is dealing with a final judgment.  *Id*. at 7.  **The Court also finds that there is no just reason for delay because the equities and judicial administrative interests favor immediate entry of judgment as to the List 1 claims.  The Court has no concerns about wasting judicial resources at the appellate level as the legal issues associated with List 1 claimants are dispositive of the entire class**.  Nor does the Court ascertain any basis on which the List 1 claimants' claims will be mooted by future events associated with the other class members.  **Moreover, given the length of time this case has been pending, allowing the judgment for the List 1 claimants to proceed to appeal and final resolution is advantageous to all involved**.

*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2013 WL 11319426, at *4 (N.D. Ill. Oct. 4, 2013).

In the third of the most recent securities class actions in which a jury verdict was rendered, *In re Apollo Group, Inc. Sec. Litig.*, No. CV 04-2147 (D. Ariz.), the court entered a Rule 54(b) judgment **before** the claims process even started and when the defendants still had the opportunity to challenge all of the claims.  *See* Liu Decl., Ex. D.  Notably, the Ninth Circuit (on an appeal of the grant of a Federal Rule of Civil Procedure 50 motion following entry of the judgment) did ***not*** find that the judgment

- 4 -

1  was premature or improper or that a judgment should not have been entered until

2  every aspect of the claims and challenge process was completed for every claimant.

3  *In re Apollo Grp., Inc. Sec. Litig.*, 2010 WL 5927988, at *1 (9th Cir. June 23, 2010).

4  To the contrary, the Ninth Circuit remanded the case back to the district court with

5  specific instructions to enter the prior Rule 54(b) judgment.[2]

6       Just as there was no just reason to delay the entry of judgment until all

7  challenges to every claim were resolved in *Vivendi*, *Household*, and *Apollo*, there is no

8  reason to do so here.

9  **III.    THERE IS A FINAL JUDGMENT ON THE UNCHALLENGED CLAIMS**

10       There is no dispute that judgment for the unchallenged claims is final.  The

11  February 4, 2019 jury verdict established liability for each of these claims and no

12  issues remain with respect to the amount of the claims.[3]  Defendants themselves do

13  not dispute that there is a final judgment as to the unchallenged claims.  Accordingly,

14  the Court need only determine whether there is a just reason for delay.

15

16

17  [2]   On May 22, 2019, Judge Guilford declined to enter judgment immediately after the verdict as was done in *Apollo* (ECF No. 739) based on Defendants' argument that entry of judgment was premature because "essential questions" remained about: "(1) whether Defendants have a basis for rebutting the presumption of reliance as to any individual class members; (2) how class members' damages are to be calculated (and the corresponding size of any eventual damages award); and (3) the availability and amount (if any) of pre-judgment interest." ECF No. 732 at 1.  Each of those "essential questions" has now been answered: (1)  Defendants did not timely challenge any claim on the basis that the claimant did not rely on the integrity of the market for Puma stock and admitted that they had no basis to do so without amending the Final Pretrial Order and embarking on post-trial discovery (which was denied) (*see* ECF Nos. 818-1, 820, 832); (2) the methodology for calculating damages was set by Judge Guilford's September 9, 2019 Order and the Court-appointed Claims Administrator has identified the total damages (ECF Nos. 778, 800); and (3) pre-judgment interest was awarded and the Claims Administrator has identified the total pre-judgment interest (through June 30, 2021) for each claimant included in the proposed judgment (ECF Nos. 778, 835-1).  Thus, Defendants' suggestion that entry of the proposed judgment would run afoul of Judge Guilford's May 22, 2019 Order is wrong.

26  [3]   As discussed below in §V, Defendants' effort to challenge nine additional claims months after the Court's March 29, 2021 deadline to do so does not alter the fact that there is a final judgment or otherwise provide a basis for delaying entry of the proposed judgment.

- 5 -

**IV.    THERE IS NO JUST REASON TO DELAY ENTRY OF JUDGMENT FOR ALL VALIDATED AND UNCHALLENGED CLAIMS**

Defendants have not and cannot identify any just reason to delay entry of Plaintiffs' proposed judgment.  The fundamental "purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment . . . as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."   10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2654 (4th ed. 1998); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432-33 (1956).  "In the interests of sound judicial administration, Congress enacted Rule 54(b) to 'relax[] the restrictions upon what should be treated as a judicial unit for the purposes of appellate jurisdiction.'"  *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992).

Defendants' objections to the proposed judgment hinge on their unfounded assertion that only "a single final judgment" should be entered in a case like this. Defs' Obj. at 1-2, 8.  But in prior federal securities class actions – *Vivendi*, *Household*, *Apollo* – Rule 54(b) judgments were entered.  For good reason.  Federal Rule of Civil Procedure 58(b) (as well as Local Rule 58-1) makes it clear that a judgment should be entered "at the earliest practicable time" after a verdict.  *See* Fed. R. Civ. P. 58 advisory committee's note to 1963 amendment ("Rule 58 is designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided.").  Moreover, the Ninth Circuit has made it clear that entry of judgment does not need to be delayed until all phases of the litigation have been resolved.  *See Apollo*, 2010 WL 5927988, at *1; *see also Texaco*, 939 F.2d at 797-98; *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987).  Defendants have failed to point to any rule or requirement to the contrary.  Indeed, the express purpose of Rule 54(b) is to enter judgment as to fewer than all of the parties until the final adjudication of the entire case by making an appeal available.  *See Sears*, 351 U.S. at 432.

- 6 -

**A.  Judicial Administrative Interests Support Rule 54(b) Certification Because the Claims that Could Be Appealed Are Separate and Distinct from the Remaining Issues**

Defendants claim that "entry of a partial judgment will **guarantee** piecemeal post-trial motions and appeals."  Defs' Obj. at 9.  This is a disingenuous assertion based on the conclusory claim that there is "a **substantial likelihood** that the successive appeals will present similar legal issues as earlier appeals."  *Id*. at 9-12. But all legal issues related to the trial, pre-trial rulings, or anything dispositive of class-wide issues would have to be raised (in post-trial motions and/or on appeal) following the proposed Rule 54(b) judgment.  The only remaining issue would be the challenges to individual claimants – specifically, whether any individual claim was properly validated – which could not be the subject of any post-trial Rule 50 or 59 motion and, even if appealable, would not legally or factually overlap with any appeal related to the trial, pre-trial rulings, or anything dispositive of class-wide issues.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). When assessing whether judicial administrative interests support certification for immediate appellate review of a partial final judgment, district courts typically consider whether the claims under review are separable from the others remaining to be adjudicated. *Id.*; *see also Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

Here, immediate review of the trial verdict or any issue subject to a Rule 50 or 59 motion is easily separated from Defendants' remaining challenges to individual reliance.  Defendants' own briefing makes that clear.  In their Objections, Defendants assert that "[t]his Court did not preside over the trial and is thus likely unfamiliar with the trial record, but there were significant errors that will require careful consideration by this Court."  Defs' Obj. at 10.  Defendants then identify two purported errors:  (1) that the verdict form was "constructively amended" after closing arguments; and (2)

- 7 -

1    that Defendants were barred from presenting evidence about post-Class Period events.

2    *Id*. Setting aside the infirmities with Defendants' contentions, both of these issues are

3    ripe for post-trial motions and appeal now.  Nothing that will happen with the

4    challenged claims will alter the facts relevant to review of these purported errors, and

5    nothing that will happen with the challenged claims would require any successive

6    appeal of these issues or any other issues related to class-wide liability.

7           The only legal issues that will remain following entry of the proposed judgment

8    are those related to individual claimants.  And Defendants have already identified that

9    their challenges to these claims are limited to issues that do not overlap with the trial,

10   verdict, or class-wide liability.  In their March 29, 2021 Post-Trial Claims Submission

11   Pursuant to ECF No. 817 ("Post-Trial Claims Submission"), the only grounds

12   Defendants identified for challenging any individual claimant was that certain claims

13   either: (1) were missing backup documentation; (2) had supporting documents that do

14   not identify or match the claimant; (3) had incomplete records; (4) had insufficient or

15   unreliable evidence; (5) were getting "windfall profits"; or (6) were filed too late.

16   ECF No. 820-1.[4]  An appeal of a ruling on any of these challenges to any particular

17   claim or group of challenged claims could not and would not overlap with any appeal

18   that Defendants could bring following entry of the proposed Rule 54(b) judgment.

19   And any ruling on any post-trial motion or appeal of a class-wide issue would apply to

20   all members of the Class, whether or not they were included in the Rule 54(b)

21   judgment.  As the *Household* court recognized when presented with an almost

22

---

23   [4]  Defendants now suggest that the Court will need to address the fraud-on-the-market presumption of reliance in resolving their challenges to individual claims.
24   Defs' Obj. at 11.  But in their Post-Trial Claims Submission, Defendants did not identify any claims that they challenged on the grounds that the claimant did not rely
25   on the integrity of the market for Puma stock. ECF No. 820.  Moreover, in seeking to amend the Final Pretrial Order and re-open discovery, Defendants admitted that the
26   evidence they have is not sufficient to challenge any claimant's presumption of reliance.  *Id.* at 3; ECF No. 818-1 at 1; ECF No. 829 at 7.  And, in any event, an issue
27   regarding whether the presumption of reliance has been rebutted for an individual claimant would be distinct and separate from an appeal of the jury verdict finding that
28   Defendants did not rebut the presumption on a class-wide basis.

1    identical Rule 54(b) judgement at an almost identical point in the litigation, "[t]he

2    Court has no concerns about wasting judicial resources at the appellate level as the

3    legal issues associated with List 1 [unchallenged] claimants are dispositive of the

4    entire class." *Household*, 2013 WL 11319426, at *4.[5]

5          Because the unadjudicated issues here (challenges to the sufficiency of certain

6    claims) is both factually and legally unrelated to the adjudicated claims (the jury

7    verdict and any pre-trial, trial, or class-wide issues), Defendants' cited cases provide

8    no support for delaying entry of Plaintiffs' proposed judgment.  Defs' Obj. at 13-15.

9    As discussed above, the court in *Vivendi* actually did enter a Rule 54(b) judgment for

10   certain unchallenged claimants while other claimants were still subject to challenge.[6]

11   Defendants' remaining cases are similarly misplaced.  *See Jewel v. Nat'l Sec. Agency*,

12   810 F.3d 622, 631 (9th Cir. 2015) (denying a Rule 54(b) judgment after the court

13   denied the plaintiff's motion for summary judgment that only dealt with "one sliver of

14   the case"); *In re Gentiva Sec. Litig.*, 2 F. Supp. 3d 384, 386-87, 390 (E.D.N.Y. 2014)

15   (denying Rule 54(b) judgment after a Federal Rule of Civil Procedure 12(b)(6) motion

16   to dismiss and where "'the remaining proceedings in the district court [could]

17   "illuminate appellate review of" the dismissed claims'"); *McAdams v. McCord*, 533

18   F.3d 924, 928 (8th Cir. 2008) (reversing the district court's approval of a Rule 54(b)

19   partial judgment where the "investors' pending breach of fiduciary duty claim . . . and

20   the dismissed claims arose out of essentially the same factual allegations"); *Hildes v.*

21   *Andersen*, 2010 WL 4658742, at *2 (S.D. Cal. Nov. 8, 2010) (after granting a motion

---

22   [5]   Defendants rely on this Court's opinion in *ABC Servs. Grp., Inc. v. Health Net of*
23   *Cal., Inc.*, 2020 WL 5775828 (C.D. Cal. July 1, 2020), to argue that a Rule 54(b)
     judgment is improper if there is a legal or factual overlap between the issues left to be
24   adjudicated and the claims that have reached final judgment. Defs' Obj. at 8.  But in
     *ABC*, the plaintiff sought partial judgment before trial on a dismissed ERISA claim for
25   which the underlying factual issues wholly overlapped with the remaining causes of
     action that had yet to be tried. 2020 WL 5775828, at *2.  Accordingly, it is inapposite
26   here.

27   [6]   Defendants cite to an earlier order in *Vivendi*, 2012 WL 362028 (S.D.N.Y. 2012),
     but there, the delay was justified because no validated or unchallenged claims had
28   been identified and the specific issue in dispute was already pending on appeal.

1    to dismiss, the court denied Rule 54(b) certification to an opt-out plaintiff as discovery

2    into the §§11, 14, and 10(b) claims would "overlap").

3           While Defendants suggest that even the slightest factual overlap will justify a

4    delay in entry of judgment (Defs' Obj. at 14), that is incorrect.  Even in cases, unlike

5    this one, where there are not distinct factual bases, "other factors may justify the

6    district court's exercise of discretion to certify an appeal in a given case." *W.L. Gore*,

7    975 F.2d at 864; *see also Curtiss-Wright*, 446 U.S. at 8 n.2 (noting that any single

8    factor is not dispositive of whether Rule 54(b) certification is appropriate); *Texaco*,

9    939 F.2d at 798 (affirming certification under Rule 54(b) even though the remaining

10   claims would require proof of the same facts involved in the dismissed claims, appeal

11   of legal issues will streamline ensuing litigation); *Cont'l Airlines, Inc. v. Goodyear*

12   *Tire & Rubber Co.*, 819 F.2d 1519, 1524-25 (9th Cir. 1987) (affirming certification

13   under Rule 54(b) even though the remaining claims would require proof of the same

14   facts involved in the dismissed claims).

15          In this case, the Court's judicial resources, as well as the resources at the

16   appellate level, will actually be conserved by entering the proposed judgment now.

17   Starting immediately after the jury verdict in February 2019, Defendants have publicly

18   declared that they intend to appeal the trial verdict. *See, e.g.*, ECF No. 734-2 ("Puma

19   disagrees with the verdict and intends to appeal.").  Assuming *arguendo* that

20   Defendants could make a colorable appellate argument and the Ninth Circuit reversed

21   the trial result, the judgment would disappear and moot any disputes regarding the

22   sufficiency of individual claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 110 (2d Cir.

23   2000) (granting a Rule 54(b) judgment as the appellate court could "resolve the case

24   in its entirety in [a] single appeal").  Of course, if Defendants actually had a viable

25   basis to reverse the verdict against them they presumably would not spend so much

26   time and effort trying to delay entry of judgment.  But Defendants' desire to put off

27   having to follow through with their public declarations and actually identify non-

28

4847-5676-1076.v1

1  frivolous appellate issues is not a just reason for delaying entry of the proposed

2  judgment.

3        Delaying entry of judgment until after resolution of Defendants' challenges to

4  individual claims will not save judicial resources. Regardless of whether Defendants

5  are able to pick off any individual claimant for a deficiency with their claims

6  submission, it would not alter the verdict or change the proposed judgment.  In

7  contrast, entry of the Rule 54(b) judgment would allow the parties to move forward

8  with any post-trial motions or appeals on dispositive issues, thus expediting the final

9  resolution of this case, which is already more than six years old.

10  **B.    The Equities Favor Entry of a Final Judgment**

11        The equities also weigh in favor of a Rule 54(b) judgment.  As Defendants

12  recognize, the deadline to file any motions pursuant to Rules 50 or 59 and to notice an

13  appeal are triggered by a Rule 54(b) final judgment.  *See* Defs' Obj. at 9.  The issues

14  that could be raised in a Rule 50 or 59 motion are all ripe for determination now, as is

15  an appeal of any issues related to the trial, preceding orders, and any class-wide

16  issues.

17        The jury returned a verdict for Plaintiffs over 29 months ago and since that time

18  Class members have waited for a judgment to be entered.  As the Court recognized in

19  denying Defendants' Motion for Leave to Amend the Final Pretrial Order, Plaintiffs

20  and the Class are prejudiced by any continued delay in the entry of judgment. Based

21  on Defendants' rhetoric, this case will not reach conclusion until after the Ninth

22  Circuit has weighed in on the trial and verdict.  Accordingly, the proposed judgment

23  should be entered as soon as possible.  *See Household*, 2013 WL 11319426, at *4

24  ("[G]iven the length of time this case has been pending, allowing the judgment for the

25  List 1 claimants to proceed to appeal and final resolution is advantageous to all

26  involved.").[7]

27  

28  [7]  Defendants' suggestion that Puma is now on solid financial footing and, therefore, there is no risk to a continued delay in entry of judgment misses the mark.  First, the

Defendants' assertion that "Plaintiff's proposed Rule 54(b) partial final judgement will not resolve this case any faster" is simply wrong.  Defs' Obj. at 16. The sooner a judgment is entered, the sooner any purported "significant errors" with pre-trial, trial, or class-wide rulings will be addressed, whether by this Court or the Ninth Circuit.  That, in turn, will expedite the final resolution of this case, including any issues regarding attorneys' fees, for all claimants.[8]

## V.  DEFENDANTS' OBJECTIONS TO THE FORM OF THE JUDGMENT ARE MERITLESS

Plaintiffs provided Defendants with a draft of the proposed judgment on June 23, 2021, five days before it was filed.  While Defendants objected to entry of judgment on the (flawed) grounds that it was premature and generically claimed it "contain[ed] language or conclusions that are inaccurate or incomplete, not permitted, or not necessary," they did not identify any specific inaccuracies with the form of the proposed judgment itself or propose the addition of any language or information. Nevertheless, Defendants now claim that there are four purported deficiencies with the proposed judgment that compel a further delay in the entry of judgment.  They are wrong on each count.

**Belated Challenges to Claims**:  Defendants contend that the proposed judgment is deficient because it includes some claims that they intend to challenge.

---

fact that Puma may not go bankrupt in the next few months does not provide a just reason for delaying entry of the proposed judgment.  Second, Puma's deteriorating financial status *does* evidence that there will be an increasing threat to claimants' ability to collect on a judgment.  As Defendants' themselves admit, Puma has only taken a litigation reserve of $24.8 million, less than half of the validated damages in this case.  Defs' Obj. at 16.  Moreover, Puma continues to lose money year-over-year ($60 million in 2020 alone) and its stock price has dropped below $8.00 per share, lower than at any time since the company went public in 2012.

[8]  Defendants' two cited cases are irrelevant.  Defs' Obj. at 16.  *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1186 (9th Cir. 2013), only concerned whether attorneys' fees could be based on "a rough estimate of the ultimate value of th[e] settlement." That will never be the case here, since the claims process has identified the specific damages caused by Defendants' fraud that have been recovered through the litigation. In *Moore v. Petsmart, Inc.*, 2016 WL 771335, at *3 (N.D. Cal. Feb. 29, 2016), the court denied a settlement objector's motion for Rule 54(b) judgment where the judgment would have only benefited the objector.  No such facts exist here.

- 12 -

Defs' Obj. at 17-18.  But the Court's November 27, 2020 Order required Defendants to identify the "claims [they] are challenging and the specific basis for the challenge(s)" by ***March 29, 2021***.  ECF No. 817.  On March 29, 2021, Defendants filed their Post-Trial Claims Submission and identified 1,229 claims that they intended to challenge.  ECF No. 820.  None of those challenged claims are included in the proposed judgment.

In an effort to delay entry of judgment, Defendants now want to be able to ignore the Court's March 29, 2021 deadline and challenge nine (or possibly more) claims that they did not identify previously.[9]  Defendants argue that they "did not waive challenges as to any claims."  Defs' Obj. at 17.  But they either complied with the November 27, 2020 Order (in which case their March 29, 2021 submission identified all of the claims they were challenging) or they failed to comply with the Order (in which case there is no basis for allowing Defendants to add additional claims to challenge more than four months after the March 29, 2021 deadline).  A central purpose of the November 27, 2020 Order was to set deadline to allow for the prompt and efficient entry of a judgment in this case where more than 29 months have already passed since the jury found Defendants committed securities fraud.  Absent enforcement of the Court ordered deadlines, Defendants will simply keep identifying claims they intend to challenge as a way to perpetually avoid entry of judgment.[10]

---

[9]   The nine claims Defendants identify in their Objections that they belatedly want to challenge were all filed by Capital Group.  Defs' Obj. at 17.  These claims are specifically ***not*** susceptible to a challenge.  Capital Group was Lead Plaintiff Norfolk County Council, as Administering Authority of the Norfolk Pension Fund's investment advisor and made all of the purchases and sales of Puma stock on behalf of Lead Plaintiff.  During the trial, Defendants introduced testimony and documents from Capital Group, argued that Capital Group was Lead Plaintiff's agent, and stressed that Capital Group did not rely on the integrity of the market price of Puma stock.  ***See, e.g.***, ECF No. 760 at 34:22-36:24; ECF No. 764 at 217:1-235:21; ECF No. 767 at 66:13-96:2; ECF No. 769 at 151:25-153:19; Trial Exs. 10-12, 22, 34, 36.  But the jury rejected Defendants' contention and found that Defendants did not rebut the presumption of reliance for Lead Plaintiff (or a class-wide basis).  ECF No. 718, ¶5. The same result has to apply to Capital Group.

[10]   Defendants cut-and-paste from their Memorandum of Law in Support of Their Motion for Leave to Amend the Final Pretrial Order and cite various cases for the

1    Because the proposed judgment does not include any claims that Defendants
2    timely identified that they intend to challenge, Defendants' first purported deficiency
3    with the judgment is meritless.

4    **Rule 54(b) Language**:   Defendants' second purported deficiency with the
5    judgment is that it does not include the language from Rule 54(b) that it was
6    "'expressly determine[d] that there is no just reason for delay.'" Defs' Obj. at 18.  But
7    Rule 54(b) does not require any specific language actually be included in a judgment.
8    The Court just needs to make the determination that there is no just reason for
9    delaying entry of judgment.  As discussed above and consistent with the Court's
10   November 27, 2020 and June 11, 2021 Orders, judgment for all unchallenged claims
11   should be entered and there is no basis (let alone a just reason) for further delay.

12   Because Rule 54(b) does not require that a judgment include the specific
13   language that there is no just reason to delay entry of the judgment, Defendants'
14   second purported deficiency with the judgment is meritless.

15   **Prejudgment Interest**:  Defendants next argue that the proposed judgment
16   does not comply with Local Rule 58-7 because it does not indicate the applicable rate
17   of prejudgment interest.   Defs' Obj. at 19.   But Defendants know from Judge
18   Guilford's September 9, 2019 Order that prejudgment interest was to be calculated
19   using the 52-week Treasury bill rate, running from May 14, 2015 through entry of
20   judgment and compounded annually.  ECF No. 778 at 4-5.  Indeed, Defendants
21   received a draft of the proposed judgment, which identified the prejudgment interest
22   for each of the unchallenged claimants, and did not raise any questions or concerns
23   before the judgment was filed.  And in response to questions raised after their
24   Objections were filed, Plaintiffs provided Defendants with spreadsheets identifying

25   proposition that they have a "due process right" to challenge claims. *Compare* Defs'
26   Obj. at 18, *with* ECF No. 818-1 at 10-11.  But as the Court recognized in denying their
     prior motion, Defendants had ample information and opportunity before March 29,
27   2021 to identify the claims they have a basis to challenge.  Holding Defendants to that
     deadline and the 1,229 claims that they said they were challenging does not infringe
28   on any rights

- 14 -

specifically how the prejudgment interest was calculated using the 52-week Treasury bill rate, as reported by the Federal Reserve Bank of St. Louis, for the period May 14, 2015 through June 30, 2021. *See* Liu Decl., Exs. E-F.

The night before this Response was due to be filed, Defendants filed a Supplemental Submission in Support of Defendants' Objections to Proposed Judgment ("Defs' Sup.") (ECF No. 838) regarding the calculation of prejudgment interest. Defendants claim to be surprised or unclear about how prejudgment interest was calculated. But, again, Defendants received a draft of the proposed judgment, including the calculated prejudgment interest for each unchallenged claimant, on June 23, 2021, nearly four weeks before they filed their Objections. Not once did they raise any concern or ask any question about how that prejudgment interest was calculated. It was only after they filed their Objections that Defendants counsel contacted Plaintiffs and asserted that the rate used to calculate prejudgment interest should have been fixed at the 52-week Treasury bill rate for the week prior to May 14, 2015 (0.24%). *See* Liu Decl., Ex. G. But as Plaintiffs' counsel explained, use of the rolling 52-week Treasury bill rate for the period between May 14, 2015 and the date of entry of judgment was consistent with the September 9, 2019 Order and the briefing regarding the award of prejudgment interest. Specifically, in the briefing identifying the alternative interest rates that could be used, Plaintiffs identified all of the rates on a rolling quarterly basis with a blended multiplier. *See* ECF No. 746 at 10. The Claims Administrator here calculated prejudgment interest in the same manner, utilizing an average rate reflecting the 52-week Treasury rate over the relevant period.[11] At no point prior to last week did Defendants ever contend that the prejudgment interest rate

---

[11] To provide the most complete information, the Claims Administrator showed the calculation of prejudgment interest using the weekly reported 52-week Treasury bill rate for the period May 14, 2015 to June 30, 2021 (principal multiplied by the interest rate divided by 52), compounded annually. The total prejudgment interest would be the same if a quarterly or annual average of the weekly rates was used. Liu Decl., Ex. E.

should be fixed at just the rate immediately prior to May 14, 2015 (or, as they now seem to be arguing, the rate as of June 30, 2021). To do so would defeat the central purpose of prejudgment interest and fail to compensate claimants for the damages caused by Defendants' fraud. *Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1441 (9th Cir. 1996) ("prejudgment interest serves a compensatory function, designed to make the injured party whole").

This Court has recognized prejudgment interest should be calculated by applying the appropriate periodic rates (not a fixed rate). For example, in *S. Coast Cab Co. v. City of Anaheim*, 2007 WL 9723540, at *4 (C.D. Cal. Jan. 22, 2007), the Court applied "the annual average of the monthly Treasury bill rates for each year during which interest accrued." Likewise, in *SEC v. mUrgent Corp.*, 2012 WL 630219, at *2 (C.D. Cal. Feb. 28, 2012), the Court accepted the U.S. Securities and Exchange Commission's ("SEC") prejudgment interest calculation. As set forth at ECF No. 19-2 at 78-79 (Exhibit 7), in *mUrgent*, the SEC calculated prejudgment interest each month using the monthly periodic interest rate. Here, as discussed above, the Claims Administrator calculated prejudgment interest in a similar fashion, utilizing the weekly 52-week Treasury bill rate for the period May 14, 2019 to June 30, 2021. *See* Liu Decl., Ex. E; *see also Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1252-53 (N.D. Cal. 2008) (rejecting argument that 28 U.S.C. §1961(a) required prejudgment interest be set at the rate at a specific point in time and utilizing average 52-week Treasury bill rate over the prejudgment period); *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998) (affirming award of prejudgment interest "based on the average 52-week United States Treasury bill rate over the relevant time period"); *O'Callaghan v. SPX Corp.*, 2010 WL 259052, at *2 (E.D. Mich. Jan. 20, 2010) ("The blended rate of [prejudgment] interest averages the 52-week United States Treasury Bill interest rate over the relevant time period.").

- 16 -

4847-5676-1076.v1

1    While Defendants now suggest that 28 U.S.C. §1961(a) mandates that the Court

2   only use the 52-week Treasury bill rate for the week before entry of judgment, that

3   rule only applies to *post*-judgment interest.  For prejudgment interest, courts have

4   broad discretion in setting the interest rate and the goal is to compensate plaintiffs for

5   the time value lost on their money and place them in the position they would have

6   been absent Defendants' fraud.  *Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 922 (9th

7   Cir. 1995) ("[m]oney has a time value, and prejudgment interest is therefore necessary

8   in the ordinary case to compensate a plaintiff fully'").  That goal cannot be met by

9   locking a party into an interest rate that fluctuates frequently and could not be used for

10  a long-term period (here, the six plus years between when Defendants' fraudulent

11  conduct was revealed and the entry of judgment).  Defendants' own cases do not

12  support using a prejudgment interest rate fixed at either the last day of the Class

13  Period or the date of entry of judgment.  In *W. Pac. Fisheries, Inc. v. SS President*

14  *Grant*, 730 F.2d 1280, 1288-89 (9th Cir. 1984), the Ninth Circuit, in determining

15  whether an award of prejudgment interest at a rate of 8% was too low, simply noted

16  that it was appropriate, but not required, for courts to utilize the 52-week Treasury bill

17  rate for prejudgment interest.  And while Defendants contend that in *Vivendi*, the court

18  set interest at the rate as of the last day of the class period, that assertion is not

19  supported by the opinion.  Defs' Sup. at 3.  *Vivendi* actually just holds that

20  prejudgment interest should run from the last day of the class period through entry of

21  judgment, not that prejudgment interest should be calculated using the 52-week

22  Treasury bill rate as of the end of the class period.  *In re Vivendi Universal, S.A. Sec.*

23  *Litig.*, 284 F.R.D. 144, 164 (S.D.N.Y. 2012).  In fact, the ***defendants*** in *Vivendi*

24  acknowledged that "the ***average annual rate*** of return on one-year Treasury bills

25  between the last day of the Class Period and the entry of judgment would be the most

26  appropriate rate if any prejudgment interest were to be awarded."  Vivendi's

27  Opposition to Motion for Award of Prejudgment Interest at 14-15, *In re Vivendi*

28

- 17 -

4847-5676-1076.v1

1  *Universal, S.A. Sec. Litig.*, No. 02 Civ. 5571 (S.D.N.Y. May 12, 2010), ECF No.
2  1045.  Moreover, because, like here, *Vivendi* involved a securities fraud, the court
3  focused on the return the investors would have received had the money they lost due
4  to the fraud been invested in the stock market (*i.e.*, if instead of Vivendi, the money
5  had been invested in other stocks).  *Vivendi*, 284 F.R.D. at 164.  At the time of the
6  *Vivendi* opinion, markets were still languishing due to the Great Recession that began
7  in 2008, so the court determined the "plaintiffs would likely have not received a
8  significant return on their [hypothetical] investments." *Id.*  In contrast, claimants here
9  have lost out considerably by being denied the opportunity to invest in other stocks the
10  money Defendants' fraud took from them.  For example, between May 14, 2015 and
11  June 30, 2021, the Dow Jones Industrial Average increased 89% and the New York
12  Stock Exchange Arca Biotechnology Index increased 48%.

13       Nothing in Judge Guilford's September 9, 2019 Order suggests that he intended
14  to set prejudgment interest at only 0.24% (the weekly Treasury bill rate as of May 14,
15  2015) or 0.09% (the weekly rate as of June 30, 2021), as Defendants now propose.
16  The only interest rates presented to him were periodic rates over the course of the
17  period from 2015-2019, and neither Defendants nor Plaintiffs argued that any
18  particular rate from a fixed point in time should be used.  *See* ECF No. 746 at 10.  But
19  if this Court were inclined to adopt a fixed interest rate, the most appropriate rate to
20  use would be the 52-week rate at the time the verdict was rendered on February 4,
21  2019 (2.58%).  That would be consistent with the mechanics of 28 U.S.C. §1961(a)
22  (substituting the verdict for the judgment for prejudgment purposes) and come closer
23  to fully compensating claimants for the losses they suffered due to Defendants'
24  fraudulent conduct.

25
26
27
28

1    Because prejudgment interest has been correctly calculated and Defendants

2    have been aware of the applicable prejudgment interest rate, their third purported

3    deficiency with the judgment is meritless.[12]

4    **Attorneys' Fees and Expenses**:  In a final effort to delay entry of judgment,

5    Defendants argue that it "need[s] to proportionately account for attorneys' fees and

6    expenses."  Defs' Obj. at 19.  But the proposed judgment specifically states that "the

7    Court shall retain jurisdiction over any claim for attorneys' fees and costs."  ECF No.

8    835-1 at 1.  And Rule 54 specifically provides that any claim for attorneys' fees

9    should "be filed no later than 14 days ***after*** the entry of judgment."  Fed. R. Civ. P.

10   54(d)(2)(B)(i).  Obviously, it is not required that a judgment include the amount of

11   attorneys' fees when the Federal Rules of Civil Procedure provide that a motion for

12   attorneys' fees be filed after entry of judgment.  Indeed, the proposed judgment here is

13   consistent with the Rule 54(b) judgments in the *Household*, *Vivendi*, and *Apollo* cases

14   – the three most recent securities fraud class actions where a judgment was entered –

15   none of which identified attorneys' fees or expenses.  *See* Liu Decl., Ex. C at 1 ("the

16   Court shall retain jurisdiction over any claim for attorneys' fees and taxable costs");

17   *id.*, Ex. D at 2 ("the Court shall retain jurisdiction over. . . attorneys' fees and

18   nontaxable costs in this action"); *id.*, Ex. A, ¶9 ("The Court reserves for consideration

19   . . . any request for an award of class attorney fees and expenses in connection with all

20   class members (including those covered by the Rule 54(b) judgment).").

21   Because any motion for attorneys' fees and expenses is appropriately made

22   after entry of judgment, Defendants' fourth purported deficiency with the judgment is

23   meritless.

24

25

26

---

27   [12]  At the Court's request, Plaintiffs will provide an updated Exhibit A to the proposed

28   judgment with any adjustment to the prejudgment interest rate, if ordered, and to
reflect prejudgment interest running through the date the judgment is entered.

- 19 -

## VI.    CONCLUSION

Because there is no just reason for delay, Plaintiffs respectfully request that the
Court enter the proposed judgment pursuant to Rule 54(b).

DATED:  July 29, 2021                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
THEODORE J. PINTAR
TOR GRONBORG
JASON A. FORGE
TRIG R. SMITH
J. MARCO JANOSKI GRAY
TING H. LIU
DEBASHISH BAKSHI


                                          s/ TOR GRONBORG
                                         TOR GRONBORG

                             655 West Broadway, Suite 1900
                             San Diego, CA  92101
                             Telephone:  619/231-1058
                             619/231-7423 (fax)

                             *Counsel for Plaintiff and the Class*

- 20 -

1

<u>CERTIFICATE OF SERVICE</u>

2        I hereby certify under penalty of perjury that on July 29, 2021, I authorized the

3   electronic filing of the foregoing with the Clerk of the Court using the CM/ECF

4   system which will send notification of such filing to the e-mail addresses on the

5   attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of

6   the foregoing via the United States Postal Service to the non-CM/ECF participants

7   indicated on the attached Manual Notice List.

8                                    s/ TOR GRONBORG
                                   TOR GRONBORG
9
                                   ROBBINS GELLER RUDMAN
10                                     & DOWD LLP
                                   655 West Broadway, Suite 1900
11                                 San Diego, CA  92101-8498
                                   Telephone:  619/231-1058
12                                 619/231-7423 (fax)

13                                 E-mail:  torg@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4847-5676-1076.v1

# Mailing Information for a Case 8:15-cv-00865-DOC-SHK HsingChing Hsu v. Puma Biotechnology, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael A Attanasio**
  mattanasio@cooley.com,smiyajima@cooley.com,efiling-notice@ecf.pacerpro.com,michael-attanasio-2678@ecf.pacerpro.com

- **Debashish Bakshi**
  dbakshi@rgrdlaw.com,DBakshi@ecf.courtdrive.com,3472014420@filings.docketbird.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Christopher Thomas Casamassima**
  chris.casamassima@wilmerhale.com,WHDocketing@wilmerhale.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Andrew Clubok**
  andrew.clubok@lw.com,andrew-clubok-9012@ecf.pacerpro.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Jordan Davisson Cook**
  jordan.cook@lw.com,#ocecf@lw.com,jordan-cook-5273@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Lorraine Echavarria**
  Lori.Echavarria@wilmerhale.com,joann.ambrosini@wilmerhale.com,gina.gaytan@wilmerhale.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Gilardi & Co. LLC**
  classact@gilardi.com

- **Meryn C N Grant**
  meryn.grant@lw.com,meryn-grant-0298@ecf.pacerpro.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,karen.patterson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,jana.roach@lw.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Ting Hsiang Liu**
  tliu@rgrdlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  info@glancylaw.com,CLinehan@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,rprongay@glancylaw.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com,bernice.worley@morganlewis.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John F Sylvia**
  jfsylvia@mintz.com

- **Kolin Tang**
  kctang@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,Roman.Martinez@lw.com,sarah-tomkowiak-4288@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric          J Eastham
The Familie
2121 New Castle Avenue, Suite E
Cardiff, CA 92007
```