REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1

2 UNITED STATES DISTRICT COURT

3 CENTRAL DISTRICT OF CALIFORNIA

4 SOUTHERN DIVISION

5 HSINGCHING HSU, Individually and )   Case No. 8:15-cv-00865-AG-SHK
  on Behalf of All Others Similarly )
6 Situated,                         )   CLASS ACTION
                                    )
7                      Plaintiff,   )
                                    )   DECLARATION OF ROSS D.
8        vs.                        )   MURRAY REGARDING
                                    )   PROCESSING AND VALIDATION
9 PUMA BIOTECHNOLOGY, INC., et      )   OF PUMA BIOTECHNOLOGY
  al.,                              )   SECURITIES LITIGATION CLAIMS
                                    )
10                                  )
                     Defendants.    )
11 _____ )

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, ROSS D. MURRAY, declare and state as follows:

## I.    INTRODUCTION

1.    I am a Vice President of Securities at Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Boulevard, San Rafael, California 94901.  At the request of Class Counsel, I submit this declaration in order to provide the Court and the parties with information regarding the processing and adjudication of claims submitted for this matter.  I make this declaration based on personal knowledge, and if called to testify I could and would do so competently.

2.    Gilardi was founded in 1984 and is one of the nation's largest, full-service administrators of class action settlements.  We have served as the administrator in more than 4,000 cases and have distributed roughly $25 billion in assets.  We are a company solely dedicated to notice and claims administration. During this time, we have served as the administrator across a wide range of practice types (securities, antitrust, consumer, employment, government, etc.), and our administrative work has included some of the largest and most complex private settlements, with individual cases that required direct notice to more than 25 million people and single case distributions of more than $7 billion.  We have served countless private law firms from both the plaintiff and defense bars and numerous government entities in performing our administration services, including the Department of Justice, Securities & Exchange Commission, FINRA, CFTC and numerous state, local and county offices.

## II.    VALIDATION OF THE SUBMITTED CLAIMS

3.    The Notice of Verdict in Favor of Plaintiff Class and Against Puma Biotechnology, Inc. ("Puma") and Alan H. Auerbach (the "Notice") stated that in order to recover damages, Class Members were required to complete and submit Proof of Claim forms ("claim") no later than January 28, 2020.  As described in the Supplemental Report of Gilardi & Co. LLC Regarding Claims Administration (ECF No. 800) and more fully below, as part of the Notice program that commenced in

- 1 -

October 2019, Gilardi sent a total of 39,905 claim packages and ultimately received 9,825 claim forms from potential Class Members prior to the date of Gilardi's September 8, 2020 report regarding the claims administration status and summary of accepted and rejected claims.  Gilardi received claims from both retail and institutional entities.

4.    Each Proof of Claim received, together with all submitted supporting documentation, was scanned into our system (unless submitted electronically) and all claims were assigned a unique claim number.  The relevant information from each Proof of Claim, (i.e. name, address, employer I.D. or social security number of the claimant and the purchase, acquisition and sales transactions) was similarly entered into the system of record.

5.    After the initial receipt and recording of each Proof of Claim, the supporting documentation provided in support of each Proof of Claim was reviewed by in-house processing teams to ascertain whether the claimant did, in fact, make the purchases, acquisitions and/or sales of Puma common stock during the relevant period that they identified in the Proof of Claim and/or whether they had any relevant additional holdings or transactions in Puma common stock as shown by their documentation.  This initial review marks the first stage of eligibility determination.

6.    A claim may be determined ineligible for recovery for various reasons related to the overall completeness of the claim and the claimant or transaction information as presented.  For example, where the Proof of Claim did not include any purchases of Puma common stock, where the identified transactions resulted in no damages, or where the beneficial owner as presented was determined to be insufficient or otherwise ineligible pursuant to the notice and damages criteria, the claim was deemed ineligible for recovery and claimants were so advised.

7.    Gilardi also reviewed the claims for deficiencies related to specific missing or incorrect information which could be resolved with further information; for example, where a claim was missing supporting documentation, lacking a

signature, appeared to be missing information regarding transactions or holdings, or presented transaction information which did not match the known history of the stock. If those deficiencies could be corrected by an analyst on review when compared to the supporting documentation, certain of these claims may move into eligible status. Furthermore, Gilardi typically waives deficiencies deemed to be insignificant to the determination of the allowed loss and/or the eligibility of the underlying claimant, such as a partial signature.

8. Proofs of Claim were also reviewed to be sure they were not submitted by any persons or entities excluded by definition from the Class, or by any of the three persons who timely requested exclusion from the Class. In addition, Gilardi maintains a database of individuals and entities that have submitted false or questionable claims in connection with other matters ("Questionable Filer List"). Gilardi's internal team compared the Proofs of Claim submitted in this matter against Gilardi's Questionable Filer List to ensure that Proofs of Claim were not submitted by one of these questionable filers or their associates. In addition to comparing every claim to the Questionable Filer List, large claims, as well as randomly selected claims of all sizes, were further scrutinized to identify other possible issues. The investigation team reviewed submitted supporting documents and analyzed transaction patterns for price and trading anomalies that may be indicia of fraud or inaccurate claims submissions. Additionally, the team performed background checks on filers that submitted claims with large trading positions, as well as on firms that filed claims on behalf of others.

9. Deficiencies were addressed during the normal course of the administration and claimants with deficient Proofs of Claim were provided an opportunity to cure these deficiencies prior to making any final claim determination. In addition, rejected claimants were notified of the rejection of their claim and were provided an opportunity to furnish additional information that may cure the claim or

request more information about the reason why the claim was rejected prior to making a final determination.

10.     Finally, an independent accounting firm reviewed a statistically significant number of the largest claims and a random sample of other claims to ensure adequate documentation and compliance with the Court-approved calculation of damages.

11.     Our securities claims administration processes therefore included reviews of every filed claim by specialized teams of Gilardi personnel.  Every claim was examined for possible data submission errors, documentation issues, pricing errors and other commonly occurring problems.  Where possible, Gilardi staff worked directly with filers to ensure that any claim that contained such deficiencies was corrected, or otherwise resolved.  Moreover, we have nearly continual interaction with the banks, brokerages and institutional investors who participate in large numbers of securities cases.  Ultimately, if correction was not possible, every claimant was given notice and the opportunity to seek additional review or further explanation of any adverse determination regarding their claim. Claims were also subjected to multiple audit procedures throughout processing, including testing by an external, independent auditor.  Only after all of these procedures were carried out did Gilardi designate and identify the 4,455 valid claims identified in the Supplemental Report of Gilardi & Co. LLC Regarding Claims Administration (ECF No. 800).

**III. VALIDATED CLAIMS CHALLENGED BY DEFENDANTS**

12.     We have received Defendants' Motion to Exclude certain of the validated claims and understand that Defendants have objected to certain claims on the basis of perceived inadequacies with the claims documentation (Categories A-D), the application of the damages calculation (Category E), and the submission of Proofs of Claim after January 28, 2020 (Category F).  We have re-reviewed each of

1  the claims Defendants challenge and have not identified any that are incomplete or

2  that we would remove from the list of validated claims.

3      13.    As part of this review, Gilardi has created a spreadsheet of the claims

4  challenged by Defendants.  In addition to the basic claim info and the category of

5  the challenge, there are columns to identify a number of gateways that claims may

6  pass through to reach a valid designation.

7      (a)    "Registered with Gilardi."  This is specific to financial

8  institutions or third-party services who are authorized to file claims electronically

9  and typically do so on a frequent basis and on behalf of multiple underlying

10 beneficial owners.  To be eligible to file electronically, companies must register with

11 Gilardi.  They agree to furnish documentation for their Proofs of Claim and proof of

12 authority to file for their clients upon request.  As a general rule, approximately 80%

13 of claims in cases involving securities, representing an even larger percentage of

14 institutional shareholders, are filed via this method, with the majority being filed by

15 a small group of financial institutions, specialty organizations and law firms who file

16 claims in nearly every case on behalf of one or more of their clients.  This occurs

17 because most stocks are held in street name and thus the claims are filed through a

18 broker/nominee/custodian, who typically file multiple claims on behalf of multiple

19 owners.  In this instance, more than 99% of the claims challenged by Defendants

20 were electronically filed.

21     (b)    "Filed a paper claim with attestation."  Although electronic filers

22 send in all transactional records via a spreadsheet, they must file also file a paper

23 claim form on behalf of their clients, signing the same attestation as an individual

24 investor filing a paper claim.

25     (c)    "Electronic Claim with spreadsheet of trade data."  As discussed

26 above, electronic filers are able to submit transactions via spreadsheet.  Although the

27 input is standardized at our request, the records are output from the system of record

28 of the filer or the institution on whose behalf they are filing.

(d)   "Transaction prices matched reported share price."  As discussed in paragraph 7 above, all claims are reviewed to ensure that the stock prices provided by the filer match the known trading history for the day of the transaction.  Gilardi identified 20 claims in the list of challenged claims that were ultimately validated that had potential price errors.  Based on a further review, the majority of potential price errors were the result of after-hours trading, which is not included in the standard open-to-close range of price history charts.  The prices were again reviewed to confirm that the transactions and pricing were accurate within the context of the two-day stretch of trading.

(e)   "Confirmed not on Questionable Filer list."  As discussed in paragraph 8 above, Gilardi keeps an extensive list of people and entities (and any known aliases and addresses they've used) that have filed claims that were questionable or determined to be fraudulent.  The claims on the challenged list were cross-referenced against that list and it was confirmed that they do not match any known questionable filer.

14.   In connection with re-reviewing each of the 1,331 claims Defendants listed in their Categories A-F, Gilardi reviewed each of the nine claims that Defendants identified in their Motion to Exclude Claims (ECF No. 843).  We address those claims and why Gilardi maintains that they were properly validated below.

**A. Category A Challenges ("Insufficient Evidence")**

15.   Claim No. 601452-6 (Rydex Series Trust Biotechnology Fund) was filed by U.S Bank on behalf of Rydex Series Trust Biotechnology Fund.  U.S. Bank is a registered filer with Gilardi and typically files electronic claims on behalf of its clients.   Gilardi received the signed claim form for Rydex Series Trust Biotechnology Fund on January 15, 2020.  Together with the signed claim form, U.S. Bank submitted the Rydex Series Trust Biotechnology Fund's transactional data for purchases and sales of Puma Biotechnology stock during the relevant period.  These transactional records were pulled from U.S. Bank's internal trading system

- 6 -

1    and submitted in the electronic format requested by Gilardi.  The claim was also

2    subject to all of the processes and reviews described in paragraphs 5 through 13

3    above.    In addition, after Defendants challenged the Rydex Series Trust

4    Biotechnology Fund claim,  U.S. Bank also provided monthly transaction and

5    holding reports for Rydex Series Trust Biotechnology Fund that confirmed the

6    accuracy of the transactional data that was submitted with the signed claim form.

7    Accordingly, Gilardi reconfirms that the Rydex Series Trust Biotechnology Fund

8    claim was appropriately validated based on the trading records submitted by U.S.

9    Bank and that in accordance with the damages formula in this case Rydex Series

10   Trust Biotechnology Fund's damages are $128,842.50.

11        16.    For Claim No. 602021-6 (Susquehanna Securities), Gilardi received the

12   signed claim form for Susquehanna Securities on January 15, 2020.  Together with

13   the signed claim form, Susquehanna Securities submitted transactional data for its

14   purchases and sales of Puma Biotechnology stock during the relevant period.  We

15   understand that these transactional records were pulled from Susquehanna

16   Securities' clearing firm, Merrill Lynch, and they were submitted in the electronic

17   format requested by Gilardi.  The claim was also subject to all of the processes and

18   reviews described in paragraphs 5 through 13 above.  Subsequently, at Gilardi's

19   request, Susquehanna Securities also provided a letter of attestation to support their

20   claim, stating that the initial data submission had been produced from their clearing

21   firm records, and was "true and correct in all material respects."  Accordingly,

22   Gilardi reconfirms that the Susquehanna Securities Fund claim was appropriately

23   validated based on the submitted trading records and that in accordance with the

24   damages formula in this case Susquehanna Securities' damages are $389,863.50.

25        17.    For Claim No. 602312-6 (D.E. Shaw & Co., L.P.), Gilardi received the

26   signed claim form for D.E. Shaw & Co., L.P. on January 27, 2020.  Together with

27   the signed claim form, D.E. Shaw & Co., L.P. submitted transactional data for its

28   purchases and sales of Puma Biotechnology stock during the relevant period.  These

transactional records were pulled from D.E. Shaw & Co., L.P.'s internal trading system and they were submitted in the electronic format requested by Gilardi. The claim was also subject to all of the processes and reviews described in paragraphs 5 through 13 above. Subsequently, at Gilardi's request, the managing director of D.E. Shaw & Co., L.P. also provided an affidavit in support of their claim and confirming the accuracy of the electronically submitted transactional records. The affidavit includes that the initial data submission "represents the business records that are maintained in the ordinary course of business" and that "[a]ll information provided on the electronic file is, to the best of our knowledge, complete, true and accurate." Accordingly, Gilardi reconfirms that the D.E. Shaw & Co., L.P. claim was appropriately validated based on the submitted trading records and that in accordance with the damages formula in this case D.E. Shaw & Co., L.P.'s damages are $359,419.50.

18.    In addition to Claim Nos. 601452-6, 602021-6, and 602312-6 discussed above Gilardi is satisfied that the transactional documentation for each of the claims identified in Defendants' Category A is sufficient and that the claims were correctly validated.

**B. Category B Challenges ("Missing Information")**

19.    For Claim No. 600973-5 (GIC Private Limited (formerly known as Government of Singapore Investment Corporation)), Gilardi received the signed claim form for GIC Private Limited from Northern Trust Company on January 9, 2020. We understand that Defendants contend that the transactional records submitted with the GIC Private Limited claim do not connect the trading records with GIC Private Limited. Northern Trust Company is a registered filer with Gilardi and has previously submitted claims with similar transactional data on behalf of GIC Private Limited. In addition to the electronic records being submitted in connection with a signed Proof of Claim, Northern Trust Company explained the connection between GIC Private Limited and the name of the trading account that appears on

the documentation, TIN TNT-LDN-EM282-CAP GUARD US-SL, and the account number matches the one that was produced from Northern Trust Company's internal trading system.  In addition, after Defendants challenged the GIC Private Limited claim, Northern Trust also provided us with an affidavit attesting to the connection between the GIC Private Limited fund name and the trading account.  Accordingly, Gilardi reconfirms that the GIC Private Limited claim was appropriately validated based on the submitted Proof of Claim and accompanying trading records and that in accordance with the damages formula in this case GIC Private Limited's damages are $362,700.00.

20.    For Claim No. 600365-6 (JCF Global Life Sciences Fund), Gilardi received the signed claim form for the JCF Global Life Sciences Fund from Janus Capital Management LLC on January 2, 2020 that included transactional records submitted in the electronic format requested by Gilardi.  We understand that Defendants contend that the transactional records submitted with the JCF Global Life Sciences Fund claim do not identify JCF Global Life Sciences Fund as the holder of the account.  The transactional records submitted with the Proof of Claim identified that the transactions were for JCF Global Life Sciences Fund and included the JCF Global Life Sciences Fund account number.  Subsequently, at Gilardi's request, trading records were also submitted by Citibank, N.A., Janus Capital Management LLC's clearing firm.  These transactional records were accompanied by correspondence from Citibank, N.A. and identified that the records were for the JCF Global Life Sciences Fund and the JHCF US Venture Fund, included the account numbers for both funds, and reconfirmed the accuracy of the transactional records submitted with the JCF Global Life Sciences Fund claim form.  In addition, an affidavit was provided by Janus Capital Management LLC attesting to the validity and accuracy of their claim.  Accordingly, Gilardi reconfirms that the JCF Global Life Sciences Fund claim was appropriately validated based on the submitted Proof

1  of Claim and accompanying trading records and that in accordance with the damages

2  formula in this case JCF Global Life Sciences Fund's damages are $349,263.00.

3       21.    In addition to Claim Nos. 600973-5 and 600365-6 discussed above

4  Gilardi is satisfied that the documentation for each of the claims identified in

5  Defendants' Category B is sufficient, is not missing any necessary information, and

6  that the claims were correctly validated.

7  **C. Category C Challenges ("Incomplete Records")**

8       22.    For Claim No. 604105-1 (Citadel Equity), Gilardi received the signed

9  claim form for Citadel Equity from Financial Recovery Technologies on January 28,

10  2020.  Financial Recovery Technologies is a professional claims-filing firm that is

11  registered to file electronic claims with Gilardi and has done so thousands of times.

12  Together with the signed claim form, Financial Recovery Technologies submitted

13  transactional data for Citadel Equity's purchases and sales of Puma Biotechnology

14  stock during the relevant period.  These transactional records were submitted in the

15  electronic format requested by Gilardi.  Subsequently, at Gilardi's request, Citadel

16  Enterprises Americas LLC submitted screenshots from their internal system of

17  record to support their transactional records, and an affidavit supporting the accuracy

18  and validity of those screenshots and the transactions they represent.  As noted on

19  page 1 of the supporting documentation, the screenshots represent the transactional

20  records of three different accounts associated with separate claims.  That appears to

21  explain Defendants confusion about the transaction records identified in the

22  screenshots and those from the transaction records that were submitted with the

23  Citadel Equity claim.  Based on the transaction records for the account titled CDRG-

24  FRM-CEFL (Citadel Equity Fund Limited), 46,162 shares of Puma Biotechnology

25  common stock were bought during the relevant period by Citadel Equity.

26  Accordingly, Gilardi reconfirms that the Citadel Equity claim was appropriately

27  validated and in accordance with the damages formula in this case Citadel Equity s

28  damages are $21,213.

23.     For Claim No. 602534-0 (Credit Suisse Securities USA LLC), Gilardi received the signed claim form for Credit Suisse Securities USA LLC from Battea – Class Action Services, LLC on January 27, 2020.  Battea – Class Action Services, LLC is also a professional claims filing firm that is registered to file electronic claims with Gilardi and has done so thousands of time.  Together with the signed claim form, Battea – Class Action Services, LLC submitted transactional data for Credit Suisse Securities USA LLC's purchases and sales of Puma Biotechnology stock during the relevant period.  These transactional records were submitted in the electronic format requested by Gilardi.  Subsequently, at Gilardi's request, Battea – Class Action Services, LLC submitted additional transactional information identifying Credit Suisse Securities USA LLC's Puma Biotechnology stock holdings at certain points during the relevant period.  These holding reports were used to check the accuracy of the complete trading records that were submitted with the Credit Suisse Securities USA LLC claim.  Accordingly, Gilardi reconfirms that the Credit Suisse Securities USA LLC claim was appropriately validated based on the submitted trading records and that in accordance with the damages formula in this case Credit Suisse Securities USA LLC's damages are $1,521.00.

24.     In addition to Claim Nos. 604105-1 and 602534-0 discussed above Gilardi is satisfied that the transactional documentation for each of the claims identified in Defendants' Category C are sufficient and that the claims were correctly validated.

**D. Category D Challenges ("Insufficient or Unreliable Evidence")**

25.     For Claim No. 601799-1 (DWS Small Cap Growth Fund), Gilardi received the signed claim form for DWS Small Cap Growth Fund from Securities Class Action Services on January 17, 2020.  Securities Class Action Services is another professional claims filing firm that is registered to file electronic claims with Gilardi and has done so thousands of time.  Together with the signed claim form, Securities Class Action Services submitted transactional data for DWS Small Cap

Growth Fund's purchases and sales of Puma Biotechnology stock during the relevant period. These transactional records were submitted in the electronic format requested by Gilardi. Subsequently, at Gilardi's request, Securities Class Action Services, on behalf of the underlying beneficiary (DWS/Deutsche Asset Management) submitted spreadsheets from DWS's internal system to support the transactional data provided with the initial claim submission. These spreadsheets were used to confirm the accuracy of the complete trading records that were submitted with the DWS Small Cap Growth Fund claim. Accordingly, Gilardi reconfirms that the DWS Small Cap Growth Fund claim was appropriately validated based on the submitted trading records and that in accordance with the damages formula in this case DWS Small Cap Growth Fund's damages are $32,485.50.

26. For Claim 601767-3 (Dreyfus Select Managers Small Cap Growth Fund Nicholas Investment Partners L.P.), Gilardi received the signed claim form for Dreyfus Select Managers Small Cap Growth Fund Nicholas Investment Partners L.P. from Securities Class Action Services on January 17, 2020. Together with the signed claim form, Securities Class Action Services submitted transactional data for Dreyfus Select Managers Small Cap Growth Fund Nicholas Investment Partners L.P.'s purchases and sales of Puma Biotechnology stock during the relevant period. These transactional records were submitted in the electronic format requested by Gilardi. Subsequently, at Gilardi's request, Securities Class Action Services, on behalf of Dreyfus Corporation submitted spreadsheets from Dreyfus Corporation's internal system to support the transactional data provided with the initial claim submission. These spreadsheets were used to confirm the accuracy of the complete trading records that were submitted with the Dreyfus Select Managers Small Cap Growth Fund Nicholas Investment Partners L.P. claim. Accordingly, Gilardi reconfirms that the Dreyfus Select Managers Small Cap Growth Fund Nicholas Investment Partners L.P. claim was appropriately validated based on the submitted trading records and that in accordance with the damages formula in this case Dreyfus

1   Select Managers Small Cap Growth Fund Nicholas Investment Partners L.P.'s
2   damages are $15,700.50.

3       27.    In addition to Claim Nos. 601799-1 and 601767-3 discussed above
4   Gilardi is satisfied that the transactional documentation for each of the claims
5   identified in Defendants' Category D are sufficient and that the claims were correctly
6   validated.

7   **III.    CALCULATION OF DAMAGES**

8       28.    Gilardi calculated damages in accordance with the Court's Order and
9   the damages formula as described in the notice.  Gilardi recalculated damages for
10  each of the 12 claims Defendants identify in their Category E ("Windfall Profits").
11  We've confirmed that the damages, as identified in the Supplemental Report of
12  Gilardi & Co. LLC Regarding Claims Administration (ECF No. 800) are correct and
13  consistent with the damages formula provided by the Court and set forth in the
14  Notice of Verdict.

15  **IV.    LATE BUT OTHERWISE VALID CLAIMS**

16      29.    It is Gilardi's understanding that the Court has discretion to accept or
17  reject late-filed claims.  In many situations, Gilardi, as the Claims Administrator, is
18  asked to recommend accepting or rejecting claims filed after the deadline to submit
19  a claim.  In those cases, Gilardi will generally recommend that claims received after
20  the deadline be accepted so long as they do not interfere with or delay the timely
21  processing of claims and distribution of available funds.  Here, none of the 12 claims
22  received after the filing deadline of January 28, 2020 affected Gilardi's ability to
23  comply with the Court-ordered deadlines for providing the parties with summaries
24  of received claims or filing the Reports Regarding Claims Administration (ECF Nos.
25  793 and 800) identifying the validated claims.  Indeed, both of the reports filed by
26  Gilardi identified the 12 claims being challenged by Defendants as late claims that
27  were otherwise valid.  ECF No. 793 at Ex. B; ECF No. 802-2.  In the context of any

28

1   other claims process, Gilardi would recommend that the 12 claims challenged by
2   Defendants for being received after the January 28, 2020 deadline be accepted.

3       30.    In our experience, the outlined claims processes above are reasonable,
4   and consistent with those incurred in other securities matters of similar size and
5   complexity.

6       I declare under penalty of perjury under the laws of the United States that the
7   foregoing is true and correct.  Executed this 20th day of September, 2021, at San
8   Rafael, California.

9

10

11

12   _____
13           ROSS D. MURRAY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Puma Biotechnology - challenged claims**
**Category A**

Puma Biotechnology - challenged claims
Category A

**Puma Biotechnology - challenged claims**
**Category A**

Puma Biotechnology - challenged claims
Category A

**Puma Biotechnology - challenged claims**
**Category A**

Puma Biotechnology - challenged claims
Category A

**Puma Biotechnology - challenged claims**
**Category A**

Puma Biotechnology - challenged claims
Category A

Puma Biotechnology - challenged claims
Category A

Puma Biotechnology - challenged claims
Category A

**Puma Biotechnology - challenged claims**
**Category A**

Puma Biotechnology - challenged claims
Category A

Puma Biotechnology - challenged claims
Category A

Puma Biotechnology - challenged claims
Category A

Puma Biotechnology - challenged claims
Category A

**Puma Biotechnology - challenged claims**
**Category A**

**Puma Biotechnology - challenged claims**
**Category A**

**Puma Biotechnology - challenged claims**
Category A

**Puma Biotechnology - challenged claims**
**Category B**

Puma Biotechnology - challenged claims
Category C



**Puma Biotechnology - challenged claims**
**Category D**



**Puma Biotechnology - challenged claims**

**Category E**



**Puma Biotechnology - challenged claims**
**Category F**



1    <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify under penalty of perjury that on September 20, 2021, I

3   authorized the electronic filing of the foregoing with the Clerk of the Court using the

4   CM/ECF system which will send notification of such filing to the e-mail addresses on

5   the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing

6   of the foregoing via the United States Postal Service to the non-CM/ECF participants

7   indicated on the attached Manual Notice List.

8                                    s/ TOR GRONBORG
                                     TOR GRONBORG
9
                                     ROBBINS GELLER RUDMAN
10                                        & DOWD LLP
                                     655 West Broadway, Suite 1900
11                                   San Diego, CA  92101-8498
                                     Telephone:  619/231-1058
12                                   619/231-7423 (fax)

13                                   E-mail:  TorG@rgrdlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 8:15-cv-00865-DOC-SHK HsingChing Hsu v. Puma Biotechnology, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael A Attanasio**
  mattanasio@cooley.com,smiyajima@cooley.com,efiling-notice@ecf.pacerpro.com,michael-attanasio-2678@ecf.pacerpro.com

- **Debashish Bakshi**
  dbakshi@rgrdlaw.com,DBakshi@ecf.courtdrive.com,3472014420@filings.docketbird.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Christopher Thomas Casamassima**
  chris.casamassima@wilmerhale.com,WHDocketing@wilmerhale.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Andrew Clubok**
  andrew.clubok@lw.com,andrew-clubok-9012@ecf.pacerpro.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Jordan Davisson Cook**
  jordan.cook@lw.com,#ocecf@lw.com,jordan-cook-5273@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Lorraine Echavarria**
  Lori.Echavarria@wilmerhale.com,joann.ambrosini@wilmerhale.com,gina.gaytan@wilmerhale.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Gilardi & Co. LLC**
  classact@gilardi.com

- **Meryn C N Grant**
  meryn.grant@lw.com,meryn-grant-0298@ecf.pacerpro.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,karen.patterson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,jana.roach@lw.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Ting Hsiang Liu**
  tliu@rgrdlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@poml

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  info@glancylaw.com,CLinehan@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,rprongay@glancylaw.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com,bernice.worley@morganlewis.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John F Sylvia**
  jfsylvia@mintz.com

- **Kolin Tang**
  kctang@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,Roman.Martinez@lw.com,sarah-tomkowiak-4288@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric              J Eastham
The Familie
2121 New Castle Avenue, Suite E
Cardiff, CA 92007
```