Christopher T. Casamassima (SBN: 211280)
chris.casamassima@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 213 443 5300
Facsimile: +1 213 443 5400

*Attorneys for Capital Group Fund Claimants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSINGCHING HSU, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PUMA BIOTECHNOLOGY, INC., ALAN H. AUERBACH, and CHARLES R. EYLER,<br><br>                    Defendants. | Case No. 8:15-cv-00865-DOC (SHK)<br><br>**JOINDER AND STATEMENT IN SUPPORT OF OPPOSITION TO MOTION TO EXCLUDE CLAIMS BY CAPITAL GROUP FUNDS** |

Capital Group[1] hereby joins in Plaintiff's Opposition to Defendants' Motion to Exclude Claims, ECF 858. In addition, Capital Group makes the following three points in support of Plaintiff's Opposition and to clarify the record.

First, a trial regarding Capital Group's investment is not warranted. There is ample evidence in the trial record from Capital Group documents and witnesses, including the testimony of Darcy Kopcho who was the Capital Group Portfolio Manager for Plaintiff. (*See* ECF 860-1 ("Kopcho Tr.") at 19:20-20:2) Defendants' Motion demonstrates as much, relying extensively on Capital Group-produced exhibits and Capital Group witnesses' testimony. Defendants already obtained testimony from the relevant Capital Group witnesses and it is in the trial record. Defendants do not even identify any additional evidence they would present at a new trial regarding Capital Group's claims. Their request for a new trial should be denied.

Second, Defendants' assertion that Ms. Kopcho's testimony took place "[d]uring fact discovery" (ECF 843-1 at 9:11) is incorrect. Ms. Kopcho testified pursuant to Defendants' trial subpoena. (Kopcho Tr. at 12:15-13:21) The parties agreed to take Ms. Kopcho's testimony remotely before trial because she—who is retired and does not live in Southern California—was unavailable to attend the trial in person. *Id.* But Defendants sought her testimony as trial testimony, and obtained it on October 30, 2018—eight days after the Final Pretrial Conference. *See* ECF No. 615 (reflecting October 18, 2018 Final Pretrial Conference). Defendants had the opportunity to examine her for trial and they did so.

---

[1] "Capital Group" refers collectively to the funds whose claims Defendants have moved to exclude: Capital Group Global Equity Common Trust, Capital International – Global Equity Capital, Capital Group US Equity Trust (US), Capital Group Global Equity Fund (AU), Capital Group US Equity Common Trust (US), Capital International SA, The Growth Fund of America, The New Economy Fund, and New Perspective Fund.

And third, Ms. Kopcho's trial testimony—again, sought by Defendants, not Plaintiff—establishes that Defendants cannot meet the standard set by this Court for rebutting the presumption of reliance. The Court held that "[w]hen rebutting the presumption of reliance under the fraud-on-the-market theory, the only question to be asked of the representative plaintiff is whether the plaintiff would have bought stock at the same price, had it known of the alleged fraud." *See* ECF 832 at 5 (*citing Basic Inc. v. Levinson*, 485 U.S. 224, 248-249 (1988)). Under that formulation, which should apply here to Capital Group's claims, the testimony elicited from Ms. Kopcho makes clear that Defendants have not rebutted the presumption of reliance for Capital Group. Ms. Kopcho made clear that she has never purchased, and would never purchase, shares of a company when she believed that company's stock price was affected by fraud; that based on her entire career at Capital Group she does not believe that anyone at Capital Group has ever done so; and that she specifically would not have purchased shares of Puma in May 2015 if she believed the stock price was tainted by fraud. *See* Kopcho Tr. at 114:24-116:5.

* * *

For the reasons set forth in Plaintiff's Opposition and in consideration of the points above, Defendants' Motion to Exclude Capital Group's claims and request for a new trial should be denied.

Dated:  September 20, 2021                    Respectfully submitted,

<u>/s/ Christopher T. Casamassima</u>
Christopher T. Casamassima
WILMER CUTLER PICKERING
HALE AND DORR LLP

*Attorneys for Capital Group Fund Claimants*