LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  michele.johnson@lw.com
  Kristin N. Murphy (Bar No. 268285)
  kristin.murphy@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel: (858) 523-5400
Fax: (858) 523-5450

LATHAM & WATKINS LLP
  Andrew B. Clubok (*pro hac vice*)
  andrew.clubok@lw.com
  Sarah A. Tomkowiak (*pro hac vice*)
  sarah.tomkowiak@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Defendants Puma Biotechnology, Inc. & Alan H. Auerbach*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PUMA BIOTECHNOLOGY, INC., et al.,<br><br>Defendants. | Case No. 8:15-cv-00865-DOC-SHK<br><br><u>CLASS ACTION</u><br><br>JOINT REQUEST SEEKING CLARIFICATION OF OCTOBER 29, 2021 & NOVEMBER 2, 2021 ORDERS |

Lead Plaintiff Norfolk County Council, as Administering Authority of the Norfolk Pension Fund, on behalf of the Class of Puma Biotechnology, Inc. investors ("Lead Plaintiff") and Defendants Puma Biotechnology, Inc. and Alan H. Auerbach ("Defendants" and together with Lead Plaintiff, the "Parties"), respectfully submit this joint request seeking clarification of the Court's October 29, 2021 Order (ECF No. 879) ("Judgment Order") and its November 2, 2021 Order (ECF No. 881) ("Dismissal Order"). For the reasons discussed below, the Parties jointly request that the Court (1) clarify that its Judgment Order does not effectuate a judgment in this case, and (2) vacate the Dismissal Order so that an appropriate motion for preliminary approval of settlement can be filed for this Court's review and determination.

## I. The Court Should Clarify That the Judgment Order Is Not an Effective Final Judgment

On October 29, 2021, at the Court's request, the parties filed a Notice of Settlement in Principle, alerting the Court that they had come to an agreement on the preliminary and material terms of a settlement, but that they would need additional time to finalize all terms of the settlement and to execute a written agreement. ECF No. 878. The notice explained that if the settlement terms are finalized, Plaintiffs will file a motion for preliminary approval of the settlement by December 3, 2021. *Id*.

Shortly after the Parties filed the notice of settlement, the Court issued an order—the Judgment Order (ECF No. 879). While the Judgment Order contains monetary terms that are similar to the settlement in principle that the Parties have negotiated, there are important differences in both the monetary and non-monetary terms of settlement that the parties expect to include in a final settlement agreement that will form the basis for a final judgment in this case.

In addition, the Parties wish to avoid the necessity of filing post-judgment motions and appeals while they finalize a settlement agreement. Under Federal

Rule of Civil Procedure 50(b) and (d), and Federal Rule of Appellate Procedure 4(a), the twenty-eight-day deadlines for post-trial motions and thirty-day deadline for a notice of appeal are triggered by entry of a judgment. The Parties do not believe that this Court intended to require the Parties to file post-trial motions and briefs at the same time as they seek to finalize the settlement; nor do they believe that the Court intended to trigger the deadline for filing a notice of appeal during this period. Indeed, the Dismissal Order expressly contemplates that the Court will retain jurisdiction for sixty days—a directive that is incompatible with either party filing a notice of appeal, which would divest the Court of jurisdiction within thirty days. Notably, Federal Rule of Civil Procedure 6(b)(2) is clear that the deadlines for post-trial motions cannot be extended, and the thirty-day notice of appeal deadline is jurisdictional and can only be extended once for a maximum of thirty days. *See Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13, 19-21 (2017); 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(C).

To avoid any confusion or ambiguity regarding the effect of the Court's orders, the Parties jointly request that the Court enter an order clarifying that, notwithstanding the Judgment Order, judgment has not yet been entered in this matter for any purpose contemplated by the Federal Rules of Civil Procedure or Federal Rules of Appellate Procedure, including for purposes of triggering deadlines for filing any post-trial briefs or notice of appeal.

**II. The Court Should Vacate Its November 2, 2021 Dismissal Order**

The Parties further request that the Court vacate the Dismissal Order so that the Court can retain jurisdiction of the case for a sufficient period of time to permit the Parties to complete the necessary requirements to obtain preliminary and final settlement approval. In accordance with Federal Rule of Civil Procedure 23(e) and the Private Securities Litigation Reform Act, the Parties cannot settle the case without the Court's approval, and the Court can only approve the settlement if it retains jurisdiction. If a settlement agreement is reached, Lead Plaintiff will file a

motion for preliminary approval under Rule 23(e)(1) and then provide notice to the claimants identified in the October 29 Order (ECF No. 879) that will allow time for those claimants to object or otherwise comment on the settlement and any proposed attorneys' fees and expenses.  In addition, even though the Court is retaining jurisdiction for sixty days under the Order, in accordance with the Class Action Fairness Act of 2005 ("CAFA"), a final approval hearing cannot be held until ninety days after entry of preliminary approval.  After preliminary approval is granted, Defendants are required by CAFA to provide notice of the proposed settlement to "appropriate state official[s]" at least ninety days before the final approval of the settlement.  In other words, because the final approval of the settlement cannot take place until at least ninety days after preliminary approval, until the final approval of the settlement and distribution of settlement funds to claimants, the case should not be dismissed and the Court should retain jurisdiction.

If the parties are unable to reach an agreement on settlement terms, they will so notify the Court by no later than December 3, 2021.  In that case, dismissal still would be inappropriate pending resolution of post-judgment motions, including any claim for attorneys' fees and costs, application to tax costs, any award or reimbursement to Plaintiff, and any motion pursuant to Federal Rule of Civil Procedure 37(c).

Accordingly, the Parties respectfully request that the Court enter an order clarifying its October 29 Order and the Dismissal Order as follows:

1. Notwithstanding the Court's Judgment Order (ECF No. 879), judgment has not yet been entered in this matter for any purpose contemplated by the Federal Rules of Civil Procedure or Federal Rules of Appellate Procedure, including for purposes of triggering deadlines for filing any post-trial briefs or notice of appeal;

2. The Clerk is directed not to enter a judgment on the civil docket at this time;

3. The November 2, 2021 Order dismissing the case and retaining jurisdiction for sixty days (ECF No. 881) is vacated; and

4. By no later than December 3, 2021, Lead Plaintiff is to file a motion for preliminary approval of a settlement, or the Parties will notify the Court if they have been unable to reach a settlement.

DATED: November 5, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
THEODORE J. PINTAR
TOR GRONBORG
JASON A. FORGE
TRIG R. SMITH
J. MARCO JANOSKI GRAY
TING H. LIU

*/s/ Tor Gronborg*
TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

*Counsel for Plaintiff and the Class*

DATED: November 5, 2021

LATHAM & WATKINS LLP
MICHELE D. JOHNSON (198298)
KRISTIN N. MURPHY (268285)

*/s/ Michele D. Johnson*
MICHELE D. JOHNSON

650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290
michele.johnson@lw.com
kristin.murphy@lw.com

COLLEEN C. SMITH (231216)
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel: (858) 523-5400
Fax: (858) 523-5450
colleen.smith@lw.com

ANDREW B. CLUBOK (*pro hac vice*)
SARAH A. TOMKOWIAK (*pro hac vice*)
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel: (202) 637-2200
Fax: (202) 637-2201
andrew.clubok@lw.com
sarah.tomkowiak@lw.com

*Attorneys for Defendants Puma Biotechnology, Inc. and Alan H. Auerbach*

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 5, 2021                    LATHAM & WATKINS LLP


                                           /s/ *Michele D. Johnson*
                                           Michele D. Johnson