ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN (111070)
THEODORE J. PINTAR (131372)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
TRIG R. SMITH (237399)
J. MARCO JANOSKI GRAY (306547)
TING H. LIU (307747)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
tedp@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
trigs@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com

*Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PUMA BIOTECHNOLOGY, INC., et al., <br><br> Defendants. | Case No. 8:15-cv-00865-DOC-SHK <br><br> CLASS ACTION <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

4895-3478-2981.v2

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   OVERVIEW OF THE LITIGATION ....................................................... 2

III.  THE SETTLEMENT TERMS ................................................................ 3

IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ........................................................................................ 4

    A.   Lead Plaintiff and Its Counsel Have Adequately Represented the Class ................................................................................. 6

    B.   The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation ............................ 6

    C.   The Relief Provided to the Class Is Complete ....................... 7

        1.   The Substantial Benefits for the Class, Weighed Against the Costs, Risks, and Delay of Continued Litigation Supports Preliminary Approval ................................... 7

        2.   The Proposed Method for Distributing Relief Is Effective ........ 8

        3.   Attorneys' Fees ............................................................... 8

        4.   The Damages Formula Was Already Approved by the Court and All Class Members Have Been Treated Equitably ......................................................................... 9

    D.   The Remaining Ninth Circuit Factors Are Satisfied ............ 9

        1.   The Extent of Discovery Completed and the Stage of the Proceedings at Which the Settlement Was Achieved Strongly Supports Preliminary Approval .......................... 9

        2.   Risk of Maintaining Class Action Status Through Trial ........... 9

        3.   Experience and Views of Counsel ................................... 9

V.    THE PROPOSED NOTICE TO VALIDATED CLAIMANTS IS APPROPRIATE AND SATISFIES FED. R. CIV. P. 23, THE PSLRA, AND DUE PROCESS ............................................................. 10

VI.   PROPOSED SETTLEMENT SCHEDULE .......................................... 12

VII.  CONCLUSION ................................................................................... 13

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4
5
6

*Ciuffitelli v. Deloitte & Touche LLP*,
   No. 3:16-cv-00580-AC, 2019 WL 1441634
   (D. Or. Mar. 19, 2019).......................................................................9

7
8

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980),
   *aff'd*, 661 F.2d 939 (9th Cir. 1981) ................................................10

9
10

*Franklin v. Kaypro Corp.*,
   884 F.2d 1222 (9th Cir. 1989)...........................................................4

11
12
13

*Gribble v. Cool Transports Inc.*,
   No. CV 06-04863 GAF, 2008 WL 5281665
   (C.D. Cal. Dec. 15, 2008)...................................................................7

14

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...........................................................6

15
16
17
18

*Hefler v. Wells Fargo & Co.*,
   No. 16-cv-05478-JST, 2018 WL 6619983
   (N.D. Cal. Dec. 18, 2018),
   *aff'd sub nom. Hefler v. Pekoc*,
   802 F. App'x 285 (9th Cir. 2020)...............................................6, 7, 9

19
20

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019).............................................................4

21
22

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ..........................................10

23
24

*In re OSI Sys., Inc. Derivative Litig.*,
   No. CV-14-2910-MWF, 2017 WL 5634607
   (C.D. Cal. Jan. 24, 2017)....................................................................7

25
26

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008)...........................................................4

27
28

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) .........................................................................12

- ii -

**Page**

*Norris v. Mazzola*,
No. 15-cv-04962-JSC, 2017 WL 6493091
(N.D. Cal. Dec. 19, 2017)......................................................................... 9

*Pataky v. Brigantine, Inc.*,
No. 18-cv-00352-GPC-AGS, 2018 WL 3020159
(S.D. Cal. June 18, 2018) ......................................................................... 7

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009).......................................................... 4, 10

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003)......................................................... 8

*Van Bronkhorst v. Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976)......................................................... 4

*Young v. LG Chem Ltd.*,
783 F. App'x 727 (9th Cir. 2019)................................................. 4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78j(b) .................................................................................................... 2
§78t(a)..................................................................................................... 2
§78u-4(a)(4)................................................................................... 3, 8, 11, 12

4895-3478-2981.v2

**Page**

Federal Rules of Civil Procedure
Rule 23 ................................................................................................................ 11
Rule 23(c)(2)(B) .................................................................................................. 10
Rule 23(e) ............................................................................................................. 5
Rule 23(e)(1) ......................................................................................................... 5
Rule 23(e)(1)(ii) .................................................................................................... 5
Rule 23(e)(2) ............................................................................................... 5, 6, 10
Rule 23(e)(2)(A) .................................................................................................... 6
Rule 23(e)(2)(B) .................................................................................................... 6
Rule 23(e)(2)(C)(i) ................................................................................................ 7
Rule 23(e)(2)(C)(ii) ............................................................................................... 8
Rule 23(e)(2)(C)(iii) .............................................................................................. 8
Rule 23(e)(2)(D) .................................................................................................... 9
Rule 23(e)(3) ......................................................................................................... 5
Rule 23(h)(1) ....................................................................................................... 12

4895-3478-2981.v2

## I.    INTRODUCTION

After over six years of litigation, through a jury verdict and an extensive claims process, and following years of arm's-length negotiations, the parties have reached a proposed Settlement of this securities class action in exchange for $54,248,374.00 for the Class's benefit.[1]  Lead Plaintiff now requests the Court preliminarily approve the proposed Settlement.[2]  As set forth below, the Settlement is the product of good-faith, arm's-length negotiations between experienced counsel and represents a recovery of 100% of the claimed damages and prejudgment interest identified in the judgment submitted by Lead Plaintiff on September 20, 2021.  *See* ECF Nos. 864, 879 (the "Judgment" or "Non-Performance Judgment").  The Settlement represents a complete recovery for the Class while avoiding the delays and risks of additional litigation and appeals.

Lead Plaintiff seeks approval of the form and substance of the Notice of Proposed Settlement of Class Action ("Notice") and Summary Notice (the "Summary Notice") appended as Exhibits A-1 and A-2 to the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order").  Lead Plaintiff also seeks the Court's approval of Gilardi & Co. LLC ("Gilardi") to continue in its role as Claims Administrator and of the means and methods for disseminating notice of the Settlement, including a finding that such notice comports

---

[1]    The "Class" is defined in the Stipulation as all persons who purchased or otherwise Puma Biotechnology , Inc. ("Puma") securities during the period from July 22, 2014 (after 6:00 p.m. EDT) through May 29, 2015, inclusive, and who were damaged thereby.  All Class members have already had an opportunity to opt out of the Class in conjunction with the Notice of Pendency or file a claim in conjunction with the Notice of Verdict.  Excluded from the Class are: (a) Alan H**.** Auerbach; (b) present and former executive officers of Puma; (c) all immediate family members of the foregoing, including grandparents, parents, spouses, siblings, children, grandchildren and step relations of similar degree; and (d) all predecessors and successors in interest or assigns of any of the foregoing.  Also excluded from the Class are those who timely and validly requested exclusion.

[2]    Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement, dated December 1, 2021 ("Stipulation"), submitted herewith.

- 1 -

with due process and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, *et seq.*

The Settlement easily meets the standards for preliminary approval, in that it is likely this Court will be able to find that the Settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure ("Rule") 23(e).   By granting preliminary approval, Lead Plaintiff will be able to notify the Class, after which the Court will be able to consider whether to finally approve the Settlement.[3]

## II.   OVERVIEW OF THE LITIGATION

This is a securities class action in which plaintiffs alleged that defendant Puma Biotechnology and its CEO Alan H. Auerbach ("Defendants") made false and misleading statements about the effectiveness of a drug being developed by Puma, neratinib. *See* ECF No. 557 at 1-4.  The initial complaint was filed on June 3, 2015. Judge Andrew J. Guilford appointed Norfolk County Council as Administering Authority of the Norfolk Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.  ECF No. 55.

After approximately 18 months of fact and expert discovery, a two week trial began on January 15, 2019.  On February 4, 2019, the jury returned a verdict against Defendants as to statements about the efficacy of Puma's drug, neratinib, in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  The jury awarded damages of $4.50 per share for shares purchased between July 22, 2014 and May 13, 2015." *Id.*

Following the jury verdict, the parties engaged in a claims process that ultimately resulted in Lead Plaintiff's submission of the proposed Judgment.  ECF No. 879.  That Judgment identified 4,455 validated claimants, with total claimed damages, including prejudgment interest, of $54,248,374.00.  While the motion for entry of

---

[3]   In accordance with Local Rule 7-3, the parties have conferred on this motion and Defendants do not intend to oppose the motion.

4895-3478-2981.v2

1  judgment was pending, the parties reached an agreement to settle the litigation for the

2  total amount of claimed damages and prejudgment interest.

3  **III.    THE SETTLEMENT TERMS**

4          This Settlement requires Defendants to pay, or cause to be paid, the Settlement

5  Amount of $54,248,374.00 plus certain interest, into the Escrow Account.   The

6  Settlement Amount, plus accrued interest, comprises the Settlement Fund.   The

7  Settlement Amount is required to be paid in two installments, with the first payment

8  of $27,124,187.00 made by January 15, 2022 and the second payment of

9  $27,124,187.00 plus interest by June 15, 2022. Stipulation, ¶2.1. Notice to the Class

10 and the cost of settlement administration ("Notice and Administration Expenses") will

11 be funded by the Settlement Fund.   Stipulation, ¶6.3.   Lead Plaintiff proposes that

12 Gilardi, a nationally recognized class action settlement administrator and the

13 administrator appointed by Judge Guilford for the notice and claims process to date,

14 continue in their role as administrator subject to the Court's approval.   The proposed

15 notice plan is discussed below in §V.

16         The Notice will be sent to all validated claimants identified in the Judgment

17 and, in addition to identifying the Settlement Fund,  provides that Lead Counsel will

18 move for final approval of the Settlement and: (a) an award of attorneys' fees in the

19 amount of 25% of the Settlement Amount; (b) payment of expenses or charges

20 resulting from the prosecution of the Litigation not in excess of $3,100,000; and (c)

21 any interest on such amounts at the same rate and for the same period as earned by the

22 Settlement Fund.  The Notice explains that such fees and expenses shall be paid from

23 the Settlement Fund.  Further, as explained in the Notice, Lead Plaintiff intends to

24 request an amount not to exceed $100,000 pursuant to 15 U.S.C. §78u-4(a)(4) in

25 connection with its representation of the Class.  And the Notice will alert validated

26 claimants of their right to object to any of these requests.

27         Once Notice and Administration Expenses, taxes, tax expenses, and Court-

28 approved attorneys' fees and expenses and any award to Lead Plaintiff pursuant to 15

- 3 -

4895-3478-2981.v2

U.S.C. §78u-4(a)(4) in connection with its representation of the Class have been paid from the Settlement Fund, the remaining amount, the Net Settlement Fund, shall be distributed on a pro rata basis to validated claimants in accordance with the damages and prejudgment interest identified in the Judgment.  All such Class members shall receive their full claimed damages and prejudgment interest, less their proportionate share of fees and expenses awarded by the Court, including the remaining expenses for notice of the Settlement and distribution of the Net Settlement Fund.

In exchange for the benefits provided under the Stipulation, Class members will release any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other members of the Class asserted or could have asserted in any forum that arise out of or are based upon (a) the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the operative complaint, and (b) the purchase or acquisition of Puma common stock during the Class Period.  Stipulation, ¶4.1.

## IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Courts recognize that public policy strongly favors settlements to resolve disputes, "'particularly where complex class action litigation is concerned.'"  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019);[4] *see also Young v. LG Chem Ltd.*, 783 F. App'x 727, 737 (9th Cir. 2019) (same); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (same).  Moreover, courts should defer to "the private consensual decision of the parties" to settle and advance the "'overriding public interest in settling and quieting litigation.'"  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

---

[4]   All citations are omitted unless otherwise noted.

Rule 23(e) requires judicial approval for a settlement of claims brought as a class action.  Pursuant to Rule 23(e)(1), the issue at preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  As to Rule 23(e)(1)(ii), the Court need not determine whether it could certify a class here because the Class has already been certified.  *See* ECF No. 218.

Rule 23(e)(2) provides:

> (2)   ***Approval of the Proposal***.  If the proposal would bind class members, the court may approve it only if after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>> (A)   the class representatives and class counsel have adequately represented the class;
>>
>> (B)   the proposal was negotiated at arm's length;
>>
>> (C)   the relief provided for the class is adequate, taking into account:
>>
>>> (i)   the costs, risks, and delay of trial and appeal;
>>>
>>> (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>>
>>> (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and
>>>
>>> (iv)   any agreement required to be identified under Rule 23(e)(3); and
>>
>> (D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition, the Ninth Circuit uses the following factors for preliminary approval, some of which overlap with Rule 23(e)(2): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the

- 5 -

1  class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

2  1026 (9th Cir. 1998).

3      As discussed below, and particularly in light of the fact that this case has

4  already proceeded through a jury verdict and claims process, the proposed Settlement

5  easily satisfies each of the factors identified under Rule 23(e)(2), as well as the

6  applicable Ninth Circuit factors, such that Notice of the proposed Settlement should

7  be sent to the Class in advance of the final Settlement Hearing.

### A.   Lead Plaintiff and Its Counsel Have Adequately Represented the Class

9      As explained above, Lead Plaintiff and its counsel have adequately represented

10  the Class as required by Rule 23(e)(2)(A) by diligently prosecuting this Litigation for

11  over six years and through a jury verdict.  Indeed, this case is one of only 14 securities

12  fraud class actions in the last 25 years to have been litigated through to a plaintiff's

13  verdict.  Following the trial, Lead Plaintiff and its counsel also directed a contentious

14  and heavily litigated claims process that ultimately resulted in the identification and

15  validation of 4,455 claims with claimed damages, including prejudgment interest,

16  totaling $54,248,374.00.  In short, Lead Plaintiff and its counsel have vigorously

17  prosecuted this case and more than adequately represented the Class.  *See Hefler v.*

18  *Wells Fargo & Co.*, No. 16-cv-05478-JST, 2018 WL 6619983, at *6 (N.D. Cal. Dec.

19  18, 2018) (finding, in finally approving settlement, that "Class Counsel had vigorously

20  prosecuted this action through dispositive motion practice, extensive initial discovery,

21  and formal mediation"), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir.

22  2020).

### B.   The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation

25      The Rule 23(e)(2)(B) factor is a procedural one, asking whether "the

26  [settlement] proposal was negotiated at arm's length."  Counsel not only negotiated

27  directly over multiple years before reaching a settlement, but also utilized an

28

- 6 -

4895-3478-2981.v2

experienced mediator, Gregory P. Lindstrom of Phillips ADR, which weighs in favor of this factor.  *See In re OSI Sys., Inc. Derivative Litig.*, No. CV-14-2910-MWF (MRWx), 2017 WL 5634607, at \*3 (C.D. Cal. Jan. 24, 2017).  In addition, "[a] settlement is presumed to be fair if reached in arms-length negotiations after relevant discovery has taken place."  *Pataky v. Brigantine, Inc.*, No. 18-cv-00352-GPC-AGS, 2018 WL 3020159, at \*3 (S.D. Cal. June 18, 2018).  Indeed, in a case like this one that has progressed through trial, "'[g]reat weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.'"  *Gribble v. Cool Transports Inc.*, No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at \*9 (C.D. Cal. Dec. 15, 2008).

In sum, with full awareness of the total damages suffered by validated claimants and the inherent delay and risks that would come with additional litigation, Lead Plaintiff negotiated a Settlement that recovers 100% of the claimed damages, plus prejudgment interest, reflected in the Judgment.

## C.  The Relief Provided to the Class Is Complete

### 1.  The Substantial Benefits for the Class, Weighed Against the Costs, Risks, and Delay of Continued Litigation Supports Preliminary Approval

Rule 23(e)(2)(C)(i) and the Ninth Circuit's factors concerning the "strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation"; and "the amount offered in settlement," are also satisfied because, again, the Settlement recovers 100% of the claimed damages, plus prejudgment interest, reflected in the Judgment.  This result is extraordinary in light of the fact that "'securities actions are highly complex and . . . securities class litigation is notably difficult and notoriously uncertain.'"  *Hefler*, 2018 WL 6619983, at \*13.  The Settlement will expedite validated claimants' recovery for the damages they suffered by eliminating the costs, risks and delays that would have come from Defendants' post-trial motions and appeals.

### 2. The Proposed Method for Distributing Relief Is Effective

As demonstrated below in §V, the method and effectiveness of the proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective.  The notice plan includes direct mail notice to all validated claimants or the claimants' representatives supplemented by publication of the Summary Notice in *The Wall Street Journal* and over *Business Wire*.  In addition, the Settlement-specific website – www.PumaBioSecuritiesLitigation.com – will be updated to include the Notice and additional information about when and how any objection to the Settlement can be made.

Because claims have already been processed in accordance with the Court approved damages formula and all validated claimants identified, administration of the Settlement will be streamlined.  *See* ECF No. 778.  Following final approval of the Settlement and resolution of attorneys' fees and expenses, the Lead Plaintiff's 15 U.S.C. §78u-4(a)(4) award, and objections, if any, the Claims Administrator will only need to distribute to validated claimants their calculated damages and prejudgment interest, less any awarded fees and expenses (which will be deducted on a pro rata basis).

### 3. Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment."  As discussed above (*supra* §III), Lead Counsel intends to seek an award of attorneys' fees of 25% of the Settlement Amount and expenses in an amount not to exceed $3,100,000, plus interest on both amounts.  This fee request is in line with the Ninth Circuit benchmark.  *See e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25% of the common fund as a benchmark award for attorney fees.'").

- 8 -

### 4. The Damages Formula Was Already Approved by the Court and All Class Members Have Been Treated Equitably

Rule 23(e)(2)(D) asks whether the proposal to distribute settlement funds treats class members equitably relative to each other. Here the damages formula was already approved by Judge Guilford in accordance with the Notice of Verdict. ECF No. 778. All Class members already had an opportunity to submit a claim (or opt out of the litigation in accordance with the Notice of Pendency) and as reflected in the Judgment, all validated claimants have been treated equitably. *See Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-00580-AC, 2019 WL 1441634, at *18 (D. Or. Mar. 19, 2019) (finding "[t]he Proposed Settlement does not provide preferential treatment to Plaintiffs or segments of the class" where "the proposed Plan of Allocation compensates all Class Members and Class Representatives equally in that they will receive a *pro rata* distribution based of the Settlement Fund based on their net losses").

### D. The Remaining Ninth Circuit Factors Are Satisfied

#### 1. The Extent of Discovery Completed and the Stage of the Proceedings at Which the Settlement Was Achieved Strongly Supports Preliminary Approval

Given that fact and expert discovery were completed and the case was tried to verdict, the stage of the proceedings at which the Settlement was achieved strongly supports preliminary approval of the Settlement.

#### 2. Risk of Maintaining Class Action Status Through Trial

Because this case was taken through trial as a certified class action, this factor is inapplicable.

#### 3. Experience and Views of Counsel

The opinion of experienced counsel supporting a class settlement after arm's-length negotiations is entitled to considerable weight. *Norris v. Mazzola*, No. 15-cv-04962-JSC, 2017 WL 6493091, at *8 (N.D. Cal. Dec. 19, 2017); *see also Hefler*, 2018

- 9 -

WL 6619983, at *9 ("That counsel advocate in favor of this Settlement weighs in favor of its approval."); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."), *aff'd*, 661 F.2d 939 (9th Cir. 1981). Lead Counsel has significant experience in securities and other complex class action litigation and has negotiated numerous other substantial class action settlements throughout the country. *See* www.rgrdlaw.com. Here, "[t]here is nothing to counter the presumption that Lead Counsel's recommendation is reasonable." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007).

Since being appointed, Lead Plaintiff actively litigated this case through trial and the post-trial claims process. By the time this Settlement was reached, Lead Counsel had a complete understanding of the value of the claims and potential for further risks and delays to recovering damages for validated claimants.

In sum, each relevant factor identified under Rule 23(e)(2) and by the Ninth Circuit is satisfied. The Settlement is fair, adequate, and reasonable, such that notice of the Settlement should be sent to the Class.

## V.     THE PROPOSED NOTICE TO VALIDATED CLAIMANTS IS APPROPRIATE AND SATISFIES FED. R. CIV. P. 23, THE PSLRA, AND DUE PROCESS

Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Courts evaluating proposed notice documents have held that "'[n]otice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez*, 563 F.3d at 962.

Here, a Notice of Verdict has already been served on all Class members. ECF Nos. 778, 800. Pursuant to the Notice of Verdict, Class members were directed to submit claims by January 28, 2020 and notified that if they did not submit a validated

claim, "you will not recover anything, but you will be bound by any judgments entered by the Court.  You may not opt out of this action."  ECF No. 749-1 at 4. Accordingly, Lead Plaintiff proposes sending the Notice directly or through their representatives to the validated claimants identified in the Judgment.  Because these claimants do not need to take any further steps – their claims records have already been submitted and validated and their claimed damages have already been calculated – and the primary purpose of the Notice is to alert them to the Settlement and their right to object to any award of fees or expenses, Lead Plaintiff proposes to mail, by first class mail, postage prepaid, a postcard notice.  This will save money, avoid confusion (since claimants do not need to take any additional steps to receive their pro rata share of the Net Settlement Fund), and is consistent with the postcard notice that was approved and used for the Notice of Pendency.  ECF No. 262.  In addition, a similar notice will be published in *The Wall Street Journal* and over *Business Wire*, as was also done with the Notice of Pendency and Notice of Verdict.  *Id.*, ECF No. 778. The proposed method of providing notice satisfies the requirements of Rule 23, the PSLRA, and due process.[5]

The proposed Notices provide detailed information in plain English.  They include all of the relevant information required by the PSLRA, Federal Rules of Civil Procedure, and Due Process.  Specifically, in accordance with the state of the case and information previously provided in the Notice of Verdict, the proposed Notices describe the proposed Settlement, the reason the parties have proposed the Settlement, the amount of the Settlement Fund, the estimated average distribution per damaged share, the maximum amount of attorneys' fees and expenses that Lead Counsel intend to seek in connection with final Settlement approval, the maximum amount Lead Plaintiff will request pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, the deadline to file an objection, and the date, time, and

---

[5]    The proposed Notices are annexed as Exhibits A-1 and A-2 to the Stipulation.

place of the Settlement Hearing.  The content of the proposed Notice and Summary Notice are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner."  The proposed Notices satisfy the requirements of Rule 23(h)(1), as they notify validated claimants – the only parties with an interest in and right to object to the proposed fee and expense awards – that Lead Counsel will apply to the Court for an award of attorneys' fees of 25% of the Settlement Amount and litigation expenses not to exceed $3,100,000, to be paid from the Settlement Fund. The Notices also note the application for an award of no more than $100,000 to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

In sum, the notice program proposed in connection with the Settlement and the form and content of the Notices satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA.  Accordingly, in granting preliminary approval of the Settlement, the Court should also approve the proposed form and method of giving notice to the Class.

## VI.    PROPOSED SETTLEMENT SCHEDULE

Lead Plaintiff proposes the following schedule for notice, Settlement Hearing and related dates:

| Event | Deadline for Compliance |
|---|---|
| Deadline to commence mailing the Notice to validated claimants (the "Notice Date") | No later than 10 business days following entry of the Preliminary Approval Order (Preliminary Approval Order, ¶6) |
| Publication of the Summary Notice | No later than 7 calendar days following the Notice Date (Preliminary Approval Order, ¶7) |

- 12 -

4895-3478-2981.v2

| Event | Deadline for Compliance |
|---|---|
| Deadline for filing papers in support of the Settlement and application for attorneys' fees and expenses | 35 calendar days prior to the Settlement Hearing (Preliminary Approval Order, ¶13) |
| Deadline for objections | 21 calendar days prior to the Settlement Hearing (Preliminary Approval Order, ¶11) |
| Deadline for submission of reply papers in support of the Settlement and application for attorneys' fees and expenses | 7 calendar days prior to the Settlement Hearing (Preliminary Approval Order, ¶13) |
| Date for the Settlement Hearing | At least 100 days after entry of the Preliminary Approval Order (Preliminary Approval Order, ¶2) |

## VII.  CONCLUSION

For each of the foregoing reasons, the Court should enter the Preliminary Approval Order, which will: (a) preliminarily approve the Settlement; (b) approve the form and manner of providing notice to validated claimants; and (c) set a Settlement Hearing date to consider final approval of the Settlement and related matters.

DATED:  December 13, 2021                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
THEODORE J. PINTAR
TOR GRONBORG
JASON A. FORGE
TRIG R. SMITH
J. MARCO JANOSKI GRAY
TING H. LIU


                                        /s/ Tor Gronborg
                                        TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

*Counsel for Plaintiff and the Class*

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 13, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 /s/ TOR GRONGBORG
TOR GRONBORG

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  Torg@rgrdlaw.com

# Mailing Information for a Case 8:15-cv-00865-DOC-SHK HsingChing Hsu v. Puma Biotechnology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael A Attanasio**
  mattanasio@cooley.com,smiyajima@cooley.com,efiling-notice@ecf.pacerpro.com,michael-attanasio-2678@ecf.pacerpro.com

- **Debashish Bakshi**
  dbakshi@rgrdlaw.com,DBakshi@ecf.courtdrive.com,3472014420@filings.docketbird.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Christopher Thomas Casamassima**
  chris.casamassima@wilmerhale.com,WHDocketing@wilmerhale.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Andrew Clubok**
  andrew.clubok@lw.com,andrew-clubok-9012@ecf.pacerpro.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Jordan Davisson Cook**
  jordan.cook@lw.com,#ocecf@lw.com,jordan-cook-5273@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Lorraine Echavarria**
  Lori.Echavarria@wilmerhale.com,joann.ambrosini@wilmerhale.com,gina.gaytan@wilmerhale.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Gilardi & Co. LLC**
  classact@gilardi.com

- **Meryn C N Grant**
  meryn.grant@lw.com,meryn-grant-0298@ecf.pacerpro.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,karen.patterson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,jana.roach@lw.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Ting Hsiang Liu**
  tliu@rgrdlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.c

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com,bernice.worley@morganlewis.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John F Sylvia**
  jfsylvia@mintz.com

- **Kolin Tang**
  kctang@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,Roman.Martinez@lw.com,sarah-tomkowiak-4288@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric           J Eastham
The Familie
2121 New Castle Avenue, Suite E
Cardiff, CA 92007
```