LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Kristin N. Murphy (Bar No. 268285)
  *kristin.murphy@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

LATHAM & WATKINS LLP
  Andrew B. Clubok *(pro hac vice)*
  *andrew.clubok@lw.com*
  Sarah A. Tomkowiak *(pro hac vice)*
  *sarah.tomkowiak@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel:  (202) 637-2200
Fax:  (202) 637-2201

*Attorneys for Defendants Puma
Biotechnology, Inc. & Alan H. Auerbach*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUMA BIOTECHNOLOGY, INC., and ALAN H. AUERBACH,<br><br>Defendants. | CASE NO. 8:15-cv-00865-DOC-SHK<br><br>CLASS ACTION<br><br>STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT |

1. **The Parties**

   1.1    The Parties to this Stipulation and Agreement of Settlement (the "Settlement Agreement") are (1) Lead Plaintiff Norfolk County Council, as Administering Authority of the Norfolk Pension Fund ("Lead Plaintiff"), on behalf of itself and the members of the Class certified on December 8, 2017 (ECF No. 218) (the "Class"); and (2) Defendants Puma Biotechnology, Inc. ("Puma") and Alan Auerbach (collectively, "Defendants") (together with Lead Plaintiff, the "Parties").

   1.2    The Class is comprised of all persons who purchased or otherwise acquired Puma securities during the period from July 22, 2014 (after 6:00 p.m. EDT) through May 29, 2015, inclusive, and who were damaged thereby.  Excluded from the Class are: (a) Alan H. Auerbach; (b) present and former executive officers of Puma; (c) all immediate family members of the foregoing, including grandparents, parents, spouses, siblings, children, grandchildren and step relations of similar degree; and (d) all predecessors and successors in interest or assigns of any of the foregoing.  Also excluded from the Class are those who timely and validly request exclusion.

2. **The Settlement**

   2.1    The Parties agree to settle the above-captioned litigation (the "Litigation") for $54,248,374.00 in cash ("Settlement Amount").  Defendants shall pay half of the Settlement Amount ($27,124,187.00) by wire transfer of immediately available funds into an interest-bearing escrow account (together with the funds on deposit therein from time to time, the "Escrow Account") controlled by lead counsel, Robbins Geller Rudman & Dowd LLP ("Lead Counsel"), acting as Escrow Agent subject to court oversight, on or before January 15, 2022.  Between January 16, 2022, and June 15, 2022, interest shall accrue on the unpaid half of the Settlement Amount, at the rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar

week preceding January 15, 2022. Defendants shall pay the remaining half of the Settlement Amount ($27,124,187.00), plus accrued interest, by wire transfer of immediately available funds into the Escrow Account on or before June 15, 2022. Contemporaneously with each payment of the Settlement Amount, Defendants shall file a notice with the Court indicating that such payment has been made or a wire transfer initiated and the date and manner of such payment (a "Payment Notice"). In the event that either half of the Settlement Amount is not timely paid (as determined by Defendants' failure to file a Payment Notice on or before January 15, 2022, with respect to the first half of the Settlement Amount, and on or before June 15, 2022, with respect to the second half of the Settlement Amount), the Court shall, without further action by Lead Plaintiff other than advising the Court of such failure, order the Clerk of the Court to enter Judgment in the form of the Order at ECF No. 879 ("Non-Performance Judgment") subject to modification to reflect (i) any portion of the Settlement Amount that has been paid and (ii) prejudgment interest for the period September 18, 2021 through the date of entry of such Non-Performance Judgment. In the event the Non-Performance Judgment is entered, it shall not constitute a waiver of Defendants' rights to file post-trial motions or take an appeal, and the deadline for such filings shall run from the date of such entry, subject to all objections, defenses, and other rights with respect thereto by Lead Plaintiff, including the right to take an appeal. Any determination by a court of competent jurisdiction that entry of the Non-Performance Judgment as contemplated herein constituted or would constitute a violation of the automatic stay pursuant to section 362 of the Bankruptcy Code or similar law in connection with an Insolvency Proceeding[1] of either Defendant shall not impact entry of, or the validity or enforceability of, the Non-Performance Judgment against the other Defendant.

[1] "Insolvency Proceeding" means any bankruptcy, insolvency, liquidation, composition, general assignment, foreclosure, or similar proceeding, procedure, or action taken or commenced by, for, or on behalf of any person or entity that has paid any portion of the Settlement Amount, whether or not subject to administrative or

2.2     The Settlement Amount, plus any interest accrued thereon, is referred to as the "Settlement Fund."  The Parties agree the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.3     Defendants have denied, and continue to deny, any and all allegations and claims asserted by Lead Plaintiff in the Litigation.  The settlement and any final judgment based solely upon and approving the settlement and this Settlement Agreement ("Settlement Judgment") does not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any concession or admission by Defendants with respect to the truth of any fact alleged or the validity of any claim that has been or could have been raised in the Litigation.  For the avoidance of doubt, the Settlement Judgment shall be entered upon and reflect the terms of the settlement only, and shall not be nor shall it be deemed to constitute a judgment or finding of liability on any claims adjudicated by the jury.  Defendants are entering into the settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

2.4     The "Effective Date" of this Settlement Agreement is the first date by which all of the following conditions have been met and events have occurred:

(a)     The Parties have executed this Settlement Agreement;

(b)     The Settlement Amount has been paid in full pursuant to Paragraph 2.1;

---

court supervision, including but not limited to any voluntary or involuntary case under title 11 of the United States Code (the "Bankruptcy Code"), receivership, composition, assignment for the benefit of creditors, dissolution, and all other similar proceedings, procedures, and actions.

(c)    At least ninety-one calendar days have elapsed since the date the final payment of the Settlement Amount cleared into the Escrow Account, and all such payments have cleared and have not been determined by a court of competent jurisdiction, or alleged by any person or entity, to constitute an avoidable transfer in any Insolvency Proceeding;

(d)    The Court has approved Lead Plaintiff's motion for preliminary approval of settlement, as required by Paragraph 7.2;

(e)    The Court has entered a Settlement Judgment that, *inter alia*, dismisses with prejudice the Litigation, as to the Settling Parties; and

(f)    The Settlement Judgment has become final following (i) the expiration of time to file a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) without any such motion having been filed, (ii) the time in which to appeal the Settlement Judgment has passed without any appeal having been taken, and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever.

2.5    Each payment of any portion of the Settlement Amount shall be credited, as of the date received:  (a) against the Settlement Amount as of the date received by the Escrow Agent, so long as Defendants have not defaulted under this Settlement Agreement; and (b) in the event of a default by Defendants in payment of the Settlement Amount, against the Non-Performance Judgment pursuant to section 2.1 above, subject in each instance to automatic reversal of such credit to the extent any portion of the Settlement Amount received by the Escrow Agent is required to be returned as set forth in Paragraphs 8.1 or 8.3 below.

**3.    Escrow Agent**

3.1    The Escrow Agent shall invest the Settlement Amount deposited pursuant to Paragraph 1.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

3.2    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in Paragraph 6.3 of this Settlement Agreement; (b) by an order of the Court; or (c) with the written agreement of counsel for the Parties.

3.3    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Settlement Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Settlement Agreement. The Released Defendant Parties (defined in Paragraph 4.1) shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.4    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order of the Court.

3.5    As a material inducement for Lead Plaintiff to enter into this Settlement Agreement, (a) the Parties stipulate and agree that (i) the Settlement Fund is not, and shall not be deemed to be, property of the estate of any of the Parties within the meaning of 11 U.S.C. § 541 or any similar provision of any other law and (ii) the commencement of an Insolvency Proceeding with respect to any Defendant shall not operate to stay, terminate, cancel, suspend, excuse, delay, impede, or otherwise interfere with or impair any rights of Lead Plaintiff or the

Class to receive the Settlement Amount pursuant this Settlement Agreement; and (b) each of the Defendants hereby disclaims, releases, and waives any right to assert to the contrary in any proceeding in any forum whatsoever.

3.6     None of the Defendants shall at any time have any right, interest, or title in or to, or custody, control, or possession of, the Settlement Fund or the Escrow Account and, therefore, shall not have the ability to pledge, convey, hypothecate, or grant as security all or any portion of the Settlement Fund or the Escrow Account.  The Escrow Agent shall be in sole possession, custody, and control of the Settlement Fund and the Escrow Account and shall not act as custodian or trustee of or for the benefit of either of the Defendants for any purpose, including but not limited to perfecting a security interest therein, and no creditor of either of the Defendants shall have the right to have or to hold or otherwise attach or seize all or any portion of the Settlement Fund or the Escrow Account as collateral for or in satisfaction of any obligation, and shall not be able to obtain a security interest in the Settlement Fund or the Escrow Account.  Each of the Defendants hereby disclaims, releases, and waives any right it may have to assert that it has any right, interest, or title (equitable or otherwise) to the Settlement Fund or the Escrow Account, other than their respective contingent rights under this Settlement Agreement, if any, to receive funds from the Escrow Account, solely to the extent expressly provided for in this Settlement Agreement.

3.7     As a material inducement for Lead Plaintiff to enter into this Settlement Agreement, the Defendants each (a) represent and warrant, as of the time of entry into this Settlement Agreement that they are not insolvent, nor, as of the time of the entry into this Agreement, will payment of the Settlement Amount as contemplated by this Agreement render them insolvent, within the meaning and for the purposes of the Bankruptcy Code (including but not limited to sections 101,

547, and 548 thereof), and (b) disclaim, release, and waive any right to assert to the contrary in any proceeding in any forum whatsoever.

3.8　　This settlement is non-recapture, *i.e.*, it is not a claims-made settlement, and there is no reverter. No portion of the Settlement Amount shall revert to Defendants unless the settlement does not become final.

## 4.　Releases

4.1　　Upon the Effective Date, Lead Plaintiff and Class members, whether or not such Class member executed and delivered a Proof of Claim (defined below) or shares in the Settlement Fund, will release all claims and causes of action of every nature and description against the Released Defendant Parties, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with both: (a) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in this Litigation; and (b) the purchase and/or acquisition of Puma securities during the period from July 22, 2014 (after 6:00 p.m. EDT) through May 29, 2015, inclusive (the "Released Claims"). "Released Defendant Parties" means: (i) Puma, Alan Auerbach, and any defendant previously named as a defendant in this Litigation; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such. This

release does not include any claims relating to the enforcement of the settlement. The settlement will not be conditioned upon the obtaining of or any judicial approval of any releases between or among Defendants and/or any third parties. No such releases will be contained in the Settlement Agreement or referred to in the final Settlement Judgment.

    4.2    Released Claims includes the defined term of "Unknown Claims." Unknown Claims means any Released Defendants' Claims that Lead Plaintiff or any other class member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims.  Upon the Effective Date, Defendants, Lead Plaintiff, and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Upon the Effective Date, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by law of any state or territory of the United States, or principle of common law that are similar, comparable, or equivalent to California Civil Code § 1542.  Defendants, Lead Plaintiff and the Class shall be deemed to have, and by operation and order of final judgment shall have fully, finally, and forever settled and released all Released Claims, as the case may be known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, upon any theory of law or equity

now existing or coming into existence in the future, without regard to the subsequent discovery or existence of different or additional facts.

4.3     Upon the Effective Date, Lead Plaintiff and each member of the Class and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

4.4     Upon the Effective Date, Defendants and former defendant Charles R. Eyler will release Lead Plaintiff, Lead Counsel and all class members from all claims and causes of action of every nature and description, whether known claims or unknown claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in the action against Defendants and their related parties in this Litigation.  This release does not include any claims relating to enforcement of the settlement.

4.5     No Person shall have any claim against Lead Plaintiff, Lead Counsel, Released Defendant Parties, Defendants' counsel, or the Claims Administrator (defined in Paragraph 6.1) based on distributions made substantially in accordance with the Settlement Judgment or otherwise as further ordered by the Court. This does not include any claim by any party for breach of this Agreement.

4.6     Neither the Settlement Agreement nor any negotiations, discussions, proceedings or act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants

in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendant Parties, Lead Plaintiff, members of the Class, and Lead Counsel may file the Settlement Agreement and/or the Settlement Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Settlement Agreement.

## 5. Fee and Expense Award

5.1    Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court.

5.2    Any and all such fees, expenses and charges awarded by the Court (the "Fee and Expense Award") shall be paid to Lead Counsel solely out of the Settlement Fund at the time of the Effective Date.

5.3    Lead Plaintiff may submit an application for an award under the PSLRA based on its representation of the Class.  Any such amounts awarded to Lead Plaintiff shall be paid from the Settlement Fund.

5.4    The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award, or the award to the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement Agreement, and any order or proceeding relating to the Fee and Expense Application, or an award to Lead Plaintiff, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the settlement, or affect or delay

the finality of the Settlement Judgment approving the Settlement Agreement (including the releases contained herein).

5.5    The Released Defendant Parties shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award.

**6.    Class Notice and Claims Administration, Distribution of Settlement Fund**

6.1    Court-appointed claims administrator Gilardi & Co. LLC (the "Claims Administrator") previously calculated claims submitted by Class Members between October 1, 2019, and August 26, 2020.  It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to provide notice of the settlement to all Class Members who submitted validated claims as reflected in the Order at ECF No. 879 ("Class Claimants") and to oversee distribution of the Settlement Fund to Class Claimants.

6.2    The Notice shall be in the form of Exhibit 1 attached hereto, and shall set forth the terms of the Settlement Agreement and Lead Counsel's Fee and Expense Application; the date and time of the Final Approval Hearing; the right to object to the settlement or request for fees and expenses or the PSLRA award to Lead Plaintiff; and the right to appear at the Final Approval Hearing.  The Notice shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit 2 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

6.3    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Fee and Expense Award;

(c)    to pay any award to Lead Plaintiff as allowed under the PSLRA, subject to the approval of the Court; and

(d)     after the Effective Date, to distribute the Settlement Fund to Class Claimants as allowed by the Settlement Agreement or further order(s) of the Court as may be necessary or as circumstances may require.

6.4     The Claims Administrator shall distribute claims in accordance with the damages and prejudgment interest calculations reflected in ECF No. 879 (plus any additional interest earned on the Settlement Fund) less each Class Claimant's pro rata share of (1) any and all funds awarded as attorneys' fees, costs, or otherwise based on Lead Plaintiff's Fee and Expense Application; (2) any PSLRA award to Lead Plaintiff; and (3) any and all costs to administer the Settlement including escrow fees, notice costs, and any and all other claims administration costs.  The Claims Administrator shall send to each Class Claimant his, her, or its pro rata share of the Settlement Fund within two weeks of the Effective Date.

6.5     Except as otherwise ordered by the Court, all Class Members who failed to submit a Proof of Claim that was validated by the Claims Administrator and identified in ECF No. 879, shall be forever barred from receiving any payments pursuant to the Settlement Agreement, but in accordance with the Notice of Verdict (approved by the Court on September 9, 2019 (ECF No. 778)) will in all other respects be subject to and bound by the Settlement Judgment entered by the Court and the provisions of the Settlement Agreement, and the releases contained herein.

6.6     Any adjustment to a Class Claimant's claim is not a part of the Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the terms set forth in the Settlement Agreement, and any order or proceeding relating to payments to any Class Claimant shall not operate to terminate or cancel the Settlement Agreement or affect the finality of the Settlement Judgment, or any

other orders entered pursuant to the Settlement Agreement.  Defendants shall have no responsibility or liability for allocation of the Settlement Fund and shall have no right to discovery with respect to it.

6.7     Defendants will have no responsibility for the settlement notice, settlement administration, or the allocation of the Settlement Fund among class members.  Members of the Class shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any asserted failure of the notice process.

6.8     All costs and expenses of providing notice to class members and the administering of the settlement (except for the costs associated with providing notice as required under the Class Action Fairness Act, as explained in Paragraph 7.2) shall be paid solely from the Settlement Fund.  In the event that the settlement is not consummated, money paid or costs incurred to that date for this specific purpose, including any related fees, shall not be returned or repaid to Defendants and/or such other persons or entities that funded any of the Settlement Amount, if any.

6.9     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may expend up to $500,000 from the Escrow Account to pay or be reimbursed for the actual and reasonable costs of notice and settlement administration without further order of the Court.  After the Effective Date, Lead Counsel may pay all of the costs and expenses actually incurred in connection with the notice and settlement administration from the Escrow Account without further approval order of the Court.  In the event the Effective Date does not occur, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendants.

## 7.    Settlement Approval

7.1    Lead Counsel will prepare motion papers in connection with preliminary and final approval.  Lead Counsel will file a motion for preliminary approval of settlement by no later than December 3, 2021.

7.2    Pursuant to CAFA, no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

7.3    Lead Counsel shall request that the Court hold a hearing (the "Settlement Hearing") after notice is given to the Class, as set forth in Paragraph 7.2, and approve the Settlement Agreement.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the Fee and Expense Award.

## 8.    Disapproval, Cancellation, or Termination of Settlement

8.1    Only in the event the settlement is not approved by the Court or is reversed on appeal, within ten (10) business days after such event, the Settlement Fund, less any portion of the $500,000 allocable to the actual and reasonable costs of class notice and settlement administration that has been spent or incurred for such purposes as set forth in Paragraph 6.9, shall be distributed by the Escrow Agent to Defendants.

8.2    If the court does not grant final approval to the Settlement Agreement, or the settlement otherwise does not become effective, the Parties shall revert to their litigation positions as of October 29, 2021.

8.3    In the event a court of competent jurisdiction enters a final order, not subject to any further proceedings (including but not limited to appeals, reargument, or rehearing), in an Insolvency Proceeding or otherwise, determining the transfer of the Settlement Amount, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar

transaction under the Bankruptcy Code or applicable state law and any portion of the Settlement Amount is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of the Defendants, then Defendants shall be automatically deemed, with no further action by Lead Plaintiff (other than notifying the Court of such occurrence) and notwithstanding any applicable provisions of the Bankruptcy Code, to have stipulated to entry of the Non-Performance Judgment, modified to reflect any portion of the Settlement Amount that has been paid and to include any additional prejudgment interest, and the Court shall enter the Non-Performance Judgment as so amended. In such instance, unless the Settlement Amount is otherwise paid in full to the Escrow Account to replenish the Settlement Fund (with funds that are not subject to avoidance in accordance with this Paragraph 8.3), the releases given in favor of the Defendants shall be null and void, but the Settlement Agreement (and any Settlement Judgment) shall otherwise continue in full force and effect, and the Defendants shall remain liable for the remaining unpaid portion of the Settlement Amount. In the event a Defendant that is a debtor in an Insolvency Proceeding asserts that an automatic stay under section 362(a) of the Bankruptcy Code or similar state law precludes automatic entry of the Non-Performance Judgment against such Defendant, (a) the Non-Performance Judgment nevertheless shall be entered against the other Defendant without delay notwithstanding any dispute regarding such automatic stay, (b) each Defendant shall cooperate with, and shall not oppose, Lead Plaintiff in obtaining relief from such automatic stay, and (c) as a material inducement for Lead Plaintiff to enter into this Settlement Agreement, each Defendant disclaims, releases, and waives any right to assert that it is entitled to the protection of any automatic stay in an Insolvency Proceeding of the other Defendant.

## 9.    Miscellaneous Provisions

9.1    All Class members shall be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Settlement Judgment (or, if entered, the Non-Performance Judgment), whether or not such Class Member executed and delivered the Proof of Claim or shares in the Settlement Fund.

9.2    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents and information shall survive this Settlement Agreement, pursuant to its terms.

9.3    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement expeditiously.

9.4    The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court, unless the Non-Performance Judgment is entered pursuant to paragraph 2.1 above. For the avoidance of doubt, nothing in this paragraph shall be construed as prohibiting, or placing restrictions on, the public disclosure of the fact of, terms of, or Court-approved notice of the Settlement, as required by law or on Lead Counsel's firm websites.

9.5    The Settlement Judgment will contain a provision that, throughout the course of the action, all parties and their counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.6    This Settlement Agreement is binding on the parties.

9.7    The Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties hereto.

9.8    This Settlement Agreement is governed by the laws of the State of California without regard to any principles of conflict of laws.

9.9   Except as provided herein, the Parties are to bear their own costs.

9.10   The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.11   No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.12   The Settlement Agreement and the Exhibits attached hereto constitute the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning the Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.13   This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes, including in the Litigation, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.14   Neither the Class Members nor Defendants shall be bound by the Settlement Agreement if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement

if the Court modifies any criteria for allocation of the Settlement Fund amongst Class Members, or the allocation of the Settlement Fund is modified on appeal. Nor shall it be a basis to terminate the Settlement Agreement if the Court disapproves of or modifies the terms of this Settlement Agreement with respect to attorney's fees or expenses or the distribution of the Settlement Fund. Notwithstanding any such modification of the terms or the Settlement Agreement with respect to attorney's fees or expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Amount.

9.15   Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.

9.16   Each counsel or other Person executing the Settlement Agreement or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.17   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

**If to Lead Plaintiff or to Lead Counsel**:

Tor Gronborg
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900

San Diego, CA 92101

**If to Defendants or to Defendants' counsel**:

Colleen Smith
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130

9.18   Other than their obligation to fund the Settlement Amount as provided for herein, Defendants shall have no responsibility whatsoever for any of Lead Plaintiff's attorney fees or costs (including out-of-pocket costs).  Upon final judicial approval of the settlement, but not less than ninety-one calendar days after the date the final payment of the Settlement Amount has cleared into the Escrow Account for credit to the Settlement Fund, the action shall be dismissed with prejudice and with no further payment of fees, costs or other expenses by Defendants.

9.19   The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

9.20   Pending approval of the Court of the Settlement Agreement and its Exhibits, and subject to Paragraph 8.3, all proceedings in this Litigation shall be stayed and all members of the Class shall be barred and enjoined from commencing any action to prosecute or prosecuting any of the Released Claims against any of the Released Defendant Parties provided, however, that the foregoing consensual stay shall dissolve automatically without further order of the Court or action by any party immediately upon a failure by Defendants to pay any portion of the Settlement Amount when due as set forth in paragraph 2.1 above.

9.21   As a material inducement for Lead Plaintiff to enter into this Settlement Agreement, (a) the Parties stipulate and agree that (i) the Settlement Agreement shall not be, and shall not be deemed or considered to be, executory, as that term has been interpreted under 11 U.S.C. § 365, and (ii) nothing in the Settlement Agreement shall render the Settlement Agreement or any portion thereof executory, as that term has been interpreted under 11 U.S.C. § 365, and (b) each of the Defendants hereby disclaims, releases, and waives any right to assert to the contrary in any proceeding in any forum whatsoever.

9.22   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement.

**EXECUTED AND AGREED:**

DATED: December 1, 2021

ROBBINS GELLER RUDMAN
& DOWD LLP
PATRICK J. COUGHLIN
TOR GRONBORG
JASON A. FORGE
TRIG R. SMITH
J. MARCO JANOSKI GRAY
TING H. LIU

TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

*Counsel for Lead Plaintiff and the Class*

1    DATED:  December 1, 2021          LATHAM & WATKINS LLP
                                       MICHELE D. JOHNSON (198298)
2                                      KRISTIN N. MURPHY (268285)

3

4                                      _____
                                                Michele D. Johnson

5                                      650 Town Center Drive, 20th Floor
                                       Costa Mesa, CA 92626-1925
6                                      Tel:  (714) 540-1235
                                       Fax:  (714) 755-8290
7                                      michele.johnson@lw.com
                                       kristin.murphy@lw.com
8
                                       COLLEEN C. SMITH (231216)
9                                      12670 High Bluff Drive
                                       San Diego, CA 92130-3086
10                                     Tel:  (858) 523-5400
                                       Fax:  (858) 523-5450
11                                     colleen.smith@lw.com

12                                     ANDREW B. CLUBOK (*pro hac vice*)
                                       SARAH A. TOMKOWIAK (*pro hac vice*)
13                                     555 Eleventh Street NW, Suite 1000
                                       Washington, DC 20004-1304
14                                     Tel:  (202) 637-2200
                                       Fax:  (202) 637-2201
15                                     andrew.clubok@lw.com
                                       sarah.tomkowiak@lw.com
16
                                       *Attorneys for Defendants Puma*
17                                     *Biotechnology, Inc. and Alan H. Auerbach*
                                       *and former Defendant Charles R. Eyler*
18

19        All signatories listed, and on whose behalf the filing is submitted, concur in

20   the filing's content and have authorized the filing.

21

22   Dated:  December 1, 2021          LATHAM & WATKINS LLP

23

24                                     ____/s/ *Michele D. Johnson*____
                                              Michele D. Johnson
25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 13, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>/s/ TOR GRONGBORG</u>
TOR GRONBORG

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  Torg@rgrdlaw.com

# Mailing Information for a Case 8:15-cv-00865-DOC-SHK HsingChing Hsu v. Puma Biotechnology, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael A Attanasio**
  mattanasio@cooley.com,smiyajima@cooley.com,efiling-notice@ecf.pacerpro,michael-attanasio-2678@ecf.pacerpro.com

- **Debashish Bakshi**
  dbakshi@rgrdlaw.com,DBakshi@ecf.courtdrive.com,3472014420@filings.docketbird.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Christopher Thomas Casamassima**
  chris.casamassima@wilmerhale.com,WHDocketing@wilmerhale.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Rosalyn Chapman (Ret.)**
  rchapman@jamsadr.com

- **Andrew Clubok**
  andrew.clubok@lw.com,andrew-clubok-9012@ecf.pacerpro.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

- **Jordan Davisson Cook**
  jordan.cook@lw.com,#ocecf@lw.com,jordan-cook-5273@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Lorraine Echavarria**
  Lori.Echavarria@wilmerhale.com,joann.ambrosini@wilmerhale.com,gina.gaytan@wilmerhale.com

- **Jason A Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Gilardi & Co. LLC**
  classact@gilardi.com

- **Meryn C N Grant**
  meryn.grant@lw.com,meryn-grant-0298@ecf.pacerpro.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,karen.patterson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,jana.roach@lw.com

- **Mary Kathryn Kelley**
  mkkelley@cooley.com,msalas@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Ting Hsiang Liu**
  tliu@rgrdlaw.com

- **Kristin Nicole Murphy**
  kristin.murphy@lw.com,kristin-murphy-2919@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.c

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com,bernice.worley@morganlewis.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John F Sylvia**
  jfsylvia@mintz.com

- **Kolin Tang**
  kctang@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **Craig Edward TenBroeck**
  ctenbroeck@cooley.com,maraujo@cooley.com,efiling-notice@ecf.pacerpro.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com,washington-dc-litigation-services-5378@ecf.pacerpro.com,Roman.Martinez@lw.com,sarah-tomkowiak-4288@ecf.pacerpro.com,DCECFNotificationsDC@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric              J Eastham
The Familie
2121 New Castle Avenue, Suite E
Cardiff, CA 92007
```