UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HSINGCHING HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PUMA BIOTECHNOLOGY, INC., et al.,<br><br>　　　　Defendants. | Case No. 8:15-cv-00865-DOC-SHK<br><br>CLASS ACTION<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on April 11, 2022, on the motion of Lead Counsel for an award of attorneys' fees and expenses, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Class Action Settlement, dated December 1, 2021 (ECF No. 889) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's request for attorneys' fees and expenses was given to the representatives of all validated claimants who could be located with reasonable effort. The form and method of notifying the Class of the request for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Amount, plus expenses in the amount of $2,890,129.74, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel at the time of the Effective Date.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

    (a) the Settlement has created a fund of $54,248,374 in cash, which represents 100% of the total claimed damages from the validated claimants, plus prejudgment interest, and thereby represents the maximum allowable damages pursuant to the jury's per-share damages award;

    (b) The Notice of Class Action Settlement informed validated claimants that Lead Counsel would request a fee award of 25% of the Settlement Amount, as well as the payment of litigation expenses not to exceed $3,100,000, and no objections to the fees or expenses were filed by Class Members;

    (c) Lead Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (d) Lead Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

    (e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

    (f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy appellate proceedings whose resolution would be uncertain;

    (g) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

    (h) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Lead Counsel's motion for attorneys' fees and expenses shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $64,505 to Lead Plaintiff Norfolk County Council, as Administering Authority of the Norfolk Pension Fund, for the time it spent directly related to its representation of the Class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: August 3, 2022

*David O. Carter*
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE